## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL M. CICCARONE,** | : | |
| **RHONDA MEKOSH** | : | |
| **and MICHAEL MEKOSH** | : | |
| **Plaintiffs** | : | **C.A. No.  03-1660** |
| **v.** | : | |
| | : | |
| | : | |
| **B.J. MARCHESE, INC.,** | : | |
| **BENJAMIN MARCHESE, JR. and** | : | |
| **BENJAMIN MARCHESE, III** | : | |
| **Defendants** | : | |

## AFFIDAVIT OF MARK A. KEARNEY, ESQUIRE

| | | |
|---|---|---|
| **COMMONWEALTH OF PENNSYLVANIA** | : | |
| | : | **ss** |
| **COUNTY OF MONTGOMERY** | : | |

I, Mark A. Kearney, Esquire, hereby swear, depose and state as follows:

1.      I am a shareholder in the law firm of Elliott Greenleaf & Siedzikowski, the court-appointed co-lead counsel for the Plaintiffs and Class Members in this identity theft and credit defamation action. I was the attorney with principal responsibility for reviewing the billing records that were submitted to this Court under seal.  A biography of my law firm and of the attorneys who principally worked on this litigation is appended hereto.

2.      This sworn statement is made in support of the petition for an award of attorneys' fees and reimbursement of expenses from the settlement fund for services provided to the Plaintiffs and to the Class from January 21, 2003 until July 31, 2004.

3.      I make this affidavit upon personal knowledge, as I initiated, investigated, and co-managed this class action litigation from its inception to the present and am familiar with the

work performed by each person who provided services to the Plaintiffs. I believe that all time expended and referred to herein is accurate and consistent with the efforts exerted. All of the work performed by Class Counsel was reasonable and necessary to adequately prosecute this litigation on behalf of the named Plaintiffs and the Class.

4.      Moreover, in accordance with this Court's November 21, 2003 Order, we provided monthly summaries of our work-product, bills and costs, broken into fourteen specific categories, so that the Court had an accurate portrayal on a monthly basis of the work-product and time expended in this matter on an ongoing basis.

A.      **Initiation of Litigation and Steps to Locate Insurance Coverage.**

5.      In January 2003, named Plaintiffs Rhonda and Michael Mekosh and Michael Ciccarone separately contacted me requesting that my law firm investigate whether there was any equitable remedy, and recovery of any damages, available to them arising from the Defendants' conduct. The Defendants' conduct had been publicized, in part, through press reports of a criminal investigation by the District Attorney of Montgomery County. As a result of the criminal investigation, the named Plaintiffs learned that they were victims of widespread identity theft. This identity theft has been widely reported as the largest identity theft in Eastern Pennsylvania to date.

6.      Beginning on January 21, 2003, following my meetings with the clients and review of the clients' limited documents, I began the process of investigating these claims, meeting with the detectives and District Attorneys and interviewing persons with information regarding the conduct of the Marchese dealership.

7.      At the same time as I was contacted by the named Plaintiffs, I also spoke with Cary L. Flitter, Esquire, an attorney nationally recognized for his work in restoring consumer

credit in cases involving individual recovery, including persons harmed by identity theft and other misconduct involving valuable credit.   Attorney Flitter agreed to work with our law firm in a cooperative effort.

8.      Throughout the course of our pre-filing investigation, our law firm prepared initial drafts in consultation with Attorney Flitter and reviewed various causes of action under federal statutes and state common law available to provide equitable and monetary relief to the named Plaintiffs and those other persons similarly situated.

9.      Knowing that the Defendants had closed their business and that public press reports indicated that the Defendants had no funds available to them from their misconduct, our law firm, along with Attorney Flitter's law firm, investigated the types of insurance policies available to car dealerships including insurance provisions for violations of the Consumer Credit Protection Act (of which the Fair Credit Reporting Act is a subchapter), invasion of privacy and defamation.

10.     From the outset of our investigation, we were aware that there were essentially three groups of persons that had been harmed by the Defendants' conduct.  The first group of individuals was those, like are named Plaintiffs, who had had their credit reports accessed by the Defendant dealership without their knowledge or authorization.   Our consultations and legal research confirmed that this, in and of itself, was a violation of federal law and an invasion of privacy.  We later identified this group as Group A of the Class.  Second, we became aware that there were at least eighty-nine (89) persons who, like the Plaintiffs, had loans reported on their credit reports of which they were not aware and had never authorized in excess of $4 million as shown on credit reports of the named Plaintiffs and Class Members.  We later identified this group as Group B of the Class.  Third, we became aware that the Plaintiffs, and other persons,

had either traded in automobiles and the Defendants had not met their statutory obligation to timely satisfy the pre-existing liens, or had purchased used automobiles for which the pre-existing liens were not satisfied.  We later identified this group as Group C of the Class.

11.     In our pre-filing investigation, we focused on the claims which would provide the most important equitable relief available to the Plaintiffs in restoring credit to its position before the misconduct.  Second, we focused our legal research and investigative efforts on claims that may provide some measure of monetary recovery for the violations of federal law, invasion of privacy and credit defamation caused by the improper access to credit reports, bogus loans and unpaid liens affecting at least ninety (90) persons.

12.     On March 19, 2003, this law firm, along with Cary L. Flitter and his law firm as co-counsel, filed this action on behalf of the named Plaintiffs and other persons.  Plaintiffs alleged that Defendants:   used consumer credit reports for impermissible and unauthorized purposes, including to obtain unauthorized loans in consumers' names in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"); failed to satisfy pre-existing liens on certain vehicles traded-in by consumers, and certain vehicles sold to consumers; and caused credit obligations on consumers' credit reports without their knowledge, resulting in further damage for invasion of credit privacy and past and future damages for harm to credit reputation.

13.     We effectuated the service of these Complaints on April 15 and 18, 2003. Thereafter, for several weeks after the Answer date, we heard nothing from the Defendants. Defendants' criminal counsel advised that notice of the lawsuit had been given to the Defendants' insurance agent.  Thereafter, on May 20, 2003, we wrote to this Court, with a copy to Erie Insurance Exchange, addressing the failure to respond to the Complaint, and describing

our belief that there were insurance policies in place which should provide coverage for one or more of the Plaintiffs' claims.

14.     Within two days of our law firm's May 20, 2004 letter to this Court, we were contacted by coverage counsel for the Erie Insurance Exchange who immediately advised us that Erie had appointed counsel to defend this action who would be contacting us shortly to answer the Complaint and move forward in litigation.  On June 9, 2003, Defendants filed their Answer through two different counsel, denying, and continuing to deny, any liability to the Plaintiffs and Class Members.  On June 17, 2003, Plaintiffs timely moved for Class Certification.

15.     As described in the monthly summaries provided to the Court, and in the attached summary at Exhibit "1", our law firm spent 21.65 hours on the factual investigation and attorney work product strategy as part of the pre-filing investigation, and the Lundy Flitter firm spent 19.6 hours in this part of the case.   In addition, our law firm spent 19.6 hours in the preparing and filing the Complaint, and the Lundy Flitter firm spent 21.8 hours in preparing and filing the Complaint.

B.      **Discovery Issues Addressed by Plaintiffs' Counsel**

16.     On June 23, 2003, all parties, through counsel, appeared before this Court in its first Rule 16 pre-trial conference, during which time the Court struck much of the Defendants' Answers and Affirmative Defenses.  During this conference, we asked Defendants' counsel to consider stipulating to class certification and to analyze the extent and nature of insurance coverage.

17.     Two days after the Rule 16 conference, the Plaintiffs issued written discovery, including document requests to the Defendants for all of the files relative to the claims made.

18.     Defendants frustrated the production of documents to Plaintiffs at every turn.  For example, Defendants never produced a privilege log and sporadically produced approximately 300 documents over the course of several weeks.   Defendants bates-stamped their limited production with a confusing bates-stamp system that required them to be all reorganized, re-stamped and indexed by paralegals.  The work by our paralegals Alison Nuss and Sherri Timlin in organizing the documents in this litigation was enormous and invaluable. Counsel for Defendant B.J. Marchese, Inc. had previously advised the Court on the record at the Rule 16 Conference, and repeatedly to us, that his clients did not have any documents because they were all in the possession of James J. Oliver, Esq., former counsel to B.J. Marchese, Inc. in other matters.  Accordingly, we served a subpoena on Attorney Oliver on July 1, 2003.  On July 24, 2003, Defendants filed a Motion for a Protective Order concerning Plaintiffs' subpoena to Attorney Oliver.   On July 30, 2003, we filed our Response to Defendants' Motion for a Protective Order concerning the Defendants' documents in the possession of Attorney Oliver. Because the Court had not ruled on the Motion for a Protective Order concerning Defendants' documents in the possession of Attorney Oliver, and to proceed with the depositions of Defendants prior to the close of discovery, we agreed to allow Attorney Oliver to produce all documents responsive to ***Plaintiffs'*** Subpoena *to counsel for Defendants* in this action for review and production. However, the Oliver documents were never voluntarily produced.

19.     On September 16, 2003, Plaintiffs' counsel took the deposition of Defendant Benjamin J. Marchese, Jr.   Mr. Marchese testified that he had given his counsel fifteen (15) boxes of documents two months before the deposition.   Defendants never produced these documents and never identified them as being withheld.   Mr. Marchese, Jr. then waived any privilege to the Oliver documents at his deposition by expressly stating that he had no objection

to their disclosure.  Nevertheless, Class Counsel was required to cross-examine B.J. Marchese without these fifteen (15) boxes of corporate documents and the six (6) boxes of Oliver documents.

20.  On September 17, 2003, Plaintiffs filed a Motion to Compel all of these documents. Class Counsel also commenced a comprehensive third-party discovery strategy because of Defendants' obstruction.  Although Defendants had undertaken the responsibility of obtaining third-party discovery from the Credit Reporting Agencies, TransUnion, Equifax and Experian, after six months, Defendants had never obtained the actual records.  Therefore, Class Counsel issued subpoenas to them, filed motions to compel and obtained the documents.  Plaintiffs issued subpoenas to the car dealership that purchased the Defendants' Dealership, Defendants' accountants, their banks, and to all of the financial institutions that financed vehicles or the Dealership, including to Sovereign Bank, Citadel Federal Credit Union, Citadel Financial Services, Inc., GMAC, Interim Funding, Long Beach Acceptance Corp., Citizens Bank, Citizens Automobile Finance, Wilmington Trust Bank, Charter One, AmeriCredit Financial, AllFirst Bank, Harleysville National, Fleet Bank, Beneficial Savings Bank, WSFA Bank, Triad Financial, Toyota Financial Services Corp., Union State Bank Leasing, Volkswagen Credit, Wells Fargo Auto Financa, World Omni Financial Corp., American Honda, BMW Financial Services, N.A., Chase Automotive Finance, Chrysler Financial Services, Ford Motor Credit, G.E. Capital, Key Bank, and Onyx Acceptance Corp., and US Bank.  Plaintiffs were required to file motions to compel ore respond to motions for protective orders to obtain records from certain of these lenders, including from Sovereign Bank.

21.     The parties negotiated with TransUnion, Experian and Equifax to obtain credit records of the named Plaintiffs and to institute reinvestigations of their disputes.  The parties also

negotiated and executed a Confidentiality Agreement to protect the sensitive nature of credit information for the Plaintiffs and the Class.

22.     At this time, Defendants had still not produced the Oliver documents and other undisclosed documents.  In October, 2003, Defendants produced a Privilege Log to Plaintiffs. On October 22 and 23, 2003, the parties filed briefs concerning the privileges asserted by defense counsel to the Oliver documents.  On October 24, 2003 and November 3, 2003, the Court granted Plaintiffs' Motion to Compel the Oliver documents.  We later identified several of these documents in our February 17, 2004 Pre-Trial Memorandum as being key trial exhibits.

23.     In December 2003, we located boxes of the missing "deal jackets" in the attic of Chevrolet of Limerick, which had purchased the defunct Marchese dealership building and lot. We were required to spend hours on site inspecting these boxes of deal jackets and organizing them to be removed systematically, and is such a manner as to not disrupt the current owners' business or record-keeping.  We read, digested, organized and cataloged approximately 4,760 deal jackets in place at Chevrolet of Limerick, and obtained over 420 original deal jackets released into our custody.  Each deal jacket contained numerous individual documents.

24.     In addition, we prepared and deposed the several persons involved in the conduct, as well as interviewed other Defendant dealership employees with material information.  Further, we interviewed detectives and other investigators hired by Montgomery County to track down the largest identity theft in Eastern Pennsylvania to date.

25.     Discovery was complicated by several factors including:

a.      Defendant Benjamin J. Marchese, III was in jail and was not willing to provide information without the invocation of the Fifth Amendment;

b.      Defendant Benjamin J. Marchese, Jr. was also believed to be involved in the schemes resulting in his son voluntarily placing himself in jail and invoking the Fifth Amendment and was not helpful in locating documents that had either been destroyed or misplaced;

c.      After this Court set its discovery schedule, Defendants B.J. Marchese, Inc. and Benjamin J. Marchese, Jr. filed bankruptcies in the United States Bankruptcy Court seeking to discharge all of the obligations that arose from the conduct alleged in the Complaint, thus creating delay and additional expense and effort in the United States Bankruptcy Court to ensure that these persons were available for a just adjudication for the Class;

d.      the Defendants' dealership was defunct and bankrupt with no employees to interview and with records that had been destroyed;

e.      the necessary equitable relief required discovery into the availability of such equitable relief, negotiations with credit reporting agencies, the skepticism of several banks who allegedly were also duped by the Defendants;

f.      upon obtaining the credit reporting agency records, we learned that there were well over 3,700 persons whose credit had been accessed but for whom there was no deal jacket or other evidence that they had authorized any investigation of their credit reports by the Defendant dealership;

g.      reconciliation of the deal jackets with the credit reporting agency invoices alone took substantial time of paralegals and younger attorneys in the identification, confirmation and reconciliation of thousands of pages of bills and deal jackets to

determine whether the credit reports obtained by the Defendants were authorized by persons.

26.     As described in the monthly summaries provided to the Court, and in the attached summary at Exhibit "1", our law firm spent 1,150.25 hours on the written discovery, disputes and depositions.  In addition, during the discovery period, our law firm spent 29.2 hours on the legal research and analysis of the insurance issues; 203.95 hours on the substantive legal research issues in the case; and, 26.8 hours on the legal research and motions relating to the bankruptcy court actions.  As described on the attached summary, most of this research was performed by qualified younger attorneys, with lower hourly rates.  I coordinated this legal research, and ensured that no duplication occurred inside our law firm, or with the Lundy Flitter firm.

27.     In addition, our law firm and Lundy Flitter participated in several conferences with the Court, several discovery motions and numerous conferences with the Court on status. As detailed in Exhibit "1", our law firm spent 97.75 hours and Lundy Flitter spent 50.3 hours in the motions, status hearings and other communications with the Court arising during the discovery process.  As described in the invoices, the work product was not duplicated, as each counsel had separate roles, as described herein.

28.     The Lundy Flitter firm spent 101.7 hours in the discovery efforts, and 50.2 hours in the legal research and analysis of specific issues, focusing almost entirely on the damages and liability claims under the Fair Credit Reporting Act, including 39.7 hours on these substantive issues, 3.3 hours on the insurance issues, and 7.2 hours on the bankruptcy issues.

C.     **Class Certification**

10

29.     The Class Certification Motion, and supporting Memorandum, was largely drafted by Timothy T. Myers, with substantial input from me and other attorneys on specific research issues.  Legal issues on class certification were complicated by the existence of both equitable and legal relief, as well as issues of responsibility for the conduct among the Defendants.

30.     Defendants vigorously opposed class certification arguing that damages for each person were substantially different and that the class should not be certified as to each Defendant.

31.     On October 8, 2003, the Court heard argument and ruled on several outstanding discovery motions, and on class certification.  The Court granted Plaintiffs' Motion for Class Certification and defined the Class as follows:

> All persons injured during the period of time from March 19, 2001 through the present ("Class Period") as members of one or all of the following groups:
>
> (a)     Plaintiffs and persons who had their consumer report(s) obtained by any defendant for whom the defendants cannot produce authorization of permissible purpose (Group A); and/or
>
> (b)     Plaintiffs and persons with loan obligations for vehicles allegedly sold or leased by a defendant that they did not buy or lease from a defendant (Group B); and/or
>
> (c)     Plaintiffs and persons with unpaid loan obligation(s) for vehicles after title was given to a defendant under an agreement that the loan obligation(s) would be paid by a defendant (Group C).On October 8, 2003, this Court certified a class consisting of each of the groups of persons identified in the Complaint as being harmed by the actions of the Defendants.

32.     Our law firm was responsible for the drafting of the Class Notice, as well as the identification of approximately four thousand members of the Class, largely consisting of people

whose credit had been accessed without any notice to them until communications from our law firm in December 2003.  Our law firm retained the post office box to receive opt out information.

33.     In a very short period of time, our law firm, principally through the efforts of Paralegals Alison Nuss and Sherri Timlin, as closely supervised by myself and Attorney Myers, reviewed and identified the thousands of persons whose credit had been accessed without their knowledge, by comparing the only remaining deal jackets with the invoices from the credit reporting agency, without any contrary evidence, identifying all such persons for whom there was not an authorization and a deal jacket who had not otherwise purchased a vehicle from the dealership within six months of the credit inquiry, as being members of the Group A Class of persons injured by the Defendants' misconduct.

34.     On November 24, 2003, Defendants filed motions to amend the definitions of the Class, which we were required to oppose on December 3, 2003.  On December 9, 2003, the Court denied Defendants' Motion to amend the definition of the Class, and approved the form of Notice.  Class Counsel complied with all of the requirements of this Court's December 9, 2003 Order.

35.     On December 14, 2003 and January 11, 2004, we published the Court approved form of Notice in The Mercury located in Pottstown, Pennsylvania. On December 17, 2003 and January 14, 2004, we published the Notice in The Times Herald located in Norristown, Pennsylvania.  On December 23, 2003, as well as at various times thereafter, the Notice, approved by this Court in its December 9, 2003 Order, was mailed by first class, postage prepaid, to members of the Class.  Any potential members of the Class who wished to exclude themselves from the Class were required to file with the Court a written Request For Exclusion by January 15, 2004. Class Counsel timely received only nine (9) of the required written Requests For

Exclusion.  Any potential member of the Class who wished to enter an appearance through counsel of choice was required to do so by January 15, 2004.  No potential class member filed any such entry of appearance.

36.     Thereafter, we received phone calls which were answered largely by Attorneys Myers and myself from persons who were not aware of any conduct of the Defendants towards them and, in some instances, never ever heard of the Marchese dealership.  However, their credit privacy had been invaded by the Defendants, as reflected on their credit reports.  As a result of our efforts, thousands of persons who have credit inquiries on their report of which they were never aware, now have those credit inquiries removed.

37.     As described in the monthly summaries provided to the Court, and in the attached summary at Exhibit "1", our law firm spent 378.5 hours on the class certification issues, and Lundy Flitter spent 41.5 hours on class certification issues.

D.     **Expert Opinions**

38.     In accordance with this Court's scheduling Order, on October 3, 2003, Plaintiffs produced the expert report of two nationally recognized experts in credit damage and car dealership practices from Arizona and Florida: Richard Lefevre and David A. Stivers.  The retention of these experts was investigated by Cary L. Flitter.  However, a substantial portion of the effort working with the experts in understanding the facts of this case and the various concerns on the credit reports, were done by me and other attorneys in our law firm.   Our efforts included the compilation of data, review of plaintiffs' reports, and communications with the many plaintiffs.

39.     After discovery had been extended at Defendants' request, and the Court certified the class, Expert David A. Stivers provided a supplemental expert report on February 17, 2004

describing the specific damages suffered on a class wide basis and by each person in Group B and Group C of the Class in accordance with the census information, government reports and empirical data gathered through his decades of experience in the credit reporting business, and particularly in the auto business.

40.     The Defendants moved to strike portions of the expert testimony relating to the damages suffered by the Class Members, on a class-wide basis, particularly as opined by Expert Stivers in his February 17, 2004 supplemental expert report.  Our law firm, researched, drafted and prepared the opposition to this *Daubert* Motion with substantial drafting and research from Attorney Flitter and his firm.  This Court scheduled and held a hearing on the Defendants' *Daubert* challenge, resulting in our law firm and Attorney Flitter spending substantial time with the experts and significant additional costs to the Class, which the law firms incurred.

41.     As described in the monthly summaries provided to the Court, and in the attached summary at Exhibit "1", our law firm spent 133.05 hours in the expert discovery, reports and eventual *Daubert* hearings and pre-trial submissions relating to the experts.  Lundy Flitter spent 104.7 hours in the expert discovery, reports and in reviewing and presenting argument and testimony in opposition to the *Daubert* motion.

E.     **Summary Judgment and Pre-Trial Motions**

42.     This Court advised all parties that trial would begin in May 2004.

43.     In accordance with the Court's scheduling Orders, we elected to move for summary judgment on liability on several claims, and on damages on limited claims.  In addition, we decided to move for summary judgment seeking equitable relief on behalf of all persons harmed by the Defendants' conduct.

44.    On February 17, 2004, Plaintiffs filed: (1) a Motion for Partial Summary Judgment for Counts I, II, III, IV, VI and VII; (2) a Motion for Partial Summary Judgment Seeking Declaratory and Equitable Relief under Count V; (3) a four volume Appendix in support of summary judgment; (4) Proposed Stipulated Facts and (4) a Pre-Trial Memorandum.  The evidence compiled and detailed in support of summary judgment was required to be organized for an orderly presentation of proofs at trial.  For example, attached to the Proposed Stipulated Facts were detailed descriptions with evidentiary citations of credit reports obtained by Defendants for all of the 3,700 Group A Class members whom there are either no corresponding authorizations or any transactional documentation for whom the only authorizations or transactional documentation  were remote in time.  This required paralegals to exhaustively analyze the TransUnion credit invoices and compare them to the deal jackets, which Plaintiffs had recovered from the attic of the old Dealership building.  The deal jackets also provided the critical evidence which Defendants had claimed was missing, namely the sales information, credit reports, VIN and title information, and other critical documentary evidence.  The core documents from these deal jackets were identified as Trial Exhibits P-54 to P-219 in Plaintiffs' Pre-Trial Memorandum in the event that the Court required evidence of liability and/or damages at trial for individual Class Members in Groups B and C.

45     In February 2004, Defendants filed a Motion for Leave to Obtain Tax Returns of Absent Class Members, which we opposed on February 26, 2004.  On February 26 and 27, Defendants filed their Oppositions to Plaintiffs' Motions for Partial Summary Judgment. Between March 1 and March 3, 2004, Defendants filed responses to Plaintiffs' Motions for Summary Judgment, Proposed Stipulated Facts and filed a Motion to Preclude Plaintiffs' Expert Testimony.  On March 9, 2004, Plaintiffs filed a Motion to Strike Defendants' Answer to

Plaintiffs' Proposed Stipulated Facts, which was later mooted by Defendants filing amended Answers.

46.     The Defendants cross-moved for summary judgment, principally arguing that Defendant Benjamin J. Marchese, Jr. and the dealership could not be responsible for the conduct of Benjamin J. Marchese, III and that such conduct did not meet the standards for liability. Third, the Defendants argued that there would be no measure of damages on a summary judgment basis. Defendants also opposed the Motion for Summary Judgment on Equitable Relief. On March 19, 2004, we filed an Opposition to Defendants' Cross-Motion for Summary Judgment.

47.     This law firm, principally through my efforts with substantial input from Mr. Myers and other attorneys on specific research issues, researched, prepared and presented oral argument on the Summary Judgment Motions.

48.     On March 31, 2004, the Court denied Defendants' Motion to Serve Written Discovery on Absent Class Members, denied the parties' Motions for Summary Judgment, and scheduled a *Daubert* hearing for May 3, 2004. The Court ruled that trial would proceed on Counts I, II, VI and VII before a jury, and severed and stayed Counts III and IV.

49.     On April 14, 2004, Defendants filed a Motion to Trifurcate the Trial. Although the Court had not ruled on Defendants' Motion to Trifurcate the Proceedings, the Court indicated that it might bifurcate the trial on liability and convene hearings on individual damages.

50.     On April 29, 2004, Plaintiffs filed a Motion to Facilitate Defendant Benjamin J. Marchese, III's Appearance at Trial and filed their Opposition to Defendants' Motion to Trifurcate the Trial. On May 4, 2004, the Court conducted the *Daubert* hearing, which was adjourned at the request of the Defendants to present additional expert testimony and argument.

16

51.     As described in the monthly summaries provided to the Court, and in the attached summary at Exhibit "1", our law firm spent 934.7 hours, and Lundy Flitter spent 110.7 hours, in the pre-trial preparation and written materials necessary for submission to the Court, oral arguments, pre-trial memoranda, motions, jury instructions, and responses to the several motions and cross-motions.  Included in this time are the extensive negotiations for the equitable relief.

F.     **Order for Equitable Relief**

52.     Although formally opposing Plaintiffs' Motion for Summary Judgment for Equitable Relief, Defendants' counsel and Plaintiffs worked together to craft equitable relief for each and every member of the Class by imposing obligations on the Defendants and the Credit Reporting Agencies necessary to remedy the substantial credit damage to the Plaintiffs' and Class Members' consumer reports caused by Defendants' conduct.

53.     Led by me, with substantial input from Mr. Myers and Mr. Flitter, the Class Plaintiffs negotiated with Defendants' counsel and drafted, and redrafted, at least seven (7) different Proposed Orders for equitable relief to address the considerable harm suffered by the Plaintiffs.

54.     As always intended, a principal focus of this litigation was to provide the Plaintiffs with equitable relief, to clear their credit reports of phone credit inquiries and bogus loans, as well as clear title to any vehicle that they transferred or purchased.

55.     Throughout the process of negotiation, Plaintiffs' counsel, principally through Cary Flitter, held discussions with representatives of the Credit Reporting Agencies as to the best means to accomplish widespread equitable relief.  Throughout our negotiations, we were not aware of another instance of widespread equitable relief on a class wide basis and thus

repeatedly faced questions from Class Members, Credit Reporting Agencies and lenders as to the ability to effectuate such widespread equitable relief.

56.     On March 18, 2004, the parties filed a Joint Motion for Equitable Relief.     On March 23, 2004, the Court granted the parties' Joint Motion for Equitable Relief, and on April 30, 2004 the Court issued a Supplemental Order for Equitable Relief, which collectively provided the equitable relief.

57.     Equitable relief is provided to Group A Class Members in the form of, *inter alia,* Defendants jointly sending notification with a consumer dispute verification form to Credit Reporting Agencies representing that (1) the credit report and/or inquiry was obtained without a permissible purpose; and (2) directing each Credit Reporting Agency to immediately correct its records and permanently delete the identified inquiry promptly.  This equitable relief is presently ongoing.

58.     Equitable relief is provided to Group B Class Members in the form of, *inter alia,* Defendants jointly sending notification with a consumer dispute verification form to Credit Reporting Agencies representing that (1) the loan or credit obligation referenced in that letter is not a loan obligation incurred by the identified Class Member; and, (2) directing both the lender(s) and the Credit Reporting Agency to immediately correct their records and permanently delete such an entry immediately.   Additionally, Class Counsel will submit to the Credit Reporting Agencies available information regarding the consumer, the identity of the fraudulent or unauthorized loan and the date thereof as a Request for Reinvestigation of disputed information pursuant to FCRA §1681i(a).  The Credit Reporting Agencies will investigate those disputes and notify Class Counsel and defense counsel of the results of the reinvestigation.  This equitable relief is presently being implemented.

59.     Equitable relief is provided to Group C Class Members in the form of, *inter alia,* Defendants jointly sending notification with a consumer dispute verification form to Credit Reporting Agencies representing that (1) the loan and credit obligation referenced in the letter relating to the identified Class Member is, after the date of the trade-in, no longer a loan obligation incurred by the identified Class Member; (2) directing both the lender and the credit reporting agency to immediately correct their records and delete reporting any such entry as "delinquent" immediately; and, (3) representing that no delinquency on the identified loan obligation after the trade-in date should ever be referenced or re-inserted again in the identified Class Member's consumer report.   Additionally, Class Counsel will submit to the Credit Reporting Agencies available information regarding the consumer, the identity of the fraudulent or unauthorized loan and the date thereof as a Request for Reinvestigation of disputed information pursuant to FCRA §1681i(a).   The Credit Reporting Agencies will investigate those disputes and notify Class Counsel and defense counsel of the results of the reinvestigation.   This equitable relief is presently being implemented.

60.     Additionally, Defendants have executed and delivered to Plaintiffs' counsel written consents to any petitions to be filed in state court by the Class Members necessary to evidence Defendants' consent to a transfer of the title of the identified trade-in vehicle(s) to the senior lien holder, or if no secured party, to the bona fide purchaser of the identified vehicle. These petitions will be filed.   There are approximately thirty-three (33) separate lawsuits that are either pending or planned in state court to clarify and transfer title affecting Group C of the Class.

61.     In addition, several Group C Members are Defendants in ongoing state court matters in which lenders are seeking interest, penalties and fees arising from the Defendants'

failure to satisfy pre-existing liens.  Class counsel will undertake to resolve these lawsuits, and we are presently incurring fees and costs in this aspect of the representation which is not included in this Fee Petition and is being recorded under a separate matter.

G.     **Settlement Negotiations and Resolution**

62.     From the first discussion with opposing counsel prior to the June 18, 2003 Rule 16 Conference, we attempted to initiate a meaningful settlement dialogue.  Specifically, our law firm lead the effort from the first discussion with coverage counsel to resolve these claims in an amicable manner, including equitable relief as soon as possible and some form of monetary recovery.

63.     To this end, our law firm investigated and prosecuted subpoenas to obtain the insurance information which was not forthcoming from the Defendants.

64.     Plaintiffs negotiated in good faith on several occasions to resolve the claims with the Defendants.  Settlement efforts in this case were complicated by the fact that the Defendants themselves had no money to contribute to any settlement and the sole and exclusive ability to satisfy any monetary recovery would come from Erie Insurance Exchange ("Erie").  Negotiations with Erie were complicated when its initial coverage counsel, Margolis Edelstein, was relieved of its duties in early 2003 and Erie selected new insurance counsel who issued new reservation of rights letters and took a much more aggressive opposition to the coverage in this case.

65.     Timothy T. Myers of this firm was principally responsible for the negotiations on the settlement and interpretation of the insurance policies, given his extensive experience in Class Actions and in the negotiation and resolution of insurance coverage disputes.

66.     However, as described in the detailed invoices provided monthly to this Court, Cary L. Flitter and I also fully participated in these discussions on a regular basis with insurance counsel and with Defendants' litigation counsel, including various personal meetings to facilitate a settlement.

67.     The parties met on three (3) separate occasions with the Court to discuss the settlement.

68.     This law firm engaged in numerous discussions with Class Members concerning the scope of settlement, the effect of settlement and the necessary equitable relief.

69.     Throughout the litigation, Plaintiffs and Defendants conducted settlement negotiations.  These settlement negotiations resulted in the Parties' March 18, 2004 Joint Motion For Equitable Relief, and the Court's March 26, 2004 and April 30, 2004 Orders approving the proposed stipulated equitable relief.

70.     Additionally, Plaintiffs, Defendants, Erie, and their respective counsel, conducted discussions and arms-length negotiations, which ultimately resulted in this Class Action Settlement Agreement and its additional monetary relief.

71.     The Court presided over these settlement negotiations, with the assistance of the Honorable Magistrate Judge M. Faith Angell.  These settlement discussions were contentious. Erie steadfastly refused to acknowledge that there was any coverage, and continued to assert that there would be no indemnification of any judgment.  In the event of a trial, and in the event that Plaintiffs were successful, a subsequent litigation to determine the extent and nature of insurance coverage was likely.  Class Counsel, Erie's counsel and the Court all reviewed and thoroughly analyzed the insurance policies.  On May 13, 2004, Plaintiffs, Defendants and Erie Insurance Exchange advised the Court that they had reached a settlement for monetary relief of $2,450,000.

72.     On June 14, 2004, the parties filed a Joint Motion for Preliminary Approval of Settlement.  After several conferences with the Court, on July 15, the parties filed a Second Joint Motion for Preliminary Approval of Settlement.  On July 16, 2004, the Court issued an Order: preliminarily approving the settlement and form of notice; directing Class Counsel to send the Notice to Class Members; requiring any objections or requests to be excluded from the Class to be filed by September 16, 2004; requiring Class Counsel's application for attorneys' fees and reimbursement of expenses to be filed on or before August 16, 2004 ; and scheduling a fairness hearing for October 4, 2004.

73.     At the time of settlement, we were on the eve of trial, and preparing witnesses, including expert witnesses, and had met with several fact witnesses, including investigators and witnesses to the Defendants' conduct.

74.     As described in the monthly summaries provided to the Court, and in the attached summary at Exhibit "1", our law firm spent 227.95 hours, and Lundy Flitter spent 55.5 hours, in the negotiations and settlement matters, through July 31, 2004.

H.     **Communications with Plaintiffs and Class Members**

75.     From the outset of this representation, we have been in constant communications with the class representatives and several members of the Class.  Twenty-four (24) Class members separately retained our firm and Lundy Flitter to represent them in the event that certification was denied.

76.     With each development, we wrote to each person who retained our law firms and advised them of the development.  In addition, as reflected on our monthly invoices, we received hundreds of phone calls from attorneys, friends and family of persons who had been affected by Defendants' conduct, and required information to attempt to correct their credit reports.

Virtually every Group B and Group C Class Members was personally spoken to on several occasions, and many Group A Class Members called after the Notices were published and mailed.

77.    As described in the monthly summaries provided to the Court, and in the attached summary at Exhibit "1", our law firm spent 347.90 hours, and Lundy Flitter spent 10 hours, in the communications with the class members, and particularly the Group C Class Members in negotiations and discussions with lenders with liens on vehicles, discussions on repayments, and efforts to avoid repossessions of vehicles paid for by the Group C members.

**I.    Post Settlement Obligations**

78.    Upon reaching an agreement in principle, this law firm was principally responsible for the preparation, negotiation of the language of the settlement agreement and ongoing efforts to reach all terms of the Defendants on releases.

79.    These efforts included the cataloguing of Class Members and mailing to the members of the Class.  This mailing was accomplished on July 27, 2004.

80.    In addition, this law firm's responsibilities to the Class include filing Petitions to Transfer Title in the Court of Common Pleas in Montgomery County, Berks County and related counties to transfer title to proper or lien holder of the vehicle, in accordance with the Equitable Order.  These prosecutions are ongoing and will take substantial time, as each bank who holds a lien on these vehicles is delaying the transferred title in an effort to leverage itself into the payment of interest, penalties, and other fines to which the Class Plaintiffs have no liability.  However, these lenders, believing that they hold leverage over the Class, are refusing to release their liens, thus delaying the judicial process in the State Courts.  This is requiring substantial

effort of our law firm, principally through the efforts of Todd N. Barnes, Esquire and paralegal Sherri E. Timlin.

81.     It is anticipated that the negotiation or resolution of these liens or the litigation of these liens, may involve attorneys' fees up to $75,000.  To date, with efforts only begun after the Settlement pursuant to the Court Order.  These fees and costs will be recorded under a separate matter and will be presented to the Court under seal on a monthly basis for review.

I.     **Summary**

82.     Elliott Greenleaf & Siedzikowski expended a total of 3,605.85 hours on this litigation from January 21, 2003 through July 31, 2004.  The total loadstar for Elliott Greenleaf & Siedzikowski based on its current 2004 hourly rates is 917,077.00. In January 2004, as is customary in our law firm, we slightly revised the billing rates of our attorneys and paralegals, and such revisions were noted on the monthly invoices submitted to the Court.

83.     The charts attached hereto at Exhibit "1" provides the names of attorneys and other individuals, the hourly billing rates applicable and the hours expended.  The chart at Exhibit "1" was compiled from contemporaneously maintained, daily time records, as recorded on computerized bookkeeping records regularly prepared and maintained by Petitioners.  These records were always provided to the Court under seal on a monthly basis.  All of the records supporting the following chart have accordingly been available to the Court since the Class Certification Order.  The hours worked by the responsible attorneys, paralegals and clerks, as described in detail in Exhibit "1" and in the invoices provided to the Court are summarized as follows:

| ATTORNEY | HOURS AND RATE |
|---|---|
| Timothy T. Myers | 920.30 hours at $410 per/hr. = $377, 323.00 |
| Mark A. Kearney | 512.90 hours at $405 per/hr. = $207,724.50 |
| Kevin S. Anderson | 10.20 hours at $395 per/hr. =$4,029.00 |
| Roger J. Harrington | 191.60 hours at $190 per/hr. =$36,404.00 |
| Todd N. Barnes | 296.05 hours at $170 per/hr. =$ 50,328.50 |
| J. Fred Lorusso | 12.80 hours at $165 per/hr. = $2,112.00 |
| LAW CLERK | |
| Justin R. Miller | 12.60 hours at $100 per/hr. =$1,260.00 |
| David T. Bolno | .70 hours at $100 per/hr. = $70.00 |
| PARALEGAL | |
| Alison K. Nuss | 842.20 hours at $145 per/hr. = $122,119.00 |
| Sherri E. Timlin | 789.60 hours at $145 per/hr. =$114,492.00 |
| Laura E. Vanaskie | 9.00 hours at $75 per/hr. =$675.00 |
| Donna M. Diseroad | $9.00 hours at $60 per/hr. =$540.00 |
| Total | $917,077.00 |

84.     As detailed in the attached chart at Exhibit "1", at all times, the roles of each member of the Plaintiffs' counsel's team were clearly defined and were detailed in the invoices provided to the Court to date:

a.      Timothy T. Myers, a shareholder, was principally responsible for the Class Action allegations, the investigation of all claims related to the Class Action allegations; the investigation, negotiation and review of the insurance policies; lead counsel on all depositions, written discovery and the discovery disputes; discussions with the class members regarding the terms of the settlement; negotiation and preparation of the

25

settlement documents, notices, and enforcement of terms; and, lead counsel in discussions with the Court, as appointed by the Court.   Attorney Myers' hourly rate in 2003 was $400.00, and his current hourly rate is $410.00

b.      Mark A. Kearney, a shareholder, was principally responsible for:  the initial factual development and investigation with the Plaintiffs; communications and discussions with witnesses and additional persons injured by the Defendants' conduct; negotiations, preparation and enforcement of the equitable relief ordered by the Court; discussions and coordination with the Montgomery County District Attorney's Office; the drafting and research necessary for the Complaint and portions relating to the production of documents; issues related to the management of the paralegals and associates on specific and discreet research issues; summary judgment and post-trial motions; negotiations relating to the settlement of the liens affecting Group C Class Members; and, the cataloging of thousands of claims as they developed through discovery.  My hourly rate in 2003 was $395.00, and my current hourly rate is $405.00.

c.      Kevin S. Anderson, a shareholder, was principally responsible for the representation of the Plaintiffs in the United States Bankruptcy Court, as both Defendant Benjamin J. Marchese and the Marchese dealership filed bankruptcy at separate times. Through Mr. Anderson's efforts, assisted by Mr. Myers and Mr. Kearney, the bankruptcy stay was lifted and this action continued to proceed. Attorney Anderson's hourly rate in 2003 and 2004 is $395.00.

d.      Roger J. Harrington, Jr., an associate, provided specific legal and forensic assistance in the analysis of the class financial damages, calculations, and describing, researching and drafting memoranda addressing the scope of the misconduct engaged in

by the Defendants through a very sophisticated identity theft scheme. Attorney Harrington's hourly rate in 2003 was $185.00, and his current hourly rate is $190.00

     e.    Todd N. Barnes, an associate, was principally responsible for legal research of specific substantive issues, bankruptcy issues and issues relating to those persons who had either purchased a traded vehicle without clean title, or who had traded in their vehicle without receiving a release of the liens due to the Defendants' misconduct. As time progressed through discovery, all counsel began to realize that the Group C problems were a much larger issue than ever understood by the Plaintiffs or anyone else, and Mr. Barnes was responsible, along with Paralegal Sherri E. Timlin, in cataloging, organizing and communicating with these persons who faced the daily harm in the repossession of vehicles, ongoing credit damage and loss of insurance. Mr. Barnes is also principally responsible for the filing of the state court petitions to clear title to the Group C vehicles. Attorney Barnes' hourly rate in 2003 was $165.00, and his current hourly rate is $170.00

     f.    Paralegal Alison K. Nuss was principally responsible for the organization, cataloging, communications, the Class Notice and discovery procedures on behalf of the Class from the beginning of the case to the present, including the identification and contact with over 3700 members of Group A of the Class. Paralegal Nuss' hourly rate in 2003 was $140.00, and her current hourly rate is $145.00. Paralegal Nuss is highly skilled, well trained and was closely supervised in her responsibilities in this case.

     g.    Paralegal Sherri E. Timlin became, after Class Certification, principally responsible for the problems involved with those persons who had their credit improperly accessed or who had traded in a car or purchased a car without clear title, including

negotiations and identification of liens, unpaid titles and transfer of title. Paralegal Timlin's hourly rate in 2003 was $140.00, and her current hourly rate is $145.00. Paralegal Timlin is highly skilled, well trained and was closely supervised in her responsibilities in this case.

h.    Law Clerks Justin Miller and David Bolno provided specific legal research from May-July 2003 on issues relating to the Defendants' bankruptcies, the claims process under Pennsylvania's Department of Transportation's transfer of title plans, relief from the automatic stay, destruction of documents, invocation of the Fifth Amendment by non-parties, and, interference with the subpoena process by non-parties. These law students are highly skilled, and were closely supervised in the limited research responsibilities.

i.    Paralegals Laura Vanaskie and Donna Diseroad provided, on specific request, additional data review and cataloging assistance in the review, analysis and tracking of the thousands of members of Group A of the Class. Paralegal Vanaskie's hourly rate in 2003 was $75.00 and Paralegal Diseroad's hourly rate in 2003 was $60.00.

85.    In addition, members of our law firm worked closely with Cary L. Flitter, who has a nationally known expertise in credit reporting and who was principally responsible for all issued relating to the Fair Credit Reporting Act, the experts necessary for such a claim and the communications and discussions relative to the credit reporting agencies, discovery on the credit reporting agencies, and equitable relief relating to the credit reporting agencies.

86.    In undertaking this representation, we were not aware of class actions which had proceeded on both the liability and damages class, although existing case law confirmed that there were substantial grounds to pursue a class action as the injuries were common, and the

requested relief, particularly equitable relief, was identical.    Moreover, every person who

contacted us could not independently fund the legal action necessary to succeed in this case.

J.      **Costs**

87.    I attach the Petitioners' invoices for all costs incurred in this litigation, at Exhibit

"2", which have been prepared from primary documents, expense vouchers, receipts, checks and

contemporaneously recorded computer information.   In accordance with this Court's November

21, 2004.

88.    Elliott Greenleaf & Siedzikowski expended a total of $64,550.31 in costs in this

litigation, categorized as follows:

| | |
|---|---|
| Postage | $1,984.72 |
| Telephone | $35.21 |
| Copying (In-House) ($0.25 per page) | $33,136.75 |
| Messenger | $1,015.00 |
| Secretary/Clerk Overtime | $881.96 |
| Travel - Airline | $293.50 |
| Outside Professional Services | $3,729.50 |
| Meals | $1,332.62 |
| Filing Fees | $150.00 |
| Facsimile | $2753.00 |
| Velobind | $77.00 |
| Computerized Legal Research | $4,132.42 |
| Copying Service (Outside) | $5,432.38 |
| Express Mail | $339.36 |

| | |
|---|---|
| Mileage | $51.42 |
| Parking | $262.50 |
| Subpoena Fee | $295.00 |
| Supplies | $318.33 |
| Witness Fees | $460.00 |
| Transcripts | $4,403.19 |
| Dockets | $32.97 |
| Safety Deposit Box for Class Notices | $91.00 |
| The Mercury News Paper (Publication of Class Action Notice) | $1,675.26 |
| The Times Herald Publishing Co. (Publication of Class Action Notice) | $1,667.22 |
| Total | $64,550.31 |

I declare under the penalty of perjury that the foregoing is true and correct.

_____
MARK A. KEARNEY, ESQUIRE

Dated:  August 16, 2004

Sworn to and subscribed before me
this _16TH_ day of August 2004

_____
Notary Public

```
┌─────────────────────────────────────┐
│            NOTARIAL SEAL             │
│   Krysten P. Laib, Notary Public     │
│ Abington Twp., County of Montgomery  │
│  My Commission Expires Dec. 18, 2004 │
└─────────────────────────────────────┘
```

## FIRM PROFILE

Elliott Greenleaf & Siedzikowski, P.C. ("EG&S") is a full-service law firm with over forty attorneys with offices in Blue Bell, Scranton, Harrisburg and Reading, Pennsylvania.

Our highly skilled attorneys currently include a former EPA Regional Counsel and former chief counsel to the Pennsylvania Department of Environmental Resources, litigators described by the ***Legal Intelligencer*** as among the "three most feared heavyweights in the Philadelphia legal community;", a litigator selected by the Philadelphia bar and the ***Philadelphia Magazine*** as one of Philadelphia's "leading commercial litigators", and a Senior Member of the Pennsylvania State Senate.  Some of our former attorneys include the late Governor of Pennsylvania, Robert P. Casey, and the Chief Judge of the United States District Court for the Middle District of Pennsylvania.

Our winning professional skills respond effectively to the needs of our clients throughout Pennsylvania, the region and nationally.  We are highly experienced in complex commercial matters and major litigations.  Our size, streamlined structure, and technological proficiency, offers clients effective, economical and successful legal representation.

EG&S provides creative and economic business solutions to legal challenges confronting a wide variety of clients, including Fortune 500 companies, governmental entities and agencies, entrepreneurs, privately held businesses, individuals, trade associations, labor unions ,financial institutions and non-profit organizations.

 Our diverse practice includes federal and state court trial and appellate litigation concerning health care, constitutional issues affecting business and government, contracts, environmental, insurance, federal Civil Rights litigations, employment and disability law, banking, financial services, antitrust, class actions, mass torts, corporate and securities law, construction, regulatory and administrative matters (including government contracts, health and insurance), products liability, tax, bankruptcy, franchise, trademark and trade secrets, corporate control, white collar criminal, Qui Tam, RICO law and grand juries.

We approach our responsibilities and our clients' challenges efficiently, economically and successfully.  Our team approach allows us to quickly marshal effective resources to respond to our clients' needs and to create business opportunities.  For example, our lawyers have recently:

- Won a complete defense jury verdict in a multi-million dollar federal civil rights action for one of the largest county governments in the country and its elected officials;

- Won the largest single plaintiff age discrimination jury verdict in the history of the United States District Court for the Eastern District of Pennsylvania;

- Won a federal court injunction against Inside Edition's tabloid journalists' stalking and invasions of privacy (the first injunction against media tortfeasors since Jacqueline Kennedy's against the paparazzi in the 1970's ***Galalla*** case);

1

- Won a multi-million dollar settlement and then a jury verdict in federal court, affirmed by the United States Court of Appeals for the Third Circuit, against a voting machine distributor and manufacturer;

- Won a total defense jury verdict successfully defending governmental officials against alleged multi-million dollar compensatory and punitive damages in a federal civil rights litigation brought by a disgruntled developer;

- Won a United States Court of Appeals' First Amendment victory for a public agency against a disgruntled executive employee that established the currently articulated legal standard for termination of policy making or policy implementing employees;

- Won a federal court jury verdict including punitive damages and attorneys' fees against borrowers who fraudulently induced loans;

- On behalf of senior citizen annuity purchasers in forty-five states, resolved a national class action against a multi-million dollar international corporation involving annuity sales and accounting practices, including obtaining monetary and equitable relief for the senior citizens;

- As sole class counsel for two certified nationwide class actions under the federal WARN Act, we won substantial federal court settlements against a multi-billion dollar global corporation, after having successfully established in the trial court, and successfully upheld thereafter in the United States Court of Appeals, new precedent on crucial issues of first impression under the WARN Act;

- On behalf of a publicly traded company, fully resolved insurance claims in excess of $30 million after the insurance carrier refused payment;

- After trial, won a defense verdict for a corporation against a multi-million dollar claim for breach of an agreement to build an anchor store in a shopping center, and then won hundreds of thousands of dollars through a verdict in the counterclaim;

- After trial, won a judgment for principals of a financial services firm and the dismissal of all claims brought by a competing firm alleging usurpation of accounts and employees;

- In several orphans' court cases, we have defeated challenges to clients' rights to receive multi-million dollar estates proceeds;

- Won a multi-million dollar antitrust settlement for a health care client;

- Protected an insurance company against rehabilitation;

- Vindicated the rights of corporate officers in insurance company liquidations;

- Creatively restructured debt for financial institutions;

- Recaptured assets for federal and state agencies;

- Won summary judgment for a bi-state governmental agency in a $120 million civil rights and antitrust lawsuit;

- Won a motion to dismissing a national telecommunications company from a §1983 action;

- Upon retrial, won jury verdicts for two health care executives who had previously suffered jury verdicts of compensatory and punitive damages when represented by a large Philadelphia law firm;

- Won summary judgment for governmental officials accused of civil rights violations;

- After discovery, compelled the withdrawal of employment bias charges against a Fortune Fifty corporation;

- Won a substantial settlement in a professional liability suit involving an attorney's malpractice and breaches of fiduciary duty;

- Won the largest judgment in the Pennsylvania Commonwealth Court 's original jurisdiction history, $46 million for educationally handicapped children;

- Successfully defended the Pennsylvania Banking Commissioner and regulators against claims arising from takeovers of lending institutions;

- Defeated RICO attacks on governmental officials, individuals, unions and businesses;

- Won appellate court rulings against an improper takeover assault against a major health system;

- Won a multi-million dollar federal court settlement during trial for a bank against a major international investment banking firm;

- Defeated efforts to remove management from the ownership and control of multi-million dollar real estate assets;

- Obtained an injunction in the Pennsylvania Supreme Court preventing the removal of corporate ownership without full compliance with Pennsylvania 's Corporation Code;

- Won *qui tam* and federal false claims act awards;

- *and* contributed professional services to a variety of pro bono community, civic, charitable and professional causes.

EG&S is keenly aware that today's complex and rapidly changing business environment requires winning team work committed to making the extra effort. Accordingly, our problem-solving counsel emphasizes a pragmatic approach to timely creating economically successful results. Our clients enjoy the delivery of comprehensive legal services without having to bear the costly inefficiencies often associated with larger firms. We are aware that most legal disputes have non-legal business effects that impact significantly on a client's business. In creating practical solutions to legal and business challenges, we share our clients' concern with the bottom line.

We have efficiently organized the delivery of legal services from our offices strategically located throughout the region (Blue Bell, Scranton, Harrisburg, and Reading, Pennsylvania) with a modern support staff and state-of-the-art technology to economically and effectively serve our clients' needs throughout the region. Our highly trained professionals, lawyers, legal assistants, secretaries, staff and administrative team are a key part of our practice. Your interests are recognized and respected. Your telephone calls are returned promptly, as we work closely with you to anticipate challenges and solve problems.

We respect your needs; appreciate your confidence in us; and are always available to meet with you to review your business concerns.

# TIMOTHY T. MYERS

Timothy T. Myers, a shareholder of Elliott Reihner & Siedzikowski, has over fifteen years of trial and appellate experience in complex commercial litigations, including federal and state class actions and civil rights cases.  He was recently named as a Super Lawyer, representing the top 5% of all Pennsylvania lawyers.

In November 1998, Mr. Myers won one of the largest wrongful death jury verdicts in Pennsylvania for $3 million.  Mr. Myers has conducted numerous civil trials for government officials, political subdivisions, plaintiffs and defendants involving complex commercial disputes, contracts, constitutional claims, civil rights, employment discrimination and real estate issues.  He has served as Class Counsel in several class actions, including Mr. Myers was Class Counsel in the *One Meridian Plaza Fire Litigation*, (E.D. Pa. C.A. No. 91-2771); *Ciarlante and Marshall v. Brown & Williamson Tobacco, et al.*, (E.D. Pa. C.A. No. 95-4646); *Loftus v. Brown & B.A.T. Industries, plc.*, (E.D. Pa. C.A. No. 97-182); *Levell, at al. v. Monsanto Research Corp.*, (S. D. Ohio C.A. No. C 3-95-312); *Boone v. Congoleum Corporation*, (E.D. Pa. C.A. No. 95-CV-5839) and *Benevento v. LifeUSA Holding, Inc.*, (E.D. Pa. C.A. No. 97-7827).  Mr. Myers also successfully defended the Pennsylvania judicial system, including the sheriff and the Prothonotary of Montgomery County, in class actions brought under 42 U.S.C. §1983 in *Linda Ralston, et al. v. Steven B. Zats, Esquire, et al.* (E.D. Pa. C.A. No. 94-CV-3723) and in *Zhang v. Southeastern Financial Group, Inc. et al.* (E.D. Pa. C.A. No. 95-CV-2126), which were class actions before this Court.  He has successfully represented judges of the Court of Common Pleas for Pennsylvania First Judicial District, county commissioners, solicitors, and Township supervisors in several federal civil rights actions.  He has defended several townships and counties in federal civil rights litigation.  He has also represented the judicial leaders of Pennsylvania's First Judicial District in federal court litigation.

Mr. Myers has given numerous seminars and presentations, including for continuing legal education credit.

Mr. Myers graduated from Bowdoin College with honors in 1981, and graduated from Temple University School of Law in 1986, where he was a member of the Temple Law Review.

# MARK A KEARNEY

Mark A. Kearney, a hiring shareholder, has substantial experience in both complex commercial litigation and in transactions relating to the formation, funding, management and divestiture of private and public companies, including serving as an outside director of financial institutions, publicly traded companies, non-profit institutions and privately held entities.  His litigation practice is national in scope, and is concentrated in commercial, financial, employment and consumer litigation with special emphasis on the representation of business owners, investors, directors and officers. His varied experience also includes serving as lead counsel for both plaintiffs and defendants in class actions, multi-district litigations, mass tort actions, and in regulatory investigations throughout the United States.

Mr. Kearney received his B.A. in Economics with honors, and his J.D. from Villanova University.  Following law school, he served as the judicial law clerk for the Court of Chancery of the State of Delaware, universally recognized as a leading jurisdiction for resolutions of directors and officers liability issues and business disputes.  He is published in the ***Villanova Law Review*** and is a contributing editor to ***Butterworths Journal of International Banking and Financial Law***, where he writes extensively on commercial, banking and corporate litigation for the international legal and financial community.

In addition, Mr. Kearney is a frequent lecturer for the Pennsylvania Institute of Certified Public Accountants, Pennsylvania Bar Institute, the Montgomery Bar Association, Villanova University School of Law, St. Joseph's University Masters in Business Administration Program, Neumann College Sports Management Program, and the Widener University School of Law.  He is a principal speaker on developments in Director and Officer Liability at the Annual Business Law Institute of the Pennsylvania Bar Institute.

A member of the Bars of the United States Supreme Court, State of Delaware, the Commonwealth of Pennsylvania, the United States Courts of Appeals for the Third and Eleventh Circuits and the United States District Courts in Pennsylvania and Delaware, he presently serves as Chairperson of the Philadelphia Area Immigration Resource Center, the largest non-profit center for immigrants in the Delaware Valley.  Mr. Kearney also serves as an elected Director of the Montgomery Bar Association and Chair of its Federal Court Practice Committee, Awards Committee and as a member of its Executive Committee; he also serves as a director of the Historical Society for the United States District Court for the Eastern District of Pennsylvania; he also serves on the Board of Directors of several financial institutions and publicly traded corporations; he also has been appointed by the Pennsylvania Supreme Court as a Member of the Hearing Committee for the Disciplinary Board of the Supreme Court of Pennsylvania.

## KEVIN S. ANDERSON

Kevin S. Anderson, a shareholder, leads the firm's business/real estate practice, assisting clients in transactional matters as well as with general representation.   He represents numerous clients in bankruptcy proceedings throughout the United States, including the liquidating trustee appointed by the United States Bankruptcy Court for the Southern District of New York in the bankruptcy of Laventhol & Horwath (previously the 6th largest accounting firm in the United States ("L&H")) responsible for the administration of L&H's 10-year liquidating plan of reorganization for the benefit of over 4,000 creditors.   An Adjunct Associate Professor of Business Law in the Legal Studies Department of Drexel University in Philadelphia, he teaches business organizations, business applications of Articles 2,3,4 and 9 of the Uniform Commercial Code and fundamental contract law. Prior to joining the firm, Mr. Anderson was general counsel of L&H while it was a Debtor in Possession in its bankruptcy proceeding.   He was co-architect of the Chapter 11 strategy which permitted individual partners and principals of L&H, facing personal liability for the firm's bank, vendor and litigation obligations, to continue individual practices while safeguarding its assets.   Through implementation of this strategy, in excess of $35,000,000 was recovered while only 20 of 600 firm partners and principals felt compelled to file personal bankruptcies. Since joining the firm in 1992, Mr. Anderson has led the firm's extensive and diverse business and real estate practice, including representing a major national health insurer on creditor committees formed in the chapter 11 bankruptcy reorganizations of a number of national health organizations.   He has also represented the creditors committee in the chapter 11 bankruptcy of a regional nursing home chain and debtors in such diverse industries as baking, security services, insurance, women's wear and real estate. His transactional practice includes representation of both sellers and buyers of minor league baseball teams, numerous medical professionals and franchisees.   He has also served as regional counsel for a national wireless communications company.

Mr. Anderson received a Bachelor of Arts degree in 1973 from the University of Pennsylvania and received his *Juris Doctorate cum laude* in 1976 from the Villanova University School of Law where he was an editor of the *Villanova Law Review* and was elected to the school's chapter of the Order of the Coif, the legal honor society.   He is admitted to practice before the Supreme Court of Pennsylvania, the United States District Courts for the Eastern and Middle Districts of Pennsylvania, the United States Court of Appeals for the Third Circuit and the United States Supreme Court.   He has also represented clients in courts in the states of Massachusetts, Maryland, New York, New Jersey and Florida.

## ROGER J. HARRINGTON, JR.

Roger J. Harrington, Jr., an associate, served a judicial clerkship with the Honorable James R. Cavanaugh of the Superior Court of Pennsylvania.

His diverse practice includes shareholder litigation, securities fraud litigation concerning corporations and limited liability companies and other complex commercial litigation, including class action and commercial litigation, construction litigation, insurance litigation, healthcare and ERISA disputes, environmental litigation, white collar crime and appellate litigation. Mr. Harrington also does transactional work relating to the formation of Pennsylvania business entities and corporate acquisitions.

A member of the Bars of the Commonwealth of Pennsylvania, the State of New Jersey and the United States District Court for the Eastern and Middle Districts of Pennsylvania and Third Circuit Court of Appeals. His professional relationships include the Montgomery and Pennsylvania Bar Associations, Phi Alpha Delta law fraternity, Historical Society for Eastern District of Pennsylvania and The Brehon Society.

He graduated from Georgetown University in Washington, D.C. in 1996, where, as captain of its varsity baseball team, he earned All Big East and Academic All-American honors in 1995 and 1996.

Upon graduating from Georgetown, he played professional baseball. Mr. Harrington then graduated *cum laude* from the Villanova University School of Law, where he also earned a Masters in Business Administration in the Villanova College of Commerce & Finance evening school. In December of 2003, Roger earned his L.L.M. in Taxation from Villanova University School of Law.

## TODD N. BARNES

Todd Barnes, an associate, focuses his practice in commercial, criminal and civil rights litigations, complex business and commercial disputes, acquisition of public companies, corporate fiduciary liability, insurance insolvency, bad faith, negligence, and other tort matters. Additionally, Mr. Barnes has significant experience in employment related litigation, including class actions under the Fair Labor Standards Act.

Mr. Barnes earned his Bachelor of Science degree from Kutztown University in 1999, while lettering in varsity football.  He received his *Juris Doctorate* in 2002 from Temple University's School of Law, where, he participated in the Federal Judicial Clerkship Clinical under Judge Delores K. Sloviter of the United States Court of Appeals for the Third Circuit and Magistrate Judge M. Faith Angell of the United States District Court for the Eastern District of Pennsylvania.  In addition, Mr. Barnes served as staff member and editor for the Temple Political and Civil Rights Law Review from 2000-2002, authoring "*Christensen v. Harris County*: The U.S. Supreme Court Excuses Public Employers from the Fair Standards of Overtime Compensation," a case-note published in the Fall 2001 edition of the Temple Political and Civil Rights Law Review.  11 Temp. Pol. & Civ. Rts. L. Rev. 279.

Admitted to the Bar in Pennsylvania and New Jersey, he is a member of the American, Pennsylvania, Philadelphia and Montgomery Bar Associations, as well as the Barristers' Association of Philadelphia.

## J. FRED LORUSSO

J. Fred Lorusso, an associate, focuses his practice in Civil and Commercial Litigation, White Collar Crime and Health Care law.

Mr. Lorusso is a 1995 graduate of LaSalle College High School in Wyndmoor, Pennsylvania. He received his Bachelor of Sciences degree in Finance and Marketing from Boston College in Chestnut Hill, Massachusetts in 1999.

He graduated from the Temple University School of Law in 2003, where he received recognition for distinguished performance in trial advocacy and recognition for outstanding oral advocacy. In the fall of 2002, Mr. Lorusso participated in the United States Attorney Federal Criminal Law clinical program, where he received recognition for distinguished performance. Additionally, in the spring of 2003, he participated in the Southeastern Pennsylvania Transportation Authority ("SEPTA") Tort Litigation and Trial Practice clinical program, where he received extensive practical experience representing SEPTA in arbitration.

A native of Montgomery County, Pennsylvania , he is a member of the Bar of the Commonwealth of Pennsylvania .

**EXHIBIT A-1**

**TOTAL ATTORNEY TIME**

**EGS:**    **3,605.65**

**LFBB:**    **572.20**

1.    Factual investigation and attorney work product strategy.

**EGS**: **21.65**

| | |
|---|---|
| **TTM**<br>**($410/hr.)** | **6.25** |
| **MAK**<br>**($405/hr,)** | **14.20** |
| **TNB**<br>**($170/hr.)** | **1.20** |

**LFBB**: **19.60**

| | |
|---|---|
| **CLF**<br>**($390/hr.)** | **10.80** |
| **JMR**<br>**($95/hr.)** | **8.80** |

2.    Prepare and filing the Complaint.

**EGS:** **17.90**

| | |
|---|---|
| **MAK**<br>**($405/hr.)** | **17.90** |

**LFBB:** **21.80**

| | |
|---|---|
| **CLF**<br>**($390/hr.)** | **21.00** |
| **JMR**<br>**($95/hr.)** | **.80** |

1

3.      Legal Research and Analysis

    (a)      Insurance issues

**EGS:  29.20**

        **TTM**        **20.20**
        **($410/hr.)**

        **MAK**        **2.20**
        **($405/hr,)**

        **AKN**        **5.80**
        **($145/hr.)**

        **SET**        **1.00**
        **($145/hr.)**

**LFBB:  3.30**

        **CLF**        **3.30**
        **($390/hr.)**

    (b)      Substantive issues

**EGS:  203.95**

        **TTM**        **28.50**
        **($410/hr.)**

        **MAK**        **5.70**
        **($405/hr.)**

        **RJH**        **71.70**
        **($190/hr.)**

        **JRM**        **8.80**
        **($100/hr.)**

        **TNB**        **89.25**
        **($170/hr.)**

**LFBB:39.7**

        **CLF**        **15.40**

**($390/hr.)**

| | |
|---|---|
| **JMR** **($95/hr.)** | **4.10** |
| **LCX** **($250/hr.)** | **12.50** |
| **JRF** **($95/hr.)** | **.50** |
| **JKS** **($225/hr.)** | **7.20** |

(c)   Bankruptcy issues

**EGS: 26.8**

| | |
|---|---|
| **TTM** **($410/hr.)** | **5.00** |
| **MAK** **($405/hr.)** | **7.70** |
| **RJH** **($190/hr.)** | **6.10** |
| **KSA** **($395/hr.)** | **8.00** |

**LFBB: 7.20**

| | |
|---|---|
| **CLF** **($390/hr.)** | **3.60** |
| **LCX** **($250/hr.)** | **3.60** |

4.   Court Communications, Motions and Status Hearings

**EGS: 97.75**

| | |
|---|---|
| **TTM** **($410/hr.)** | **43.85** |
| **MAK** | **36.70** |

**($405/hr.)**

| | |
|---|---|
| **RJH**<br>**($190/hr.)** | **.40** |
| **TNB**<br>**($170/hr.)** | **8.70** |
| **KSA**<br>**($395/hr.)** | **1.50** |
| **AKN**<br>**($145/hr.)** | **4.70** |
| **SET**<br>**($145/hr.)** | **1.90** |

**LFBB: 50.30**

| | |
|---|---|
| **CLF**<br>**($390/hr.)** | **46.80** |
| **JMR**<br>**($95/hr.)** | **.50** |
| **LCX**<br>**($250/hr.)** | **3.00** |

5.      Communications and Issues relating to Plaintiffs and Class Members

**EGS: 347.90**

| | |
|---|---|
| **TTM**<br>**($410/hr.)** | **23.75** |
| **MAK**<br>**($405/hr.)** | **96.10** |
| **RJH**<br>**($190/hr.)** | **25.20** |
| **TNB**<br>**($170/hr.)** | **79.95** |
| **JRM** | **3.80** |

**($100/hr.)**

**AKN**          **7.70**
**($145/hr.)**

**SET**          **111.40**
**($145/hr.)**

**LFBB: 10.00**

**CLF**          **9.70**
**($390/hr.)**

**JMR**          **.20**
**($95/hr.)**

**LCX**          **.10**
**($250/hr.)**

6.      Communications with Opposing Counsel, Witnesses and Prosecutors

**EGS:  33.25**

**TTM**          **13.45**
**($410/hr.)**

**MAK**          **16.70**
**($405/hr.)**

**SET**          **3.10**
**($145/hr.)**

**LFBB: 6.90**

**CLF**          **6.10**
**($390/hr.)**

**JMR**          **.80**
**($95/hr.)**

7.      Class Certification Issues

**EGS:  378.50**

**TTM**          **152.55**
**($410/hr.)**

**MAK**
**($405/hr.)**                **32.35**

**TNB**
**($170/hr.)**                **4.00**

**JFL**
**($165/hr.)**                **6.50**

**AKN**
**($145/hr.)**                **95.60**

**SET**
**($145/hr.)**                **84.00**

**LEV**
**($75/hr.)**                 **3.50**

**LFBB: 41.50**

**CLF**
**($390/hr.)**               **37.50**

**JMR**
**($95/hr.)**                **3.50**

**LCX**
**($250/hr.)**               **.50**

8.    Discovery

    (a)    Written discovery

**EGS: 1,069.40**

**TTM**
**($410/hr.)**              **199.20**

**MAK**
**($405/hr.)**              **34.00**

**KSA**
**($395/hr.)**              **.70**

**RJH**                     **4.20**

**($190/hr.)**

**TNB**               **29.00**
**($170/hr.)**

**AKN**               **441.50**
**($145/hr.)**

**SET**               **352.60**
**($145/hr.)**

**DMD**               **2.00**
**($60/hr.)**

**DTB**               **.70**
**($100/hr.)**

**LEV**               **5.50**
**($75/hr.)**

**LFBB: 73.70**

**CLF**               **61.20**
**($390/hr.)**

**JMR**               **8.00**
**($95/hr.)**

**LCX**               **4.50**
**($250/hr.)**

(b)     Depositions

**EGS: 80.85**

**TTM**               **61.80**
**($410/hr.)**

**MAK**               **6.00**
**($405/hr.)**

**TNB**               **10.65**
**($170/hr.)**

**SET**               **2.40**

**($145/hr.)**

**LFBB: 28.00**

    **CLF**              **27.20**
    **($390/hr.)**

    **JMR**              **.80**
    **($95/hr.)**

    (c)  Expert Discovery and Reports

**EGS: 133.05**

    **TTM**              **21.75**
    **($410/hr.)**

    **MAK**              **52.10**
    **($405/hr.)**

    **TNB**              **6.30**
    **($170/hr.)**

    **AKN**              **44.50**
    **($145/hr.)**

    **SET**              **8.40**
    **($145/hr.)**

**LFBB: 104.00**

    **CLF**              **89.80**
    **($390/hr.)**

    **JMR**              **8.70**
    **($95/hr.)**

    **LCX**              **.30**
    **($250/hr.)**

    **JKS**              **5.20**
    **($225/hr.)**

9.      Pretrial Preparation (written materials)

**EGS: 934.70**

|  |  |
|---|---|
| **TTM**<br>**($410/hr.)** | **211.20** |
| **MAK**<br>**($405/hr.)** | **147.80** |
| **RJH**<br>**($190/hr.)** | **76.80** |
| **TNB**<br>**($170/hr.)** | **67.90** |
| **JFL**<br>**($165/hr.)** | **6.30** |
| **AKN**<br>**($145/hr.)** | **217.20** |
| **SET**<br>**($145/hr.)** | **202.50** |
| **DMD**<br>**($60/hr.)** | **5.00** |

**LFBB: 110.70**

|  |  |
|---|---|
| **CLF**<br>**($390/hr.)** | **97.90** |
| **JMR**<br>**($95/hr.)** | **5.00** |
| **LCX**<br>**($250/hr.)** | **7.80** |

10.     Trial

**EGS: 3.00**

|  |  |
|---|---|
| **MAK**<br>**($405/hr.)** | **3.00** |

11.    Settlement

**EGS:  227.30**

|  |  |
|---|---|
| **TTM**<br>**($410/hr.)** | **129.05** |
| **MAK**<br>**($405/hr.)** | **44.10** |
| **RJH**<br>**($190/hr.)** | **7.10** |
| **AKN**<br>**($145/hr.)** | **25.20** |
| **SET**<br>**($145/hr.)** | **22.30** |

**LFBB:  55.50**

|  |  |
|---|---|
| **CLF**<br>**($390/hr.)** | **51.10** |
| **JMR**<br>**($95/hr.)** | **4.40** |

ELLIOTT GREENLEAF & SIEDZIKOWSKI, P.C.
P.O. Box 3010
Blue Bell, Pennsylvania 19422
EIN #23-2617189

August 12, 2004

Bill Number  59214
File Number 03301-001

Michael Ciccarone
1624 Burke Avenue
Blue Bell, PA 19422

**FOR PROFESSIONAL SERVICES**

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Postage

| Date | Amount |
|------|-------|
| 03/21/03 | 0.37 |
| 03/21/03 | 0.60 |
| 04/28/03 | 0.83 |
| 05/06/03 | 0.74 |
| 06/13/03 | 1.52 |
| 06/13/03 | 1.52 |
| 06/17/03 | 6.63 |
| 06/26/03 | 1.11 |
| 07/08/03 | 4.42 |
| 07/15/03 | 0.83 |
| 07/29/03 | 5.92 |
| 08/01/03 | 2.90 |
| 08/01/03 | 5.80 |
| 08/07/03 | 9.85 |
| 08/26/03 | 11.85 |

Michael Ciccarone

Re: Marchese/Class Action

## Reimbursement for out of pocket expenses

January 1, 2003 through July 31, 2004

Postage

| | |
|---|---|
| 08/26/03 | 7.00 |
| 09/23/03 | 1.52 |
| 09/23/03 | 7.50 |
| 09/23/03 | 1.29 |
| 09/25/03 | 0.74 |
| 10/10/03 | 18.60 |
| 10/13/03 | 7.92 |
| 10/14/03 | 7.40 |
| 10/16/03 | 2.49 |
| 10/20/03 | 2.69 |
| 10/22/03 | 0.37 |
| 10/23/03 | 7.40 |
| 10/24/03 | 66.30 |
| 10/24/03 | 4.56 |
| 11/07/03 | 1.37 |
| 12/19/03 | 3.18 |
| 01/07/04 | 52.91 |
| 01/13/04 | 9.05 |
| 01/13/04 | 9.79 |
| 01/15/04 | 0.74 |
| 01/16/04 | 32.41 |
| 01/20/04 | 0.37 |
| 01/20/04 | 1.52 |
| 01/20/04 | 1.52 |
| 01/21/04 | 1.34 |
| 02/13/04 | 9.50 |
| 02/17/04 | 134.40 |
| 02/19/04 | 8.14 |
| 03/01/04 | 2.17 |
| 03/15/04 | 1.06 |
| 03/15/04 | 1.06 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Postage

| | | |
|---|---|---|
| 03/19/04 | 2.58 | |
| 03/19/04 | 0.60 | |
| 03/19/04 | 0.60 | |
| 03/19/04 | 0.60 | |
| 03/31/04 | 15.60 | |
| 04/09/04 | 1.48 | |
| 04/23/04 | 1.57 | |
| 04/26/04 | 36.40 | |
| 04/29/04 | 0.37 | |
| 05/03/04 | 11.10 | |
| 05/04/04 | 0.37 | |
| 06/18/04 | 0.60 | |
| 06/18/04 | 0.60 | |
| 06/29/04 | 5.29 | |
| 07/02/04 | 12.00 | |
| 07/02/04 | 9.99 | |
| 07/09/04 | 14.37 | |
| 07/15/04 | 14.50 | |
| 07/27/04 | 1,394.90 | |
| | | $1,984.72 |

Telephone

| | | |
|---|---|---|
| 05/23/03 | PAE TEC COMMUNICATIONS--INV #931148 DTD 05/02/03 LOCAL & LONG DISTANCE TELEPHONE CHARGES FOR 03/29-04/28/03 | 1.39 |
| 05/29/03 | PAE TEC COMMUNICATIONS---INV #959886 DTD 05/29/03 LOCAL & LONG DISTANCE TELEPHONE CHARGES - BB | 0.22 |
| 06/29/03 | PAE TEC COMMUNICATIONS (BB)---INV #982367 DTD 06/29/03 LOCAL & LONG DISTANCE TELEPHONE CHARGES | 0.17 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Telephone

| | | |
|---|---|---|
| 09/29/03 | PAE TEC COMMUNICATIONS (BB)---INV #1061113 DTD 09/29/02 LOCAL & LONG DISTANCE TELEPHONE CHARGES FOR PERIOD: 08/29-09/29 | 0.38 |
| 09/29/03 | PAE TEC COMMUNICATIONS (BB)---INV #1061113 DTD 09/29/02 LOCAL & LONG DISTANCE TELEPHONE CHARGES FOR PERIOD: 08/29-09/29 | 2.64 |
| 10/29/03 | PAE TEC COMMUNICATIONS (BB)---INV #1087263 DTD 10/29/03 LOCAL & LONG DISTANCE TELEPHONE CHARGES FOR 09/29-10/28/03 | 3.86 |
| 10/29/03 | PAE TEC COMMUNICATIONS (BB)---INV #1087263 DTD 10/29/03 LOCAL & LONG DISTANCE TELEPHONE CHARGES FOR 09/29-10/28/03 | 12.98 |
| 11/29/03 | PAE TEC Communications (BB) - Inv #1113605 -- DTD 11/29/03 Local and Long Distance Telephone Charges for 10/29/03 - 11/28/03. | 0.25 |
| 11/29/03 | PAE TEC Communications (BB) - Inv #1113605 -- DTD 11/29/03 Local and Long Distance Telephone Charges for 10/29/03 - 11/28/03. | 0.42 |
| 01/29/04 | PAE TEC COMMUNICATIONS (BB) --- INV. #1172017 --- DTD. 01/29/04 --- LOCAL AND LONG DISTANCE TELEPHONE CHARGES FOR 12/29/03 - 01/28/04 | 0.53 |
| 01/29/04 | PAE TEC COMMUNICATIONS (BB) --- INV. #1172017 --- DTD. 01/29/04 --- LOCAL AND LONG DISTANCE TELEPHONE CHARGES FOR 12/29/03 - 01/28/04 | 0.62 |
| 02/29/04 | PAE TEC COMMUNICATIONS (BB) --- INV. #1198500 --- DTD 2/29/04 --- LOCAL AND LONG DISTANCE TELEPHONE CHARGES FOR 01/29/04 THROUGH 02/28/04 | 2.06 |
| 02/29/04 | PAE TEC COMMUNICATIONS (BB) --- INV. #1198500 --- DTD 2/29/04 --- LOCAL AND LONG DISTANCE TELEPHONE CHARGES FOR 01/29/04 THROUGH 02/28/04 | 3.32 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Telephone

| | | |
|---|---|---|
| 04/01/04 | PAE TEC COMMUNICATIONS (BB) --- INV. #1225179 --- DTD. 04/01/04 --- LOCAL AND LONG DISTANCE TELEPHONE CHARGES FOR 02/29/04 THROUGH 03/28/04 | 0.44 |
| 04/01/04 | PAE TEC COMMUNICATIONS (BB) --- INV. #1225179 --- DTD. 04/01/04 --- LOCAL AND LONG DISTANCE TELEPHONE CHARGES FOR 02/29/04 THROUGH 03/28/04 | 0.47 |
| 04/29/04 | PAE TEC COMMUNICATIONS (BB) --- INV. #1251925 --- DTD 04/29/04 --- LOCAL AND LONG DISTANCE TELEPHONE CHARGES FOR 03/29/04 - 04/28/04 | 0.06 |
| 04/29/04 | PAE TEC COMMUNICATIONS (BB) --- INV. #1251925 --- DTD 04/29/04 --- LOCAL AND LONG DISTANCE TELEPHONE CHARGES FOR 03/29/04 - 04/28/04 | 0.43 |
| 05/29/04 | PAE TEC COMMUNICATIONS (BB)---INV #1278800 DTD 05/29/04 LONG DISTANCE TELEPHONE CHARGES FOR PERIOD: 04/29-05/28/04 | 0.41 |
| 05/29/04 | PAE TEC COMMUNICATIONS (BB)---INV #1278800 DTD 05/29/04 LONG DISTANCE TELEPHONE CHARGES FOR PERIOD: 04/29-05/28/04 | 4.44 |
| 05/29/04 | PAE TEC COMMUNICATIONS (BB)---INV #1278800 DTD 05/29/04 LONG DISTANCE TELEPHONE CHARGES FOR PERIOD: 04/29-05/28/04 | 0.12 |

$35.21

Copying

| | |
|---|---|
| 02/20/03 | 2.75 |
| 03/18/03 | 0.25 |
| 03/18/03 | 102.75 |
| 03/18/03 | 73.00 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 03/19/03 | 1.75 |
| 03/19/03 | 0.25 |
| 03/19/03 | 5.50 |
| 03/19/03 | 33.00 |
| 03/19/03 | 3.50 |
| 03/19/03 | 0.75 |
| 03/20/03 | 5.50 |
| 03/24/03 | 5.50 |
| 03/26/03 | 0.75 |
| 03/27/03 | 1.50 |
| 04/01/03 | 48.00 |
| 04/01/03 | 16.50 |
| 04/02/03 | 6.00 |
| 04/02/03 | 5.50 |
| 04/10/03 | 0.50 |
| 04/14/03 | 0.75 |
| 04/16/03 | 2.50 |
| 04/17/03 | 2.25 |
| 04/17/03 | 4.25 |
| 04/18/03 | 1.00 |
| 04/22/03 | 5.50 |
| 04/22/03 | 2.25 |
| 04/25/03 | 0.50 |
| 04/25/03 | 7.50 |
| 04/28/03 | 0.50 |
| 04/28/03 | 1.50 |
| 05/06/03 | 1.00 |
| 05/07/03 | 1.50 |
| 05/08/03 | 5.50 |
| 05/08/03 | 0.75 |
| 05/09/03 | 8.25 |

Michael Ciccarone

Re: Marchese/Class Action

## Reimbursement for out of pocket expenses

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 05/09/03 | 6.75 |
| 05/09/03 | 14.75 |
| 05/09/03 | 5.50 |
| 05/09/03 | 35.00 |
| 05/09/03 | 2.25 |
| 05/09/03 | 0.75 |
| 05/14/03 | 55.75 |
| 05/16/03 | 5.50 |
| 05/16/03 | 27.50 |
| 05/20/03 | 1.50 |
| 05/20/03 | 0.50 |
| 05/20/03 | 194.25 |
| 05/21/03 | 0.50 |
| 05/22/03 | 1.50 |
| 05/22/03 | 63.75 |
| 05/27/03 | 2.25 |
| 05/28/03 | 1.50 |
| 05/28/03 | 3.00 |
| 05/28/03 | 27.50 |
| 06/02/03 | 37.00 |
| 06/02/03 | 1.50 |
| 06/03/03 | 1.50 |
| 06/03/03 | 4.25 |
| 06/03/03 | 1.50 |
| 06/04/03 | 64.00 |
| 06/05/03 | 9.50 |
| 06/05/03 | 1.25 |
| 06/05/03 | 1.50 |
| 06/06/03 | 1.50 |
| 06/06/03 | 1.50 |
| 06/06/03 | 1.00 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 06/09/03 | 0.50 |
| 06/09/03 | 0.75 |
| 06/09/03 | 18.25 |
| 06/10/03 | 54.75 |
| 06/10/03 | 14.50 |
| 06/10/03 | 1.75 |
| 06/10/03 | 10.00 |
| 06/10/03 | 33.25 |
| 06/10/03 | 8.00 |
| 06/10/03 | 1.00 |
| 06/11/03 | 2.25 |
| 06/12/03 | 1.50 |
| 06/12/03 | 21.25 |
| 06/12/03 | 13.00 |
| 06/12/03 | 1.50 |
| 06/12/03 | 21.25 |
| 06/13/03 | 1.50 |
| 06/13/03 | 1.50 |
| 06/13/03 | 6.25 |
| 06/13/03 | 1.50 |
| 06/13/03 | 1.50 |
| 06/13/03 | 6.25 |
| 06/18/03 | 2.25 |
| 06/19/03 | 1.50 |
| 06/23/03 | 2.50 |
| 06/23/03 | 5.50 |
| 06/23/03 | 3.25 |
| 06/24/03 | 5.50 |
| 06/24/03 | 13.25 |
| 06/24/03 | 5.50 |
| 06/24/03 | 1.50 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 06/24/03 | 0.50 |
| 06/24/03 | 1.50 |
| 06/24/03 | 1.50 |
| 06/25/03 | 8.25 |
| 06/25/03 | 1.75 |
| 06/25/03 | 1.25 |
| 06/25/03 | 10.75 |
| 06/26/03 | 2.25 |
| 06/26/03 | 7.00 |
| 06/27/03 | 1.25 |
| 06/27/03 | 6.00 |
| 06/30/03 | 12.75 |
| 06/30/03 | 1.75 |
| 06/30/03 | 0.75 |
| 06/30/03 | 15.00 |
| 06/30/03 | 3.50 |
| 06/30/03 | 1.75 |
| 06/30/03 | 1.00 |
| 07/01/03 | 23.00 |
| 07/01/03 | 2.50 |
| 07/01/03 | 5.00 |
| 07/02/03 | 1.50 |
| 07/03/03 | 0.50 |
| 07/03/03 | 6.50 |
| 07/03/03 | 0.25 |
| 07/03/03 | 0.25 |
| 07/03/03 | 4.00 |
| 07/07/03 | 0.50 |
| 07/08/03 | 26.00 |
| 07/08/03 | 5.00 |
| 07/08/03 | 3.25 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---:|
| 07/08/03 | 2.25 |
| 07/08/03 | 0.75 |
| 07/10/03 | 27.50 |
| 07/10/03 | 1.50 |
| 07/10/03 | 0.50 |
| 07/10/03 | 1.50 |
| 07/11/03 | 1.50 |
| 07/14/03 | 1.50 |
| 07/15/03 | 0.50 |
| 07/15/03 | 3.75 |
| 07/17/03 | 6.25 |
| 07/24/03 | 0.50 |
| 07/25/03 | 8.50 |
| 07/25/03 | 0.50 |
| 07/28/03 | 7.25 |
| 07/30/03 | 7.25 |
| 07/30/03 | 4.00 |
| 07/31/03 | 14.75 |
| 07/31/03 | 77.50 |
| 07/31/03 | 3.75 |
| 07/31/03 | 1.00 |
| 07/31/03 | 11.50 |
| 08/01/03 | 0.25 |
| 08/01/03 | 0.75 |
| 08/04/03 | 3.25 |
| 08/05/03 | 8.00 |
| 08/05/03 | 0.50 |
| 08/07/03 | 194.25 |
| 08/07/03 | 9.25 |
| 08/07/03 | 0.75 |
| 08/07/03 | 9.25 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 08/07/03 | 2.00 |
| 08/08/03 | 5.50 |
| 08/08/03 | 0.75 |
| 08/08/03 | 0.25 |
| 08/12/03 | 3.00 |
| 08/12/03 | 3.00 |
| 08/12/03 | 3.00 |
| 08/12/03 | 2.75 |
| 08/19/03 | 1.00 |
| 08/20/03 | 0.75 |
| 08/21/03 | 7.25 |
| 08/25/03 | 1.25 |
| 08/25/03 | 0.25 |
| 08/25/03 | 5.25 |
| 08/26/03 | 25.25 |
| 08/26/03 | 96.75 |
| 08/26/03 | 29.75 |
| 08/26/03 | 41.50 |
| 08/26/03 | 0.25 |
| 08/26/03 | 1.50 |
| 08/27/03 | 1.75 |
| 08/27/03 | 0.75 |
| 08/27/03 | 0.50 |
| 08/27/03 | 137.75 |
| 09/03/03 | 3.00 |
| 09/04/03 | 35.50 |
| 09/15/03 | 2.25 |
| 09/16/03 | 33.00 |
| 09/16/03 | 2.00 |
| 09/16/03 | 189.25 |
| 09/16/03 | 1.25 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 09/16/03 | 0.25 |
| 09/17/03 | 61.00 |
| 09/17/03 | 13.00 |
| 09/18/03 | 21.50 |
| 09/18/03 | 0.50 |
| 09/18/03 | 3.25 |
| 09/18/03 | 1.25 |
| 09/18/03 | 0.50 |
| 09/18/03 | 2.00 |
| 09/18/03 | 1.50 |
| 09/18/03 | 3.00 |
| 09/19/03 | 48.75 |
| 09/19/03 | 16.50 |
| 09/19/03 | 16.25 |
| 09/19/03 | 1.75 |
| 09/22/03 | 0.75 |
| 09/22/03 | 70.00 |
| 09/23/03 | 2.00 |
| 09/23/03 | 1.00 |
| 09/23/03 | 262.50 |
| 09/23/03 | 1.00 |
| 09/23/03 | 1.00 |
| 09/23/03 | 1.50 |
| 09/24/03 | 31.75 |
| 09/24/03 | 3.75 |
| 09/24/03 | 1.50 |
| 09/24/03 | 0.25 |
| 09/24/03 | 0.25 |
| 09/24/03 | 0.75 |
| 09/24/03 | 7.75 |
| 09/25/03 | 1.25 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 09/25/03 | 5.50 |
| 09/25/03 | 4.00 |
| 09/29/03 | 3.50 |
| 09/29/03 | 1.00 |
| 09/30/03 | 34.50 |
| 09/30/03 | 8.25 |
| 09/30/03 | 17.00 |
| 09/30/03 | 1.00 |
| 09/30/03 | 49.75 |
| 10/01/03 | 12.75 |
| 10/01/03 | 0.75 |
| 10/01/03 | 0.50 |
| 10/01/03 | 0.50 |
| 10/01/03 | 3.00 |
| 10/02/03 | 19.00 |
| 10/02/03 | 3.75 |
| 10/02/03 | 155.50 |
| 10/02/03 | 0.75 |
| 10/02/03 | 24.00 |
| 10/02/03 | 1.25 |
| 10/03/03 | 3.50 |
| 10/03/03 | 0.50 |
| 10/03/03 | 13.75 |
| 10/03/03 | 24.50 |
| 10/06/03 | 43.25 |
| 10/06/03 | 12.00 |
| 10/06/03 | 14.75 |
| 10/06/03 | 1.75 |
| 10/07/03 | 12.00 |
| 10/07/03 | 0.25 |
| 10/07/03 | 96.00 |

Michael Ciccarone

Re: Marchese/Class Action

## Reimbursement for out of pocket expenses

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 10/07/03 | 4.50 |
| 10/07/03 | 2.25 |
| 10/07/03 | 0.50 |
| 10/07/03 | 0.25 |
| 10/07/03 | 3.50 |
| 10/07/03 | 3.00 |
| 10/07/03 | 17.75 |
| 10/07/03 | 13.50 |
| 10/08/03 | 56.75 |
| 10/08/03 | 1.25 |
| 10/09/03 | 0.75 |
| 10/09/03 | 0.25 |
| 10/09/03 | 2.50 |
| 10/10/03 | 0.25 |
| 10/10/03 | 251.25 |
| 10/10/03 | 807.75 |
| 10/10/03 | 3.50 |
| 10/10/03 | 98.00 |
| 10/10/03 | 4.00 |
| 10/13/03 | 199.50 |
| 10/13/03 | 15.00 |
| 10/13/03 | 1.25 |
| 10/13/03 | 41.00 |
| 10/13/03 | 1.75 |
| 10/13/03 | 5.50 |
| 10/13/03 | 0.25 |
| 10/14/03 | 0.50 |
| 10/14/03 | 1.75 |
| 10/14/03 | 0.75 |
| 10/14/03 | 0.75 |
| 10/15/03 | 0.50 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 10/16/03 | 5.75 |
| 10/16/03 | 11.00 |
| 10/16/03 | 1.50 |
| 10/16/03 | 25.50 |
| 10/16/03 | 3.75 |
| 10/16/03 | 5.50 |
| 10/16/03 | 155.25 |
| 10/16/03 | 87.00 |
| 10/16/03 | 0.75 |
| 10/16/03 | 1.75 |
| 10/16/03 | 0.75 |
| 10/16/03 | 33.00 |
| 10/16/03 | 0.75 |
| 10/16/03 | 204.00 |
| 10/16/03 | 14.25 |
| 10/17/03 | 0.50 |
| 10/17/03 | 1.00 |
| 10/17/03 | 1.00 |
| 10/20/03 | 1.00 |
| 10/20/03 | 0.75 |
| 10/20/03 | 3.25 |
| 10/20/03 | 0.75 |
| 10/20/03 | 16.00 |
| 10/20/03 | 6.25 |
| 10/20/03 | 8.00 |
| 10/20/03 | 3.50 |
| 10/20/03 | 3.50 |
| 10/20/03 | 0.50 |
| 10/20/03 | 4.00 |
| 10/20/03 | 5.25 |
| 10/20/03 | 13.50 |

Michael Ciccarone

Re: Marchese/Class Action

## Reimbursement for out of pocket expenses

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 10/20/03 | 5.00 |
| 10/20/03 | 2.25 |
| 10/20/03 | 6.75 |
| 10/20/03 | 12.00 |
| 10/21/03 | 12.00 |
| 10/21/03 | 0.50 |
| 10/21/03 | 0.75 |
| 10/21/03 | 28.00 |
| 10/21/03 | 0.75 |
| 10/21/03 | 3.50 |
| 10/21/03 | 23.75 |
| 10/21/03 | 15.75 |
| 10/22/03 | 2.25 |
| 10/22/03 | 7.50 |
| 10/22/03 | 51.50 |
| 10/22/03 | 1.75 |
| 10/22/03 | 1.50 |
| 10/23/03 | 10.00 |
| 10/23/03 | 6.50 |
| 10/23/03 | 0.50 |
| 10/23/03 | 3.00 |
| 10/23/03 | 5.50 |
| 10/23/03 | 6.75 |
| 10/23/03 | 7.50 |
| 10/23/03 | 1.75 |
| 10/23/03 | 28.00 |
| 10/24/03 | 34.00 |
| 10/24/03 | 6.50 |
| 10/27/03 | 3.75 |
| 10/27/03 | 26.75 |
| 10/27/03 | 7.50 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---:|
| 10/27/03 | 0.75 |
| 10/28/03 | 6.25 |
| 10/28/03 | 6.25 |
| 10/28/03 | 92.25 |
| 10/28/03 | 1.25 |
| 10/28/03 | 2.50 |
| 10/28/03 | 5.00 |
| 10/28/03 | 4.25 |
| 10/28/03 | 0.50 |
| 10/29/03 | 4.75 |
| 10/29/03 | 0.25 |
| 10/29/03 | 0.25 |
| 10/29/03 | 1.50 |
| 10/30/03 | 1.00 |
| 10/30/03 | 1.50 |
| 10/30/03 | 0.25 |
| 10/30/03 | 2.50 |
| 11/03/03 | 0.50 |
| 11/03/03 | 1.25 |
| 11/03/03 | 39.75 |
| 11/04/03 | 7.00 |
| 11/04/03 | 0.50 |
| 11/04/03 | 1.50 |
| 11/04/03 | 0.50 |
| 11/04/03 | 2.00 |
| 11/04/03 | 1.25 |
| 11/04/03 | 2.25 |
| 11/04/03 | 3.75 |
| 11/05/03 | 2.25 |
| 11/06/03 | 1.00 |
| 11/07/03 | 4.75 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 11/07/03 | 0.50 |
| 11/07/03 | 2.50 |
| 11/07/03 | 0.25 |
| 11/07/03 | 0.25 |
| 11/11/03 | 19.50 |
| 11/11/03 | 0.25 |
| 11/12/03 | 0.50 |
| 11/13/03 | 0.50 |
| 11/17/03 | 2.75 |
| 11/17/03 | 6.25 |
| 11/17/03 | 4.25 |
| 11/17/03 | 2.75 |
| 11/17/03 | 1.25 |
| 11/17/03 | 10.25 |
| 11/18/03 | 12.00 |
| 11/18/03 | 10.75 |
| 11/18/03 | 6.75 |
| 11/18/03 | 7.50 |
| 11/18/03 | 0.75 |
| 11/18/03 | 0.75 |
| 11/19/03 | 8.25 |
| 11/19/03 | 112.00 |
| 11/19/03 | 0.75 |
| 11/19/03 | 4.50 |
| 11/19/03 | 80.75 |
| 11/19/03 | 0.50 |
| 11/19/03 | 0.50 |
| 11/20/03 | 0.50 |
| 11/21/03 | 1.00 |
| 11/21/03 | 1.75 |
| 11/24/03 | 70.75 |

Michael Ciccarone

Re: Marchese/Class Action

## Reimbursement for out of pocket expenses

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 11/24/03 | 11.00 |
| 11/24/03 | 19.00 |
| 11/24/03 | 1.50 |
| 11/24/03 | 0.25 |
| 11/24/03 | 70.50 |
| 11/24/03 | 0.50 |
| 11/24/03 | 0.25 |
| 11/25/03 | 0.25 |
| 11/25/03 | 1.75 |
| 12/01/03 | 3.50 |
| 12/01/03 | 1.50 |
| 12/02/03 | 2.50 |
| 12/02/03 | 11.50 |
| 12/02/03 | 0.25 |
| 12/02/03 | 5.75 |
| 12/02/03 | 0.75 |
| 12/02/03 | 3.75 |
| 12/02/03 | 0.75 |
| 12/03/03 | 3.75 |
| 12/03/03 | 2.75 |
| 12/03/03 | 0.25 |
| 12/03/03 | 1.00 |
| 12/04/03 | 0.50 |
| 12/04/03 | 0.25 |
| 12/05/03 | 2.00 |
| 12/08/03 | 0.50 |
| 12/09/03 | 3.00 |
| 12/10/03 | 0.25 |
| 12/10/03 | 41.25 |
| 12/10/03 | 152.00 |
| 12/10/03 | 0.25 |

Michael Ciccarone

Re: Marchese/Class Action

## Reimbursement for out of pocket expenses

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 12/10/03 | 0.75 |
| 12/10/03 | 8.50 |
| 12/10/03 | 2.50 |
| 12/10/03 | 5.25 |
| 12/10/03 | 0.25 |
| 12/11/03 | 148.25 |
| 12/15/03 | 1.75 |
| 12/15/03 | 1.50 |
| 12/16/03 | 0.25 |
| 12/16/03 | 0.50 |
| 12/17/03 | 0.50 |
| 12/17/03 | 0.25 |
| 12/17/03 | 245.25 |
| 12/18/03 | 11.25 |
| 12/18/03 | 2,292.00 |
| 12/18/03 | 0.75 |
| 12/18/03 | 0.75 |
| 12/18/03 | 0.25 |
| 12/19/03 | 11.00 |
| 12/19/03 | 0.50 |
| 12/19/03 | 5.50 |
| 12/19/03 | 0.50 |
| 12/19/03 | 1.00 |
| 12/19/03 | 0.25 |
| 12/19/03 | 28.50 |
| 12/22/03 | 19.00 |
| 12/22/03 | 3.00 |
| 12/22/03 | 0.50 |
| 12/22/03 | 0.25 |
| 12/22/03 | 0.50 |
| 12/22/03 | 0.50 |

Michael Ciccarone

Re: Marchese/Class Action

## Reimbursement for out of pocket expenses

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 12/23/03 | 2.00 |
| 12/23/03 | 12.25 |
| 12/23/03 | 3.25 |
| 12/23/03 | 16.75 |
| 12/23/03 | 0.50 |
| 12/23/03 | 2.75 |
| 12/23/03 | 7.00 |
| 12/23/03 | 642.25 |
| 12/23/03 | 3.00 |
| 12/23/03 | 10.75 |
| 12/23/03 | 44.00 |
| 12/23/03 | 1.00 |
| 12/24/03 | 0.50 |
| 12/24/03 | 0.50 |
| 12/24/03 | 1.75 |
| 12/24/03 | 0.25 |
| 12/26/03 | 0.75 |
| 12/26/03 | 0.50 |
| 12/26/03 | 1.00 |
| 12/26/03 | 2.25 |
| 12/26/03 | 0.25 |
| 12/29/03 | 148.75 |
| 12/29/03 | 0.25 |
| 12/29/03 | 4.75 |
| 12/29/03 | 1.00 |
| 12/29/03 | 1.25 |
| 12/29/03 | 1.25 |
| 12/29/03 | 4.25 |
| 12/29/03 | 6.50 |
| 12/29/03 | 1.25 |
| 12/29/03 | 1.75 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 12/29/03 | 3.00 |
| 12/29/03 | 0.50 |
| 12/29/03 | 19.25 |
| 12/29/03 | 7.50 |
| 12/31/03 | 290.00 |
| 12/31/03 | 0.25 |
| 12/31/03 | 9.00 |
| 12/31/03 | 0.50 |
| 12/31/03 | 0.75 |
| 01/02/04 | 1.50 |
| 01/02/04 | 0.50 |
| 01/05/04 | 1.25 |
| 01/05/04 | 7.50 |
| 01/05/04 | 2.50 |
| 01/05/04 | 1.50 |
| 01/05/04 | 2.25 |
| 01/05/04 | 3.50 |
| 01/05/04 | 2.00 |
| 01/05/04 | 0.25 |
| 01/05/04 | 1.00 |
| 01/06/04 | 2.75 |
| 01/06/04 | 0.25 |
| 01/06/04 | 1.25 |
| 01/06/04 | 3.75 |
| 01/07/04 | 0.25 |
| 01/07/04 | 3.75 |
| 01/07/04 | 1.25 |
| 01/07/04 | 0.50 |
| 01/07/04 | 1.00 |
| 01/07/04 | 0.25 |
| 01/07/04 | 8.00 |

Michael Ciccarone

Re: Marchese/Class Action

## Reimbursement for out of pocket expenses

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 01/07/04 | 1.00 |
| 01/08/04 | 0.50 |
| 01/08/04 | 1.00 |
| 01/08/04 | 0.75 |
| 01/08/04 | 2.50 |
| 01/09/04 | 50.50 |
| 01/09/04 | 31.50 |
| 01/09/04 | 2.00 |
| 01/09/04 | 14.75 |
| 01/09/04 | 6.75 |
| 01/09/04 | 0.25 |
| 01/09/04 | 41.00 |
| 01/09/04 | 0.50 |
| 01/09/04 | 2.50 |
| 01/09/04 | 1.00 |
| 01/09/04 | 0.50 |
| 01/09/04 | 1.25 |
| 01/09/04 | 0.25 |
| 01/09/04 | 0.50 |
| 01/09/04 | 0.25 |
| 01/09/04 | 0.50 |
| 01/11/04 | 6.00 |
| 01/12/04 | 42.00 |
| 01/12/04 | 1.75 |
| 01/12/04 | 121.75 |
| 01/12/04 | 32.75 |
| 01/12/04 | 2.50 |
| 01/12/04 | 7.25 |
| 01/12/04 | 0.25 |
| 01/12/04 | 0.50 |
| 01/12/04 | 0.25 |

Michael Ciccarone

Re: Marchese/Class Action

## Reimbursement for out of pocket expenses

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 01/13/04 | 2.75 |
| 01/13/04 | 0.25 |
| 01/13/04 | 148.50 |
| 01/13/04 | 0.50 |
| 01/13/04 | 1.00 |
| 01/13/04 | 25.00 |
| 01/13/04 | 2.25 |
| 01/13/04 | 1.00 |
| 01/13/04 | 0.25 |
| 01/13/04 | 0.25 |
| 01/13/04 | 0.25 |
| 01/13/04 | 0.25 |
| 01/13/04 | 0.25 |
| 01/13/04 | 260.25 |
| 01/13/04 | 2.75 |
| 01/13/04 | 0.25 |
| 01/13/04 | 0.25 |
| 01/13/04 | 1.25 |
| 01/13/04 | 0.25 |
| 01/13/04 | 0.25 |
| 01/13/04 | 0.25 |
| 01/13/04 | 1.50 |
| 01/13/04 | 9.75 |
| 01/13/04 | 1.50 |
| 01/13/04 | 0.25 |
| 01/13/04 | 0.25 |
| 01/13/04 | 0.25 |
| 01/13/04 | 0.25 |
| 01/13/04 | 0.50 |
| 01/13/04 | 0.25 |
| 01/13/04 | 1.50 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Copying

| Date | Amount |
|---|---|
| 01/13/04 | 0.25 |
| 01/13/04 | 0.25 |
| 01/13/04 | 0.25 |
| 01/13/04 | 0.25 |
| 01/13/04 | 0.25 |
| 01/13/04 | 0.25 |
| 01/13/04 | 0.75 |
| 01/13/04 | 1.25 |
| 01/13/04 | 0.25 |
| 01/13/04 | 0.25 |
| 01/13/04 | 0.50 |
| 01/13/04 | 3.25 |
| 01/13/04 | 1.50 |
| 01/14/04 | 2.25 |
| 01/14/04 | 0.50 |
| 01/14/04 | 1.00 |
| 01/14/04 | 0.25 |
| 01/14/04 | 10.50 |
| 01/14/04 | 0.50 |
| 01/14/04 | 0.50 |
| 01/14/04 | 1.25 |
| 01/14/04 | 0.50 |
| 01/14/04 | 0.25 |
| 01/14/04 | 3.75 |
| 01/14/04 | 1.00 |
| 01/15/04 | 1.00 |
| 01/15/04 | 199.00 |
| 01/15/04 | 0.50 |
| 01/15/04 | 0.25 |
| 01/15/04 | 4.00 |
| 01/15/04 | 0.25 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 01/15/04 | 1.00 |
| 01/16/04 | 311.50 |
| 01/16/04 | 0.50 |
| 01/16/04 | 2.50 |
| 01/16/04 | 0.50 |
| 01/16/04 | 9.75 |
| 01/16/04 | 1.00 |
| 01/19/04 | 8.75 |
| 01/19/04 | 0.25 |
| 01/19/04 | 6.00 |
| 01/19/04 | 0.25 |
| 01/19/04 | 0.50 |
| 01/19/04 | 0.25 |
| 01/19/04 | 0.25 |
| 01/19/04 | 0.25 |
| 01/19/04 | 0.25 |
| 01/19/04 | 0.25 |
| 01/19/04 | 1.75 |
| 01/19/04 | 1.25 |
| 01/19/04 | 4.25 |
| 01/19/04 | 0.25 |
| 01/19/04 | 0.50 |
| 01/19/04 | 0.25 |
| 01/19/04 | 0.25 |
| 01/19/04 | 0.25 |
| 01/19/04 | 0.25 |
| 01/19/04 | 1.75 |
| 01/19/04 | 0.25 |
| 01/19/04 | 0.25 |
| 01/19/04 | 7.50 |
| 01/19/04 | 1.00 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 01/19/04 | 0.50 |
| 01/19/04 | 0.75 |
| 01/19/04 | 0.25 |
| 01/19/04 | 1.25 |
| 01/20/04 | 21.75 |
| 01/20/04 | 7.50 |
| 01/20/04 | 0.25 |
| 01/20/04 | 4.50 |
| 01/20/04 | 2.25 |
| 01/20/04 | 0.25 |
| 01/20/04 | 1.25 |
| 01/20/04 | 1.25 |
| 01/21/04 | 2.00 |
| 01/21/04 | 0.75 |
| 01/21/04 | 2.50 |
| 01/21/04 | 1.50 |
| 01/21/04 | 1.50 |
| 01/21/04 | 0.50 |
| 01/21/04 | 0.50 |
| 01/21/04 | 0.50 |
| 01/22/04 | 0.50 |
| 01/22/04 | 8.00 |
| 01/22/04 | 6.00 |
| 01/22/04 | 4.25 |
| 01/22/04 | 0.25 |
| 01/22/04 | 1.50 |
| 01/22/04 | 4.50 |
| 01/22/04 | 0.50 |
| 01/22/04 | 0.25 |
| 01/22/04 | 3.50 |
| 01/23/04 | 2.00 |

Michael Ciccarone

Re: Marchese/Class Action

## Reimbursement for out of pocket expenses

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 01/23/04 | 36.00 |
| 01/23/04 | 21.75 |
| 01/23/04 | 34.00 |
| 01/23/04 | 0.50 |
| 01/23/04 | 8.75 |
| 01/23/04 | 0.75 |
| 01/23/04 | 0.75 |
| 01/23/04 | 0.25 |
| 01/23/04 | 2.50 |
| 01/23/04 | 1.25 |
| 01/23/04 | 0.75 |
| 01/23/04 | 2.00 |
| 01/23/04 | 0.25 |
| 01/26/04 | 9.00 |
| 01/26/04 | 1.00 |
| 01/26/04 | 0.25 |
| 01/27/04 | 22.50 |
| 01/27/04 | 19.50 |
| 01/27/04 | 1.25 |
| 01/27/04 | 1.50 |
| 01/27/04 | 0.50 |
| 01/27/04 | 0.50 |
| 01/27/04 | 6.50 |
| 01/28/04 | 16.50 |
| 01/28/04 | 3.50 |
| 01/28/04 | 1.00 |
| 01/29/04 | 25.00 |
| 01/29/04 | 1.50 |
| 01/29/04 | 4.25 |
| 01/29/04 | 6.00 |
| 01/29/04 | 0.50 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 01/29/04 | 4.50 |
| 01/29/04 | 0.50 |
| 01/29/04 | 1.25 |
| 01/29/04 | 0.75 |
| 01/30/04 | 1.25 |
| 01/30/04 | 1.25 |
| 01/30/04 | 0.50 |
| 01/30/04 | 0.50 |
| 02/02/04 | 35.00 |
| 02/02/04 | 0.50 |
| 02/02/04 | 4.75 |
| 02/02/04 | 12.50 |
| 02/02/04 | 7.50 |
| 02/02/04 | 14.25 |
| 02/02/04 | 0.25 |
| 02/02/04 | 0.25 |
| 02/02/04 | 18.00 |
| 02/02/04 | 1.50 |
| 02/02/04 | 0.25 |
| 02/02/04 | 1.00 |
| 02/02/04 | 1.00 |
| 02/03/04 | 27.25 |
| 02/03/04 | 1.00 |
| 02/03/04 | 1.00 |
| 02/03/04 | 36.00 |
| 02/03/04 | 8.25 |
| 02/03/04 | 1.25 |
| 02/03/04 | 8.00 |
| 02/03/04 | 0.50 |
| 02/03/04 | 0.25 |
| 02/03/04 | 8.75 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 02/03/04 | 0.50 |
| 02/03/04 | 83.00 |
| 02/03/04 | 5.00 |
| 02/03/04 | 1.00 |
| 02/04/04 | 2.75 |
| 02/04/04 | 6.25 |
| 02/04/04 | 0.25 |
| 02/04/04 | 4.25 |
| 02/04/04 | 0.25 |
| 02/04/04 | 9.25 |
| 02/04/04 | 0.50 |
| 02/04/04 | 1.00 |
| 02/04/04 | 2.25 |
| 02/04/04 | 1.00 |
| 02/04/04 | 6.25 |
| 02/04/04 | 0.75 |
| 02/04/04 | 1.00 |
| 02/05/04 | 0.25 |
| 02/05/04 | 1.50 |
| 02/05/04 | 1.00 |
| 02/05/04 | 2.25 |
| 02/05/04 | 0.50 |
| 02/05/04 | 0.25 |
| 02/06/04 | 9.25 |
| 02/06/04 | 2.25 |
| 02/06/04 | 1.50 |
| 02/06/04 | 0.75 |
| 02/06/04 | 2.00 |
| 02/06/04 | 2.00 |
| 02/06/04 | 0.50 |
| 02/06/04 | 1.00 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Copying

| Date | Amount |
|------|--------|
| 02/06/04 | 0.50 |
| 02/09/04 | 5.50 |
| 02/09/04 | 1.25 |
| 02/09/04 | 0.25 |
| 02/09/04 | 0.50 |
| 02/09/04 | 5.00 |
| 02/09/04 | 3.25 |
| 02/09/04 | 1.00 |
| 02/10/04 | 1.50 |
| 02/10/04 | 0.25 |
| 02/10/04 | 0.25 |
| 02/10/04 | 4.00 |
| 02/10/04 | 0.75 |
| 02/10/04 | 4.75 |
| 02/11/04 | 26.00 |
| 02/11/04 | 64.00 |
| 02/11/04 | 4.00 |
| 02/11/04 | 10.75 |
| 02/11/04 | 68.00 |
| 02/11/04 | 3.25 |
| 02/11/04 | 0.25 |
| 02/11/04 | 0.25 |
| 02/11/04 | 0.25 |
| 02/11/04 | 0.25 |
| 02/11/04 | 2.00 |
| 02/11/04 | 5.00 |
| 02/12/04 | 0.25 |
| 02/12/04 | 1.00 |
| 02/12/04 | 3.75 |
| 02/12/04 | 0.50 |
| 02/12/04 | 0.25 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 02/12/04 | 1.00 |
| 02/12/04 | 1.50 |
| 02/12/04 | 1.00 |
| 02/12/04 | 8.25 |
| 02/12/04 | 2.75 |
| 02/12/04 | 4.75 |
| 02/12/04 | 362.50 |
| 02/12/04 | 1.50 |
| 02/12/04 | 0.25 |
| 02/12/04 | 38.00 |
| 02/12/04 | 0.75 |
| 02/12/04 | 8.75 |
| 02/12/04 | 2.00 |
| 02/12/04 | 1.75 |
| 02/12/04 | 8.50 |
| 02/12/04 | 0.50 |
| 02/12/04 | 2.00 |
| 02/12/04 | 1.50 |
| 02/12/04 | 0.25 |
| 02/12/04 | 1.00 |
| 02/13/04 | 17.25 |
| 02/13/04 | 0.50 |
| 02/13/04 | 1.75 |
| 02/13/04 | 118.25 |
| 02/13/04 | 5.75 |
| 02/13/04 | 32.25 |
| 02/13/04 | 12.75 |
| 02/13/04 | 0.50 |
| 02/13/04 | 0.75 |
| 02/13/04 | 0.25 |
| 02/13/04 | 0.50 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 02/13/04 | 0.25 |
| 02/15/04 | 0.50 |
| 02/15/04 | 21.50 |
| 02/15/04 | 136.50 |
| 02/15/04 | 467.50 |
| 02/16/04 | 41.75 |
| 02/16/04 | 1.00 |
| 02/16/04 | 2.00 |
| 02/16/04 | 2.50 |
| 02/16/04 | 0.50 |
| 02/16/04 | 1.00 |
| 02/16/04 | 3.00 |
| 02/16/04 | 1.25 |
| 02/17/04 | 5.50 |
| 02/17/04 | 6.75 |
| 02/17/04 | 8.00 |
| 02/17/04 | 1.75 |
| 02/17/04 | 34.00 |
| 02/17/04 | 17.75 |
| 02/17/04 | 1.75 |
| 02/17/04 | 2.50 |
| 02/17/04 | 0.75 |
| 02/17/04 | 0.75 |
| 02/17/04 | 28.50 |
| 02/17/04 | 8.75 |
| 02/17/04 | 5.00 |
| 02/17/04 | 61.25 |
| 02/17/04 | 39.00 |
| 02/17/04 | 14.00 |
| 02/17/04 | 47.75 |
| 02/17/04 | 280.25 |

Michael Ciccarone

Re: Marchese/Class Action

## Reimbursement for out of pocket expenses

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 02/17/04 | 3.00 |
| 02/17/04 | 169.50 |
| 02/17/04 | 34.50 |
| 02/17/04 | 34.50 |
| 02/17/04 | 1.00 |
| 02/17/04 | 150.00 |
| 02/17/04 | 36.75 |
| 02/17/04 | 1.50 |
| 02/17/04 | 60.50 |
| 02/17/04 | 0.50 |
| 02/17/04 | 15.50 |
| 02/17/04 | 2.50 |
| 02/18/04 | 0.50 |
| 02/18/04 | 74.25 |
| 02/18/04 | 52.00 |
| 02/18/04 | 11.50 |
| 02/18/04 | 1.50 |
| 02/18/04 | 12.00 |
| 02/18/04 | 5.50 |
| 02/18/04 | 36.75 |
| 02/18/04 | 13.50 |
| 02/18/04 | 0.25 |
| 02/18/04 | 15.00 |
| 02/18/04 | 0.50 |
| 02/18/04 | 0.50 |
| 02/18/04 | 1.75 |
| 02/18/04 | 6.25 |
| 02/18/04 | 0.75 |
| 02/19/04 | 60.00 |
| 02/19/04 | 0.25 |
| 02/19/04 | 265.00 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 02/19/04 | 0.75 |
| 02/20/04 | 2.25 |
| 02/20/04 | 0.25 |
| 02/20/04 | 0.50 |
| 02/20/04 | 0.25 |
| 02/20/04 | 34.00 |
| 02/20/04 | 52.50 |
| 02/23/04 | 0.50 |
| 02/23/04 | 1.00 |
| 02/23/04 | 3.50 |
| 02/23/04 | 8.50 |
| 02/23/04 | 0.25 |
| 02/23/04 | 8.50 |
| 02/23/04 | 1.00 |
| 02/23/04 | 0.50 |
| 02/23/04 | 3.75 |
| 02/23/04 | 21.50 |
| 02/23/04 | 0.25 |
| 02/23/04 | 0.50 |
| 02/23/04 | 52.50 |
| 02/23/04 | 1.00 |
| 02/23/04 | 506.00 |
| 02/23/04 | 2.50 |
| 02/23/04 | 41.25 |
| 02/23/04 | 1.00 |
| 02/23/04 | 1.00 |
| 02/23/04 | 8.00 |
| 02/24/04 | 1.25 |
| 02/24/04 | 0.25 |
| 02/24/04 | 1.50 |
| 02/24/04 | 1.00 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 02/24/04 | 27.75 |
| 02/24/04 | 0.75 |
| 02/24/04 | 289.50 |
| 02/24/04 | 21.50 |
| 02/24/04 | 4.75 |
| 02/24/04 | 19.00 |
| 02/24/04 | 1.75 |
| 02/24/04 | 8.25 |
| 02/24/04 | 25.50 |
| 02/24/04 | 8.25 |
| 02/24/04 | 3.75 |
| 02/24/04 | 235.25 |
| 02/24/04 | 1.00 |
| 02/24/04 | 0.50 |
| 02/24/04 | 1.00 |
| 02/24/04 | 0.50 |
| 02/24/04 | 1.00 |
| 02/24/04 | 3.50 |
| 02/24/04 | 0.25 |
| 02/24/04 | 5.75 |
| 02/24/04 | 17.50 |
| 02/24/04 | 1.00 |
| 02/24/04 | 31.00 |
| 02/25/04 | 93.75 |
| 02/25/04 | 3.25 |
| 02/25/04 | 2.00 |
| 02/25/04 | 4.50 |
| 02/25/04 | 0.50 |
| 02/25/04 | 347.75 |
| 02/25/04 | 31.75 |
| 02/25/04 | 3.50 |

Michael Ciccarone

Re: Marchese/Class Action

## Reimbursement for out of pocket expenses

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 02/25/04 | 2.75 |
| 02/25/04 | 4.00 |
| 02/25/04 | 28.50 |
| 02/25/04 | 309.00 |
| 02/25/04 | 17.75 |
| 02/25/04 | 0.50 |
| 02/25/04 | 40.00 |
| 02/25/04 | 5.00 |
| 02/25/04 | 1.50 |
| 02/25/04 | 0.50 |
| 02/25/04 | 6.50 |
| 02/25/04 | 0.50 |
| 02/25/04 | 0.75 |
| 02/26/04 | 15.50 |
| 02/26/04 | 38.25 |
| 02/26/04 | 1.50 |
| 02/26/04 | 1.50 |
| 02/26/04 | 40.75 |
| 02/26/04 | 0.50 |
| 02/26/04 | 0.25 |
| 02/26/04 | 15.50 |
| 02/26/04 | 13.50 |
| 02/26/04 | 1.00 |
| 02/26/04 | 3.25 |
| 02/26/04 | 2.00 |
| 02/26/04 | 28.50 |
| 02/26/04 | 4.25 |
| 02/26/04 | 1.25 |
| 02/26/04 | 2.25 |
| 02/26/04 | 2.75 |
| 02/27/04 | 9.50 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 02/27/04 | 6.75 |
| 02/27/04 | 2.00 |
| 02/27/04 | 2.00 |
| 02/27/04 | 33.25 |
| 02/27/04 | 2.00 |
| 02/27/04 | 1.75 |
| 02/27/04 | 0.25 |
| 02/27/04 | 1.50 |
| 02/27/04 | 3.25 |
| 02/27/04 | 1.50 |
| 02/27/04 | 1.75 |
| 02/27/04 | 2.00 |
| 02/27/04 | 2.00 |
| 02/27/04 | 4.00 |
| 02/27/04 | 19.75 |
| 02/27/04 | 4.25 |
| 02/27/04 | 10.75 |
| 03/01/04 | 46.75 |
| 03/01/04 | 16.00 |
| 03/01/04 | 3.00 |
| 03/01/04 | 0.50 |
| 03/01/04 | 21.50 |
| 03/01/04 | 3.00 |
| 03/01/04 | 105.25 |
| 03/01/04 | 0.50 |
| 03/01/04 | 3.25 |
| 03/01/04 | 2.00 |
| 03/01/04 | 1.50 |
| 03/02/04 | 1.25 |
| 03/02/04 | 8.25 |
| 03/02/04 | 0.25 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 03/02/04 | 0.50 |
| 03/02/04 | 3.25 |
| 03/02/04 | 0.75 |
| 03/02/04 | 7.25 |
| 03/02/04 | 2.25 |
| 03/02/04 | 25.75 |
| 03/03/04 | 5.75 |
| 03/03/04 | 1.50 |
| 03/03/04 | 2.25 |
| 03/03/04 | 27.25 |
| 03/04/04 | 0.50 |
| 03/04/04 | 0.50 |
| 03/04/04 | 0.25 |
| 03/04/04 | 0.50 |
| 03/04/04 | 0.50 |
| 03/05/04 | 0.50 |
| 03/05/04 | 0.25 |
| 03/05/04 | 0.25 |
| 03/05/04 | 0.75 |
| 03/05/04 | 0.25 |
| 03/05/04 | 11.00 |
| 03/05/04 | 16.50 |
| 03/05/04 | 29.00 |
| 03/05/04 | 6.25 |
| 03/05/04 | 6.25 |
| 03/08/04 | 25.25 |
| 03/08/04 | 1.25 |
| 03/08/04 | 1.25 |
| 03/08/04 | 3.75 |
| 03/08/04 | 17.00 |
| 03/08/04 | 4.00 |

Michael Ciccarone

Re: Marchese/Class Action

## Reimbursement for out of pocket expenses

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 03/08/04 | 61.00 |
| 03/08/04 | 1.75 |
| 03/08/04 | 3.00 |
| 03/08/04 | 26.00 |
| 03/08/04 | 118.00 |
| 03/08/04 | 7.50 |
| 03/09/04 | 6.25 |
| 03/09/04 | 2.75 |
| 03/09/04 | 0.25 |
| 03/09/04 | 0.25 |
| 03/09/04 | 0.50 |
| 03/09/04 | 9.00 |
| 03/10/04 | 0.75 |
| 03/10/04 | 1.00 |
| 03/10/04 | 1.25 |
| 03/10/04 | 0.25 |
| 03/10/04 | 3.75 |
| 03/10/04 | 1.25 |
| 03/10/04 | 7.00 |
| 03/11/04 | 2.00 |
| 03/11/04 | 4.00 |
| 03/11/04 | 8.00 |
| 03/11/04 | 4.00 |
| 03/11/04 | 0.25 |
| 03/11/04 | 0.25 |
| 03/11/04 | 12.00 |
| 03/11/04 | 1.00 |
| 03/11/04 | 0.75 |
| 03/11/04 | 0.50 |
| 03/12/04 | 3.75 |
| 03/12/04 | 25.75 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 03/12/04 | 0.25 |
| 03/12/04 | 2.75 |
| 03/12/04 | 3.50 |
| 03/12/04 | 0.25 |
| 03/12/04 | 0.25 |
| 03/15/04 | 0.25 |
| 03/15/04 | 0.25 |
| 03/15/04 | 12.75 |
| 03/15/04 | 1.00 |
| 03/15/04 | 7.25 |
| 03/15/04 | 18.50 |
| 03/15/04 | 0.25 |
| 03/15/04 | 0.25 |
| 03/15/04 | 0.25 |
| 03/15/04 | 5.50 |
| 03/16/04 | 15.00 |
| 03/16/04 | 1.00 |
| 03/17/04 | 17.50 |
| 03/17/04 | 18.00 |
| 03/17/04 | 11.00 |
| 03/17/04 | 4.75 |
| 03/17/04 | 7.75 |
| 03/17/04 | 13.00 |
| 03/17/04 | 8.25 |
| 03/17/04 | 15.75 |
| 03/17/04 | 11.00 |
| 03/17/04 | 1.50 |
| 03/17/04 | 6.25 |
| 03/17/04 | 0.50 |
| 03/17/04 | 1.00 |
| 03/18/04 | 280.00 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 03/18/04 | 352.00 |
| 03/18/04 | 30.25 |
| 03/19/04 | 1.25 |
| 03/19/04 | 13.00 |
| 03/19/04 | 16.00 |
| 03/19/04 | 0.50 |
| 03/19/04 | 6.00 |
| 03/19/04 | 13.00 |
| 03/19/04 | 16.75 |
| 03/19/04 | 1.00 |
| 03/19/04 | 49.50 |
| 03/22/04 | 30.75 |
| 03/22/04 | 6.25 |
| 03/22/04 | 6.00 |
| 03/22/04 | 18.50 |
| 03/22/04 | 5.00 |
| 03/22/04 | 11.00 |
| 03/22/04 | 88.00 |
| 03/23/04 | 7.00 |
| 03/23/04 | 1.25 |
| 03/23/04 | 6.25 |
| 03/24/04 | 7.25 |
| 03/24/04 | 30.00 |
| 03/24/04 | 8.75 |
| 03/24/04 | 0.75 |
| 03/24/04 | 1.50 |
| 03/24/04 | 7.25 |
| 03/26/04 | 0.50 |
| 03/28/04 | 0.50 |
| 03/29/04 | 6.00 |
| 03/29/04 | 0.25 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 03/29/04 | 1.50 |
| 03/29/04 | 32.00 |
| 03/29/04 | 7.00 |
| 03/29/04 | 8.00 |
| 03/29/04 | 5.75 |
| 03/29/04 | 4.00 |
| 03/29/04 | 30.75 |
| 03/30/04 | 4.00 |
| 03/30/04 | 0.50 |
| 03/30/04 | 40.50 |
| 03/31/04 | 0.25 |
| 03/31/04 | 0.25 |
| 03/31/04 | 43.50 |
| 03/31/04 | 0.50 |
| 03/31/04 | 0.75 |
| 03/31/04 | 0.75 |
| 03/31/04 | 0.75 |
| 04/01/04 | 2.75 |
| 04/01/04 | 0.50 |
| 04/01/04 | 10.00 |
| 04/01/04 | 3.00 |
| 04/01/04 | 0.25 |
| 04/01/04 | 3.25 |
| 04/02/04 | 0.25 |
| 04/02/04 | 0.25 |
| 04/06/04 | 0.25 |
| 04/06/04 | 9.00 |
| 04/06/04 | 114.00 |
| 04/06/04 | 0.50 |
| 04/07/04 | 7.50 |
| 04/07/04 | 0.25 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 04/07/04 | 2.00 |
| 04/07/04 | 28.00 |
| 04/07/04 | 14.50 |
| 04/08/04 | 5.50 |
| 04/08/04 | 1.50 |
| 04/08/04 | 1.25 |
| 04/08/04 | 0.50 |
| 04/08/04 | 0.25 |
| 04/08/04 | 1.00 |
| 04/08/04 | 27.00 |
| 04/08/04 | 8.00 |
| 04/09/04 | 1.50 |
| 04/09/04 | 2.75 |
| 04/09/04 | 5.00 |
| 04/09/04 | 0.25 |
| 04/09/04 | 0.25 |
| 04/09/04 | 3.00 |
| 04/12/04 | 2.00 |
| 04/13/04 | 17.25 |
| 04/13/04 | 0.50 |
| 04/13/04 | 0.25 |
| 04/13/04 | 0.50 |
| 04/14/04 | 1.00 |
| 04/15/04 | 5.25 |
| 04/15/04 | 2.00 |
| 04/15/04 | 499.75 |
| 04/15/04 | 0.75 |
| 04/15/04 | 39.00 |
| 04/15/04 | 1.50 |
| 04/16/04 | 0.50 |
| 04/16/04 | 385.50 |

Michael Ciccarone

Re: Marchese/Class Action

## Reimbursement for out of pocket expenses

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 04/16/04 | 1.50 |
| 04/19/04 | 0.25 |
| 04/19/04 | 0.25 |
| 04/19/04 | 1.00 |
| 04/20/04 | 0.50 |
| 04/20/04 | 6.50 |
| 04/20/04 | 8.25 |
| 04/20/04 | 27.75 |
| 04/21/04 | 10.25 |
| 04/21/04 | 0.75 |
| 04/21/04 | 1.00 |
| 04/21/04 | 22.25 |
| 04/21/04 | 2.00 |
| 04/21/04 | 0.25 |
| 04/22/04 | 62.50 |
| 04/22/04 | 455.25 |
| 04/22/04 | 233.75 |
| 04/22/04 | 195.50 |
| 04/22/04 | 22.00 |
| 04/22/04 | 91.50 |
| 04/22/04 | 3.50 |
| 04/22/04 | 18.25 |
| 04/22/04 | 0.50 |
| 04/22/04 | 2.50 |
| 04/22/04 | 0.25 |
| 04/22/04 | 1.75 |
| 04/22/04 | 0.25 |
| 04/23/04 | 128.50 |
| 04/23/04 | 22.75 |
| 04/23/04 | 41.75 |
| 04/23/04 | 130.25 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

| Copying | |
|---------|---------|
| 04/23/04 | 68.50 |
| 04/23/04 | 1.00 |
| 04/23/04 | 14.25 |
| 04/23/04 | 0.25 |
| 04/23/04 | 7.75 |
| 04/26/04 | 69.00 |
| 04/26/04 | 200.50 |
| 04/26/04 | 0.50 |
| 04/26/04 | 0.50 |
| 04/26/04 | 0.75 |
| 04/26/04 | 1,102.50 |
| 04/27/04 | 0.75 |
| 04/27/04 | 0.25 |
| 04/27/04 | 4.75 |
| 04/27/04 | 3.50 |
| 04/27/04 | 4.75 |
| 04/27/04 | 3.75 |
| 04/27/04 | 4.00 |
| 04/27/04 | 4.00 |
| 04/27/04 | 19.25 |
| 04/27/04 | 0.50 |
| 04/27/04 | 18.00 |
| 04/27/04 | 0.50 |
| 04/27/04 | 7.50 |
| 04/27/04 | 243.00 |
| 04/27/04 | 0.50 |
| 04/27/04 | 3.25 |
| 04/28/04 | 18.50 |
| 04/28/04 | 0.25 |
| 04/28/04 | 0.25 |
| 04/28/04 | 14.50 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 04/28/04 | 0.25 |
| 04/28/04 | 26.75 |
| 04/28/04 | 0.50 |
| 04/28/04 | 2.00 |
| 04/28/04 | 0.50 |
| 04/28/04 | 0.50 |
| 04/28/04 | 0.25 |
| 04/28/04 | 0.25 |
| 04/28/04 | 1.50 |
| 04/28/04 | 0.75 |
| 04/28/04 | 0.50 |
| 04/29/04 | 2.75 |
| 04/29/04 | 1.00 |
| 04/29/04 | 8.25 |
| 04/29/04 | 0.75 |
| 04/29/04 | 0.50 |
| 04/29/04 | 10.50 |
| 04/29/04 | 209.00 |
| 04/29/04 | 0.25 |
| 04/29/04 | 1.50 |
| 04/29/04 | 79.75 |
| 04/29/04 | 1.00 |
| 04/29/04 | 3.50 |
| 04/29/04 | 0.75 |
| 04/29/04 | 1.25 |
| 04/29/04 | 1.25 |
| 04/29/04 | 1.25 |
| 04/29/04 | 1.50 |
| 04/29/04 | 0.75 |
| 04/29/04 | 0.25 |
| 04/29/04 | 1.00 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 04/30/04 | 1.00 |
| 04/30/04 | 2.75 |
| 04/30/04 | 3.75 |
| 04/30/04 | 7.50 |
| 04/30/04 | 0.50 |
| 04/30/04 | 17.00 |
| 04/30/04 | 5.50 |
| 04/30/04 | 76.75 |
| 04/30/04 | 1.50 |
| 04/30/04 | 2.00 |
| 04/30/04 | 10.50 |
| 04/30/04 | 3.25 |
| 04/30/04 | 144.75 |
| 04/30/04 | 0.50 |
| 04/30/04 | 35.25 |
| 04/30/04 | 0.50 |
| 04/30/04 | 21.25 |
| 05/01/04 | 2.75 |
| 05/02/04 | 12.25 |
| 05/02/04 | 3.00 |
| 05/02/04 | 4.50 |
| 05/02/04 | 18.50 |
| 05/02/04 | 1.25 |
| 05/02/04 | 12.00 |
| 05/03/04 | 35.50 |
| 05/03/04 | 10.25 |
| 05/03/04 | 74.00 |
| 05/03/04 | 7.00 |
| 05/03/04 | 0.50 |
| 05/03/04 | 0.50 |
| 05/03/04 | 0.25 |

Michael Ciccarone

Re: Marchese/Class Action

## Reimbursement for out of pocket expenses

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 05/03/04 | 3.25 |
| 05/03/04 | 0.25 |
| 05/03/04 | 2.25 |
| 05/03/04 | 0.50 |
| 05/03/04 | 22.75 |
| 05/03/04 | 0.50 |
| 05/03/04 | 0.50 |
| 05/03/04 | 0.25 |
| 05/03/04 | 1.25 |
| 05/03/04 | 0.25 |
| 05/03/04 | 0.50 |
| 05/03/04 | 1.00 |
| 05/03/04 | 0.50 |
| 05/04/04 | 0.50 |
| 05/04/04 | 0.50 |
| 05/04/04 | 0.50 |
| 05/04/04 | 1.75 |
| 05/04/04 | 0.50 |
| 05/04/04 | 1.00 |
| 05/04/04 | 1.50 |
| 05/04/04 | 0.75 |
| 05/04/04 | 2.00 |
| 05/04/04 | 2.50 |
| 05/05/04 | 1.00 |
| 05/05/04 | 0.50 |
| 05/05/04 | 1.00 |
| 05/05/04 | 3.50 |
| 05/05/04 | 10.00 |
| 05/05/04 | 53.00 |
| 05/05/04 | 0.25 |
| 05/05/04 | 59.75 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 05/05/04 | 0.75 |
| 05/05/04 | 7.50 |
| 05/05/04 | 4.00 |
| 05/05/04 | 4.50 |
| 05/05/04 | 0.75 |
| 05/05/04 | 12.75 |
| 05/05/04 | 10.50 |
| 05/05/04 | 35.75 |
| 05/05/04 | 3.00 |
| 05/05/04 | 48.50 |
| 05/05/04 | 34.25 |
| 05/05/04 | 5.00 |
| 05/05/04 | 1.25 |
| 05/06/04 | 17.50 |
| 05/06/04 | 1.00 |
| 05/06/04 | 2.00 |
| 05/07/04 | 0.50 |
| 05/10/04 | 0.25 |
| 05/10/04 | 0.25 |
| 05/10/04 | 138.25 |
| 05/10/04 | 21.75 |
| 05/10/04 | 0.25 |
| 05/10/04 | 0.75 |
| 05/11/04 | 117.75 |
| 05/11/04 | 0.50 |
| 05/11/04 | 1.50 |
| 05/12/04 | 1.25 |
| 05/12/04 | 0.50 |
| 05/13/04 | 1.00 |
| 05/13/04 | 36.75 |
| 05/13/04 | 13.50 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Copying

| | | |
|---|---|---:|
| 05/13/04 | | 0.50 |
| 05/13/04 | | 0.25 |
| 05/13/04 | | 61.75 |
| 05/13/04 | | 0.75 |
| 05/13/04 | | 1.50 |
| 05/13/04 | | 112.25 |
| 05/14/04 | | 7.75 |
| 05/14/04 | | 1.75 |
| 05/14/04 | | 6.00 |
| 05/17/04 | | 0.25 |
| 05/17/04 | | 33.75 |
| 05/17/04 | | 1.50 |
| 05/17/04 | | 1.50 |
| 05/17/04 | | 0.25 |
| 05/17/04 | | 0.50 |
| 05/17/04 | | 2.25 |
| 05/18/04 | | 6.25 |
| 05/18/04 | | 1.75 |
| 05/18/04 | | 0.50 |
| 05/18/04 | TNB--INV #05/03/04 DTD 05/18/04 EXPENSE VOUCHER COPY FEE FOR COMPLAINT FROM MONTGOMERY COUNTY COURTHOUSE ON 05/03/04 | 6.00 |
| 05/19/04 | | 1.50 |
| 05/19/04 | | 21.50 |
| 05/19/04 | | 17.50 |
| 05/19/04 | | 4.00 |
| 05/19/04 | | 3.50 |
| 05/19/04 | | 24.75 |
| 05/19/04 | | 30.50 |
| 05/19/04 | | 30.75 |
| 05/19/04 | | 7.75 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Copying

| Date | Amount |
|---|---|
| 05/20/04 | 1.00 |
| 05/20/04 | 9.75 |
| 05/20/04 | 76.50 |
| 05/20/04 | 27.50 |
| 05/20/04 | 0.75 |
| 05/20/04 | 9.75 |
| 05/20/04 | 0.50 |
| 05/20/04 | 0.25 |
| 05/20/04 | 0.25 |
| 05/21/04 | 21.25 |
| 05/21/04 | 0.25 |
| 05/21/04 | 24.25 |
| 05/21/04 | 6.25 |
| 05/21/04 | 11.00 |
| 05/25/04 | 0.50 |
| 05/25/04 | 1.00 |
| 05/25/04 | 1.25 |
| 05/25/04 | 0.50 |
| 05/26/04 | 0.50 |
| 05/26/04 | 0.50 |
| 05/26/04 | 0.75 |
| 05/26/04 | 0.25 |
| 05/27/04 | 1.50 |
| 05/27/04 | 2.25 |
| 05/28/04 | 0.25 |
| 05/28/04 | 0.25 |
| 05/28/04 | 1.00 |
| 06/01/04 | 4.50 |
| 06/01/04 | 0.25 |
| 06/01/04 | 3.00 |
| 06/01/04 | 0.50 |

Michael Ciccarone

Re: Marchese/Class Action

## Reimbursement for out of pocket expenses

January 1, 2003 through July 31, 2004

Copying

| Date | Amount |
|------|--------|
| 06/01/04 | 0.25 |
| 06/01/04 | 0.75 |
| 06/04/04 | 0.25 |
| 06/07/04 | 0.25 |
| 06/07/04 | 1.00 |
| 06/07/04 | 8.25 |
| 06/07/04 | 5.00 |
| 06/07/04 | 0.50 |
| 06/08/04 | 1.50 |
| 06/09/04 | 0.75 |
| 06/09/04 | 4.75 |
| 06/10/04 | 1.75 |
| 06/10/04 | 2.25 |
| 06/10/04 | 0.50 |
| 06/10/04 | 1.75 |
| 06/10/04 | 1.25 |
| 06/11/04 | 0.75 |
| 06/11/04 | 1.00 |
| 06/14/04 | 1.00 |
| 06/14/04 | 1.00 |
| 06/14/04 | 1.50 |
| 06/14/04 | 0.75 |
| 06/14/04 | 0.25 |
| 06/14/04 | 0.75 |
| 06/14/04 | 31.00 |
| 06/14/04 | 3.00 |
| 06/14/04 | 3.00 |
| 06/15/04 | 0.50 |
| 06/15/04 | 96.75 |
| 06/15/04 | 0.25 |
| 06/15/04 | 1.50 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Copying

| | |
|---|---|
| 06/15/04 | 0.50 |
| 06/16/04 | 1.25 |
| 06/16/04 | 2.50 |
| 06/17/04 | 0.50 |
| 06/18/04 | 0.75 |
| 06/18/04 | 9.00 |
| 06/18/04 | 2.50 |
| 06/21/04 | 47.00 |
| 06/21/04 | 7.50 |
| 06/21/04 | 45.00 |
| 06/21/04 | 0.25 |
| 06/22/04 | 2.25 |
| 06/23/04 | 8.75 |
| 06/28/04 | 13.75 |
| 06/28/04 | 0.25 |
| 06/28/04 | 0.25 |
| 06/28/04 | 0.25 |
| 06/28/04 | 33.50 |
| 06/28/04 | 16.50 |
| 06/29/04 | 0.75 |
| 06/29/04 | 0.50 |
| 06/30/04 | 0.50 |
| 07/01/04 | 2.75 |
| 07/02/04 | 0.50 |
| 07/02/04 | 0.50 |
| 07/02/04 | 2.50 |
| 07/02/04 | 0.25 |
| 07/06/04 | 0.50 |
| 07/06/04 | 3.50 |
| 07/07/04 | 2.00 |
| 07/07/04 | 6.00 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Copying

| Date | Amount |
|------|--------|
| 07/07/04 | 0.50 |
| 07/07/04 | 29.75 |
| 07/08/04 | 22.50 |
| 07/08/04 | 9.75 |
| 07/09/04 | 3.00 |
| 07/09/04 | 28.50 |
| 07/09/04 | 21.50 |
| 07/09/04 | 2.00 |
| 07/09/04 | 87.75 |
| 07/09/04 | 0.25 |
| 07/12/04 | 1.00 |
| 07/12/04 | 23.50 |
| 07/12/04 | 7.00 |
| 07/15/04 | 5.50 |
| 07/15/04 | 5.50 |
| 07/15/04 | 15.50 |
| 07/15/04 | 1.75 |
| 07/16/04 | 2.25 |
| 07/19/04 | 100.00 |
| 07/19/04 | 1,000.00 |
| 07/19/04 | 502.25 |
| 07/19/04 | 1.00 |
| 07/20/04 | 0.25 |
| 07/20/04 | 1,000.00 |
| 07/20/04 | 3.00 |
| 07/20/04 | 800.00 |
| 07/20/04 | 289.75 |
| 07/20/04 | 1.00 |
| 07/20/04 | 4.75 |
| 07/21/04 | 980.00 |
| 07/23/04 | 12.75 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Copying

| | | |
|---|---|---|
| 07/26/04 | 2.50 | |
| 07/26/04 | 3.00 | |
| 07/26/04 | 0.75 | |
| 07/28/04 | 0.50 | |
| 07/29/04 | 12.25 | |
| | | $33,136.75 |

Messenger

| | | |
|---|---|---|
| 06/12/03 | LEGAL EXPRESS SUPPORT SERVICE (BB)---INV #603-38, DTD 06/12/03 DELIVERY SERVICE FOR THE PERIOD: 06/09-06/12: JUDGE SHAPIRO'S CHAMBERS/U.S. DISTRICT COURT, PHILA., PA FOR MAK ON 06/12/03 | 47.00 |
| 07/31/03 | LEGAL EXPRESS SUPPORT SERVICE---INV #703-142, DTD 07/31/03 DELIVERY SERVICE FOR THE PERIOD: 07/28-07/31: SERVE SUBPOENA ON ERIE INSURANCE, DELAWARE COUNTY, PA FOR TTM ON 07/30/03 | 75.00 |
| 08/22/03 | LEGAL EXPRESS SUPPORT SERVICE (BB)---INV #803-66, DTD 08/22/03 DELIVERY SERVICE FOR THE PERIOD: 08/18-08/22: SERVE SUBPOENA ON PNC BANK, SPRING CITY, PA FOR TTM ON 08/21/03 | 75.00 |
| 09/19/03 | LEGAL EXPRESS SUPPORT SERVICE (BB)---INV #903-48, DTD 09/19/03 DELIVERY SERVICE FOR THE PERIOD: 09/12-09/19: SERVE SUBPOENA IN HATFIELD, PA FOR TTM ON 09/19/03 | 55.00 |
| 09/19/03 | LEGAL EXPRESS SUPPORT SERVICE (BB)---INV #903-48, DTD 09/19/03 DELIVERY SERVICE FOR THE PERIOD: 09/12-09/19: SERVE SUBPOENA IN MONT CLARE, PA FOR TTM ON 09/19/03 | 55.00 |
| 09/30/03 | LEGAL EXPRESS SUPPORT SERVICE (BB)---INV #903-143, DTD 09/30/03 DELIVERY SERVICE FOR THE PERIOD: 09/29-09/30 - PICK-UP BOX OF DOCUMENTS FROM MAILLIE FALCONIERO & COMPANY, LLP, MONT CLARE, PA FOR TTM ON 09/29/03 | 47.00 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Messenger

| | | |
|---|---|---|
| 10/01/03 | LEGAL EXPRESS SUPPORT SERVICE (BB)---INV #1003-71, DTD 10/01/03 DELIVERY SERVICE FOR THE PERIOD: 10/01-10: ATTEMPTED TO SERVE SUBPOENA ON SOVEREIGN BANK, INC., DRESHER, PA FOR TTM ON 10/01/03 | 55.00 |
| 10/01/03 | LEGAL EXPRESS SUPPORT SERVICE (BB)---INV #1003-71, DTD 10/01/03 DELIVERY SERVICE FOR THE PERIOD: 10/01-10: SUBPOENA SERVED ON SOVEREIGN BANK, INC., DRESHER, PA FOR TTM ON 10/02/03 | 55.00 |
| 12/29/03 | LEGAL EXPRESS SUPPORT SERVICE (BB)---INV #1203-153, DTD 12/29/03 DELIVERY SERVICE FOR THE PERIOD: 12/29-12/31/03: FILING/CLERK, U.S. DISTRICT COURT, PHILA., PA FOR MAK ON 12/29/03 | 30.00 |
| 01/31/04 | LEGAL EXPRESS SUPPORT SERVICE (BB)---INV #104-68, DTD 01/31/04 DELIVERY SERVICE FOR THE PERIOD: 01/20-01/23/04: CLERK'S OFFICE, U.S. DISTRICT COURT OF PA (AMENDED COMPLAINT & DISK) & JUDGE SHAPIRO'S CHAMBERS (UNDER SEAL), PHILA., PA FOR MAK ON 01/23/04 | 47.00 |
| 02/17/04 | LEGAL EXPRESS SUPPORT SERVICE (BB)---INV #0204-76, DTD 02/17/04 DELIVERY SERVICE FOR THE PERIOD: 02/17-02/18/04: FILING/CLERK, U.S. DISTRICT COURT & 30th STREET STATION, PHILA., PA FOR MAK ON 02/17/04 | 94.00 |
| 02/23/04 | LEGAL EXPRESS SUPPORT SERVICE (BB)---INV #0204-105, DTD 02/23/04 DELIVERY SERVICE FOR THE PERIOD: 02/23-02/27/04: FILING/CLERK, U.S. DISTRICT COURT & JUDGE SHAPIRO'S CHAMBERS, PHILA., PA FOR MAK ON 02/24/04 | 47.00 |
| 03/15/04 | LEGAL EXPRESS SUPPORT SERVICE (BB)---INV #0304-73, DTD 03/15/04 DELIVERY SERVICE FOR THE PERIOD: 03/15-03/19: FILING/CLERK, U.S. DISTRICT COURT, PA (APPENDIX TO OPPOSITION TO MOTION) FOR MAK ON 03/19/04 **EVENING FILING | 94.00 |

Michael Ciccarone

Re: Marchese/Class Action

## Reimbursement for out of pocket expenses

January 1, 2003 through July 31, 2004

Messenger

| | | |
|---|---|---|
| 03/22/04 | LEGAL EXPRESS SUPPORT SERVICE (BB)---INV #0304-111, DTD 03/22/04 DELIVERY SERVICE FOR THE PERIOD: 03/22-03/26/04: FILING/CLERK, U.S. DISTRICT COURT & JUDGE SHAPIRO, PHILA., PA FOR MAK ON 03/24/04 | 47.00 |
| 04/28/04 | LEGAL EXPRESS SUPPORT SERVICE (BB)---INV #0404-135, DTD 04/28/04 DELIVERY SERVICE FOR THE PERIOD: 04/28-04/30/04: FILING/CLERK OF COURT, U.S. DISTRICT COURT & JUDGE SHAPIRO'S CHAMBERS, PHILA., PA (FEES & COSTS) FOR MAK ON 04/28/04 | 47.00 |
| 05/19/04 | LEGAL EXPRESS SUPPORT SERVICE (BB)---INV #0504-119, DTD 05/19/04 DELIVERY SERVICE FOR THE PERIOD: 05/19-05/21/04: FILING/CLERK OF COURTS & JUDGE SHAPIRO, PHILA., PA (ATTORNEYS FEE & COSTS) FOR MAK ON 05/21/04 | 50.00 |
| 06/10/04 | LEGAL EXPRESS SUPPORT SERVICE (BB)---INV #0604-63, DTD 06/10/04 DELIVERY SERVICE FOR THE PERIOD: 06/10-06/17/04: FILING/CLERK, U.S. DISTRICT COURT & JUDGE N. SHAPIRO'S CHAMBERS, PHILA., PA (ATTORNEY FEES & COSTS) FOR MAK ON 06/14/04 | 50.00 |
| 06/24/04 | GEORGE GUEST---INV #3301-001, DTD 06/24/04 DELIVERY SERVICE - DELIVERY OF 3 BOXES TO ROYERSFORD, PA | 45.00 |

$1,015.00

Secy/Clerk O.T.

| | | |
|---|---|---|
| 02/11/04 | Overtime by Robin Atkinson for MAK/TTM | 39.56 |
| 02/12/04 | Overtime by Robin Atkinson for MAK/TTM | 158.22 |
| 02/12/04 | Overtime by Suzanne Bair for MAK/TTM | 251.55 |
| 02/13/04 | Overtime by Suzanne Bair for MAK/TTM | 75.47 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Secy/Clerk O.T.

| | | | |
|---|---|---|---|
| 02/16/04 | Overtime by Roseann Diorka | 257.16 | |
| 03/23/04 | IKON OFFICE SOLUTIONS - IMS---INV #20480, DTD 03/23/04 WORKROOM OVERTIME FOR TTM ON 02/17/04 | 100.00 | |
| | | | $881.96 |

Travel - airline

| | | | |
|---|---|---|---|
| 03/31/04 | TTM---INV #03/29/04 TTM, DTD 03/31/04 EXPENSE VOUCHER - ATTEND SETTLEMENT CONFERENCE & ORAL ARGUMENT IN PHILA., PA ON 03/29/04 (AIRFARE FROM FT. LAUDERDALE, FL TO PHILA., PA) | 293.50 | |
| | | | $293.50 |

Outside Professional Svces

| | | |
|---|---|---|
| 10/28/03 | INDEPENDENT INVESTIGATIONS---INV #03-CV-1660, DTD 10/28/03 PROFESSIONAL SERVICES - SERVICE OF 6 SUBPOENAS | 270.00 |
| 12/11/03 | PA MOTOR VEHICLE REPORTS---INV #3391-001, DTD 12/11/03 MOTOR VEHICLE REPORT (TNB--CK #44647) | 17.00 |
| 12/15/03 | INDEPENDENT INVESTIGATIONS---INV #103-CV-1660, DTD 12/15/03 PROFESSIONAL SERVS - SERVICE OF SUBPOENA ON WILLIAMS'S PRE-OWNED OF LIMERICK ON 12/10/03 | 45.00 |
| 12/30/03 | GXP PARTNERS---INV #1400, DTD 12/30/03 CREATION OF EXCEL SPREADSHEET FOR PERFORMING A MASS-MAILER & PRINTING OF 3400+ LABELS | 997.50 |
| 01/13/04 | PA MOTOR VEHICLE REPORTS---INV #3301-001, DTD 01/13/04 PA VEHICLE SEARCH RE: MARCHESE | 46.00 |
| 02/01/04 | PA MOTOR VEHICLE REPORTS---INV #3301-001, DTD 02/01/04 PA VEHICLE SEARCHES | 1,721.00 |
| 03/04/04 | PA MOTOR VEHICLE REPORTS---INV #3301-001, DTD 03/04/04 TITLE SEARCHES | 337.00 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Outside Professional Svces

| | | | |
|---|---|---|---|
| 04/01/04 | PA MOTOR VEHICLE REPORTS---INV #3301-001, DTD 04/01/04 PA VEHICLE SEARCHES ON 03/10 & 03/19/04 | 296.00 | |
| | | | $3,729.50 |

Meals

| | | | |
|---|---|---|---|
| 10/03/03 | TTM---INV #09/26/03 TTM, DTD 10/03/03 EXPENSE VOUCHER - ATTEND DOCUMENT PRODUCTION IN PHILA., PA ON 09/26/03 | 23.00 | |
| 12/08/03 | TTM---INV #12/03/03 TTM, DTD 12/08/03 EXPENSE VOUCHER - ATTEND SOVEREIGN BANK DOCUMENT PRODUCTION IN PHILA., PA ON 12/03/03 | 3.57 | |
| 12/09/03 | AKN---INV #12/08/03 SET, DTD 12/08/03 EXPENSE VOUCHER - ATTEND DOCUMENT REVIEW AT CHEVROLET OF LIMERICK, ROYERSFORD, PA ON 12/08/03 | 4.00 | |
| 12/09/03 | SET---INV #12/08/03 SET, DTD 12/08/03 EXPENSE VOUCHER - ATTEND DOCUMENT REVIEW AT CHEVROLET OF LIMERICK, ROYERSFORD, PA ON 12/08/03 | 5.00 | |
| 02/29/04 | TONY'S PIZZA---INV DTD 02/29/04 MEALS ON 02/17/04 | 15.85 | |
| 02/29/04 | TONY'S PIZZA---INV DTD 02/29/04 MEALS | 61.15 | |
| 04/22/04 | MAK---INV #04/21/04 MAK, DTD 04/22/04 EXPENSE VOUCHER - ATTEND SETTLEMENT BREAKFAST MEETING IN CONSHOHOCKEN, PA ON 04/21/04 | 29.86 | |
| 05/03/04 | MAK---INV #05/02/04 MAK, DTD 05/03/04 EXPENSE VOUCHER - DINNER w/EXPERTS | 141.24 | |
| 05/18/04 | MAK---INV #05/13/04 DTD 05/18/04 EXPENSE VOUCHER MARCHESE SETTLEMENT DINNER | 696.81 | |
| 05/31/04 | VESPER CLUB---INV #05/31/04 MAK, DTD 05/31/04 DINNER AFTER DAUBERT HEARING ON 05/03/04 | 352.14 | |
| | | | $1,332.62 |

Filing Fees

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Filing Fees

| 03/18/03 | CLERK, U.S. DISTRICT COURT---INV #3301-001, DTD 03/18/03 FILING FEES FOR COMPLAINT (MAK--CK #42679) | 150.00 |
|----------|------|--------|

$150.00

Facsimile

| 06/05/03 | 610-667-0552 | 13.00 |
|----------|--------------|-------|
| 06/10/03 | 610-667-0552 | 7.00 |
| 06/18/03 | | 13.00 |
| 06/18/03 | | 11.00 |
| 06/18/03 | | 13.00 |
| 06/18/03 | | 13.00 |
| 06/18/03 | | 13.00 |
| 06/18/03 | | 5.00 |
| 06/18/03 | | 5.00 |
| 06/18/03 | | 5.00 |
| 06/19/03 | | 23.00 |
| 06/19/03 | | 7.00 |
| 06/19/03 | | 5.00 |
| 06/19/03 | | 5.00 |
| 06/19/03 | | 5.00 |
| 06/19/03 | | 5.00 |
| 06/24/03 | | 49.00 |
| 06/24/03 | | 5.00 |
| 06/24/03 | | 33.00 |
| 06/24/03 | | 49.00 |
| 06/25/03 | | 15.00 |
| 06/25/03 | | 31.00 |
| 06/25/03 | | 31.00 |
| 06/26/03 | | 9.00 |

Michael Ciccarone

Re: Marchese/Class Action

## Reimbursement for out of pocket expenses

January 1, 2003 through July 31, 2004

Facsimile

| | |
|---|---|
| 06/26/03 | 9.00 |
| 06/30/03 | 5.00 |
| 06/30/03 | 19.00 |
| 06/30/03 | 19.00 |
| 06/30/03 | 19.00 |
| 06/30/03 | 19.00 |
| 07/01/03 | 23.00 |
| 07/02/03 | 5.00 |
| 07/02/03 | 5.00 |
| 07/02/03 | 5.00 |
| 07/02/03 | 15.00 |
| 07/03/03 | 7.00 |
| 07/07/03 | 5.00 |
| 07/07/03 | 5.00 |
| 07/07/03 | 5.00 |
| 07/09/03 | 21.00 |
| 07/09/03 | 33.00 |
| 07/24/03 | 25.00 |
| 07/24/03 | 25.00 |
| 07/24/03 | 25.00 |
| 07/24/03 | 5.00 |
| 07/24/03 | 5.00 |
| 07/24/03 | 5.00 |
| 07/24/03 | 5.00 |
| 07/28/03 | 19.00 |
| 07/31/03 | 7.00 |
| 07/31/03 | 7.00 |
| 07/31/03 | 7.00 |
| 08/05/03 | 5.00 |
| 08/05/03 | 5.00 |
| 08/05/03 | 5.00 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Facsimile

| | |
|---|---|
| 08/07/03 | 7.00 |
| 08/07/03 | 13.00 |
| 08/07/03 | 7.00 |
| 08/07/03 | 61.00 |
| 08/08/03 | 5.00 |
| 08/08/03 | 5.00 |
| 08/08/03 | 5.00 |
| 08/08/03 | 5.00 |
| 08/08/03 | 5.00 |
| 08/08/03 | 5.00 |
| 08/11/03 | 5.00 |
| 08/11/03 | 5.00 |
| 08/11/03 | 5.00 |
| 08/13/03 | 5.00 |
| 08/19/03 | 2.00 |
| 08/19/03 | 2.00 |
| 08/19/03 | 2.00 |
| 08/20/03 | 2.00 |
| 08/20/03 | 2.00 |
| 08/20/03 | 2.00 |
| 08/27/03 | 3.00 |
| 08/27/03 | 4.00 |
| 08/27/03 | 4.00 |
| 08/27/03 | 4.00 |
| 09/15/03 | 3.00 |
| 09/15/03 | 3.00 |
| 09/17/03 | 23.00 |
| 09/17/03 | 23.00 |
| 09/17/03 | 23.00 |
| 09/18/03 | 1.00 |
| 09/18/03 | 14.00 |

Michael Ciccarone

Re: Marchese/Class Action

## Reimbursement for out of pocket expenses

January 1, 2003 through July 31, 2004

Facsimile

| | |
|---|---|
| 09/23/03 | 2.00 |
| 09/24/03 | 3.00 |
| 09/25/03 | 2.00 |
| 09/25/03 | 2.00 |
| 09/29/03 | 2.00 |
| 09/30/03 | 8.00 |
| 10/01/03 | 28.00 |
| 10/01/03 | 16.00 |
| 10/01/03 | 25.00 |
| 10/01/03 | 2.00 |
| 10/01/03 | 3.00 |
| 10/01/03 | 3.00 |
| 10/01/03 | 3.00 |
| 10/02/03 | 16.00 |
| 10/02/03 | 31.00 |
| 10/02/03 | 1.00 |
| 10/02/03 | 4.00 |
| 10/03/03 | 99.00 |
| 10/03/03 | 57.00 |
| 10/07/03 | 20.00 |
| 10/07/03 | 20.00 |
| 10/07/03 | 20.00 |
| 10/09/03 | 3.00 |
| 10/09/03 | 2.00 |
| 10/09/03 | 2.00 |
| 10/09/03 | 2.00 |
| 10/09/03 | 2.00 |
| 10/13/03 | 3.00 |
| 10/13/03 | 3.00 |
| 10/14/03 | 2.00 |
| 10/14/03 | 2.00 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Facsimile

| | |
|---|---|
| 10/14/03 | 33.00 |
| 10/14/03 | 5.00 |
| 10/15/03 | 6.00 |
| 10/15/03 | 5.00 |
| 10/15/03 | 5.00 |
| 10/15/03 | 5.00 |
| 10/15/03 | 5.00 |
| 10/15/03 | 5.00 |
| 10/15/03 | 5.00 |
| 10/15/03 | 5.00 |
| 10/16/03 | 8.00 |
| 10/16/03 | 8.00 |
| 10/16/03 | 8.00 |
| 10/17/03 | 3.00 |
| 10/20/03 | 5.00 |
| 10/22/03 | 2.00 |
| 10/22/03 | 2.00 |
| 10/27/03 | 7.00 |
| 10/28/03 | 85.00 |
| 10/30/03 | 7.00 |
| 11/03/03 | 5.00 |
| 11/17/03 | 2.00 |
| 11/18/03 | 2.00 |
| 11/18/03 | 2.00 |
| 11/18/03 | 2.00 |
| 11/21/03 | 7.00 |
| 11/21/03 | 3.00 |
| 11/21/03 | 7.00 |
| 11/24/03 | 3.00 |
| 11/24/03 | 11.00 |

Michael Ciccarone

Re: Marchese/Class Action

## Reimbursement for out of pocket expenses

January 1, 2003 through July 31, 2004

Facsimile

| | |
|---|---|
| 11/24/03 | 11.00 |
| 11/24/03 | 11.00 |
| 11/24/03 | 11.00 |
| 11/25/03 | 2.00 |
| 11/25/03 | 7.00 |
| 11/26/03 | 8.00 |
| 11/26/03 | 8.00 |
| 11/26/03 | 8.00 |
| 11/26/03 | 8.00 |
| 12/01/03 | 7.00 |
| 12/02/03 | 11.00 |
| 12/02/03 | 21.00 |
| 12/10/03 | 9.00 |
| 12/10/03 | 9.00 |
| 12/22/03 | 1.00 |
| 12/23/03 | 1.00 |
| 12/29/03 | 3.00 |
| 12/29/03 | 8.00 |
| 12/29/03 | 8.00 |
| 01/02/04 | 2.00 |
| 01/06/04 | 2.00 |
| 01/09/04 | 5.00 |
| 01/12/04 | 3.00 |
| 01/12/04 | 2.00 |
| 01/14/04 | 3.00 |
| 01/14/04 | 3.00 |
| 01/14/04 | 3.00 |
| 01/15/04 | 2.00 |
| 01/15/04 | 2.00 |
| 01/15/04 | 2.00 |
| 01/15/04 | 9.00 |

Michael Ciccarone

Re: Marchese/Class Action

## Reimbursement for out of pocket expenses

January 1, 2003 through July 31, 2004

Facsimile

| Date | Amount |
|---|---|
| 01/15/04 | 9.00 |
| 01/15/04 | 4.00 |
| 01/15/04 | 9.00 |
| 01/15/04 | 9.00 |
| 01/16/04 | 2.00 |
| 01/19/04 | 2.00 |
| 01/21/04 | 2.00 |
| 01/21/04 | 2.00 |
| 01/21/04 | 6.00 |
| 01/22/04 | 2.00 |
| 01/26/04 | 4.00 |
| 01/26/04 | 2.00 |
| 01/26/04 | 2.00 |
| 01/26/04 | 2.00 |
| 01/28/04 | 4.00 |
| 01/28/04 | 4.00 |
| 01/30/04 | 2.00 |
| 02/03/04 | 2.00 |
| 02/03/04 | 5.00 |
| 02/03/04 | 3.00 |
| 02/04/04 | 11.00 |
| 02/05/04 | 3.00 |
| 02/05/04 | 3.00 |
| 02/05/04 | 3.00 |
| 02/05/04 | 2.00 |
| 02/05/04 | 2.00 |
| 02/05/04 | 4.00 |
| 02/06/04 | 3.00 |
| 02/06/04 | 3.00 |
| 02/06/04 | 2.00 |
| 02/06/04 | 1.00 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Facsimile

| | |
|---|---:|
| 02/06/04 | 2.00 |
| 02/06/04 | 2.00 |
| 02/09/04 | 2.00 |
| 02/09/04 | 3.00 |
| 02/10/04 | 3.00 |
| 02/10/04 | 17.00 |
| 02/11/04 | 2.00 |
| 02/16/04 | 3.00 |
| 02/16/04 | 5.00 |
| 02/16/04 | 5.00 |
| 02/16/04 | 9.00 |
| 02/16/04 | 3.00 |
| 02/16/04 | 9.00 |
| 02/17/04 | 10.00 |
| 02/17/04 | 1.00 |
| 02/17/04 | 17.00 |
| 02/17/04 | 17.00 |
| 02/17/04 | 3.00 |
| 02/23/04 | 8.00 |
| 02/24/04 | 1.00 |
| 02/25/04 | 1.00 |
| 02/25/04 | 1.00 |
| 02/26/04 | 4.00 |
| 02/26/04 | 17.00 |
| 03/01/04 | 8.00 |
| 03/08/04 | 3.00 |
| 03/09/04 | 2.00 |
| 03/09/04 | 1.00 |
| 03/09/04 | 19.00 |
| 03/09/04 | 19.00 |
| 03/09/04 | 19.00 |

Michael Ciccarone

Re: Marchese/Class Action

## Reimbursement for out of pocket expenses

January 1, 2003 through July 31, 2004

Facsimile

| | |
|---|---|
| 03/10/04 | 2.00 |
| 03/10/04 | 2.00 |
| 03/10/04 | 2.00 |
| 03/11/04 | 1.00 |
| 03/12/04 | 34.00 |
| 03/12/04 | 12.00 |
| 03/18/04 | 1.00 |
| 03/22/04 | 7.00 |
| 03/22/04 | 7.00 |
| 03/22/04 | 7.00 |
| 03/26/04 | 7.00 |
| 03/26/04 | 7.00 |
| 03/26/04 | 7.00 |
| 03/28/04 | 1.00 |
| 03/31/04 | 7.00 |
| 04/01/04 | 2.00 |
| 04/08/04 | 12.00 |
| 04/08/04 | 9.00 |
| 04/08/04 | 9.00 |
| 04/08/04 | 9.00 |
| 04/09/04 | 3.00 |
| 04/09/04 | 6.00 |
| 04/19/04 | 4.00 |
| 04/20/04 | 2.00 |
| 04/20/04 | 2.00 |
| 04/20/04 | 2.00 |
| 04/22/04 | 2.00 |
| 04/22/04 | 2.00 |
| 04/22/04 | 4.00 |
| 04/22/04 | 15.00 |
| 04/23/04 | 31.00 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Facsimile

| Date | Amount |
|------|-------|
| 04/23/04 | 7.00 |
| 04/23/04 | 31.00 |
| 04/23/04 | 13.00 |
| 04/23/04 | 32.00 |
| 04/23/04 | 23.00 |
| 04/23/04 | 5.00 |
| 04/29/04 | 10.00 |
| 04/29/04 | 13.00 |
| 04/29/04 | 13.00 |
| 04/29/04 | 13.00 |
| 04/29/04 | 6.00 |
| 04/29/04 | 6.00 |
| 04/29/04 | 5.00 |
| 05/03/04 | 3.00 |
| 05/03/04 | 3.00 |
| 05/03/04 | 2.00 |
| 05/04/04 | 2.00 |
| 05/04/04 | 2.00 |
| 05/04/04 | 2.00 |
| 05/04/04 | 2.00 |
| 05/04/04 | 2.00 |
| 05/04/04 | 5.00 |
| 05/05/04 | 5.00 |
| 05/06/04 | 2.00 |
| 05/07/04 | 2.00 |
| 05/10/04 | 2.00 |
| 05/10/04 | 2.00 |
| 05/10/04 | 2.00 |
| 05/17/04 | 4.00 |
| 05/17/04 | 3.00 |
| 05/17/04 | 3.00 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Facsimile

| | |
|---|---|
| 05/17/04 | 10.00 |
| 05/17/04 | 2.00 |
| 05/18/04 | 3.00 |
| 05/26/04 | 3.00 |
| 05/28/04 | 2.00 |
| 05/28/04 | 4.00 |
| 06/01/04 | 5.00 |
| 06/01/04 | 2.00 |
| 06/10/04 | 2.00 |
| 06/10/04 | 10.00 |
| 06/14/04 | 2.00 |
| 06/14/04 | 2.00 |
| 06/15/04 | 11.00 |
| 06/15/04 | 12.00 |
| 06/15/04 | 13.00 |
| 06/16/04 | 14.00 |
| 06/16/04 | 15.00 |
| 06/24/04 | 1.00 |
| 07/12/04 | 16.00 |
| 07/20/04 | 4.00 |
| 07/20/04 | 4.00 |
| 07/20/04 | 4.00 |
| 07/21/04 | 4.00 |

$2,753.00

Velobind

$77.00

Computerized Legal Research

| | | |
|---|---|---|
| 02/28/03 | WEST GROUP (WESTLAW)---INV #803876330 DTD 02/28/03 LEGAL RESEARCH BY TNB ON 02/21/03 | 63.37 |
| 04/30/03 | WEST GROUP (WESTLAW)---INV #804279801 DTD 04/30/03 LEGAL RESEARCH BY TTM ON 04/01/03 | 18.57 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Computerized Legal Research

| | | |
|---|---|---|
| 04/30/03 | WEST GROUP (WESTLAW)---INV #804279801 DTD 04/30/03 LEGAL RESEARCH BY JSW ON 04/01/03 | 25.74 |
| 05/31/03 | WEST GROUP (WESTLAW)---INV #804467627, DTD 05/31/03 LEGAL RESEARCH BY TTM ON 05/19/03 | 12.94 |
| 06/30/03 | WEST GROUP (BB/HA/SC)---INV #804645180, DTD 06/30/03 WESTLAW LEGAL RESEARCH BY JRM ON 06/09 & 06/11/03 | 35.56 |
| 06/30/03 | WEST GROUP (BB/HA/SC)---INV #804645180, DTD 06/30/03 WESTLAW LEGAL RESEARCH BY PCC ON 06/12/03 | 8.87 |
| 06/30/03 | WEST GROUP (BB/HA/SC)---INV #804645180, DTD 06/30/03 WESTLAW LEGAL RESEARCH BY TTM ON 06/05, 06/10, 06/16 & 06/17/03 | 148.96 |
| 06/30/03 | WEST GROUP (BB/HA/SC)---INV #804645180, DTD 06/30/03 WESTLAW LEGAL RESEARCH BY RJH ON 06/05-06, 06/09, 06/11-12 & 06/17/03 | 149.84 |
| 07/09/03 | PACER SERVICE CENTER---INV #04/01-06/30/03, DTD 07/09/03 DOCKET RESEARCH IN PENNSYLVANIA EASTERN DISTRICT COURT BY RJH ON 06/06/03 | 0.14 |
| 07/09/03 | PACER SERVICE CENTER---INV #04/01-06/30/03, DTD 07/09/03 DOCKET RESEARCH IN PENNSYLVANIA EASTERN DISTRICT COURT BY RJH ON 06/11/03 | 0.14 |
| 07/09/03 | PACER SERVICE CENTER---INV #04/01-06/30/03, DTD 07/09/03 DOCKET RESEARCH IN PENNSYLVANIA EASTERN DISTRICT COURT BY TTM ON 06/25/03 | 0.21 |
| 07/09/03 | PACER SERVICE CENTER---INV #04/01-06/30/03, DTD 07/09/03 DOCKET RESEARCH IN PENNSYLVANIA EASTERN DISTRICT COURT BY RJH ON 06/04/03 | 0.14 |
| 07/31/03 | WEST GROUP (BB)---INV #804828879, DTD 07/31/03 WESTLAW LEGAL RESEARCH BY TNB ON 07/08 & 07/09/03 | 40.17 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Computerized Legal Research

| | | |
|---|---|---|
| 07/31/03 | WEST GROUP (BB)---INV #804828879, DTD 07/31/03<br>WESTLAW LEGAL RESEARCH BY TTM ON 07/14/03 | 5.11 |
| 08/31/03 | WEST GROUP (BB/HA)---INV #805023836, DTD 08/31/03<br>WESTLAW LEGAL RESEARCH BY TTM ON 08/04 &<br>08/21/03 | 22.78 |
| 09/30/03 | WEST GROUP (BB/HA)---INV #805301122, DTD 09/30/03<br>WESTLAW LEGAL RESEARCH BY TTM ON 09/11, 09/17,<br>09/18 & 09/22/03 | 49.10 |
| 09/30/03 | WEST GROUP (BB/HA)---INV #805301122, DTD 09/30/03<br>WESTLAW LEGAL RESEARCH BY TTM ON 09/22/03<br>*EXCLUDED | 57.32 |
| 10/31/03 | WEST GROUP (BB/HA)---INV #805394944, DTD 10/31/03<br>WESTLAW LEGAL RESEARCH BY TTM ON 10/01, 10/03 &<br>10/06/03 | 40.83 |
| 12/31/03 | WEST GROUP (BB/HA)---INV #805814125, DTD 12/31/03<br>WESTLAW LEGAL RESEARCH BY TNB ON 12/17-18 &<br>12/23/03 | 50.53 |
| 01/31/04 | WEST GROUP (BB/HA)---INV #805994520, DTD 01/31/04<br>WESTLAW LEGAL RESEARCH BY TNB ON 01/07-08,<br>01/12-13 & 01/23/04 | 144.15 |
| 02/29/04 | WEST GROUP (BB/HA)---INV #806168264, DTD 02/29/04<br>WESTLAW LEGAL RESEARCH BY RJH ON 02/12-13,<br>02/16 & 02/17/04 | 851.83 |
| 02/29/04 | WEST GROUP (BB/HA)---INV #806168264, DTD 02/29/04<br>WESTLAW LEGAL RESEARCH BY TNB ON 02/16/04 | 0.37 |
| 02/29/04 | WEST GROUP (BB/HA)---INV #806168264, DTD 02/29/04<br>WESTLAW LEGAL RESEARCH BY TTM ON 02/18 &<br>02/23/04 | 38.43 |
| 02/29/04 | WEST GROUP (BB/HA)---INV #806168264, DTD 02/29/04<br>WESTLAW LEGAL RESEARCH BY TNB ON 02/02, 02/10,<br>02/13 & 02/16/04 | 106.33 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Computerized Legal Research

| | | |
|---|---|---|
| 03/31/04 | WEST GROUP (BB/HA)---INV #806367044, DTD 03/31/04 WESTLAW LEGAL RESEARCH BY RJH ON 03/10, 03/16-19, 03/29 & 03/31/04 | 998.52 |
| 03/31/04 | WEST GROUP (BB/HA)---INV #806367044, DTD 03/31/04 WESTLAW LEGAL RESEARCH BY TTM ON 03/01, 03/04, 03/15 & 03/29/04 | 87.82 |
| 03/31/04 | WEST GROUP (BB/HA)---INV #806367044, DTD 03/31/04 WESTLAW LEGAL RESEARCH BY TNB ON 03/12-13, 03/15-17, 03/22-25 & 03/29/04 | 520.33 |
| 04/30/04 | WEST GROUP (BB/HA)---INV #806571600, DTD 04/30/04 WESTLAW LEGAL RESEARCH BY TTM ON 04/08, 04/19, 04/26 & 04/29/04 | 84.09 |
| 04/30/04 | WEST GROUP (BB/HA)---INV #806571600, DTD 04/30/04 WESTLAW LEGAL RESEARCH BY RJH ON 04/21-23, 04/27 & 04/29/04 | 180.38 |
| 04/30/04 | WEST GROUP (BB/HA)---INV #806571600, DTD 04/30/04 WESTLAW LEGAL RESEARCH BY TNB ON 04/21-23 & 04/26-04/27/04 | 258.65 |
| 05/31/04 | WEST GROUP (BB/HA/SC)---INV #806761241, DTD 05/31/04 WESTLAW LEGAL RESEARCH BY TNB ON 05/05 & 05/26/04 | 21.75 |
| 06/30/04 | WEST GROUP (BB/HA)---INV #806936684, DTD 06/30/04 WESTLAW LEGAL RESEARCH BY TTM ON 06/02 & 06/14/04 | 102.35 |
| 06/30/04 | WEST GROUP (BB/HA)---INV #806936684, DTD 06/30/04 WESTLAW LEGAL RESEARCH BY JPE ON 06/16/04 | 7.10 |

$4,132.42

Copying Service (Outside)

| | | |
|---|---|---|
| 06/09/03 | JRM---INV #06/09/03 JRM, DTD 06/09/03 EXPENSE VOUCHER - COPYING FEES FOR COMPLAINT FROM MONTGOMERY COUNTY PROTHONOTARY, NORRISTOWN, PA ON 06/09/03 | 35.50 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Copying Service (Outside)

| | | |
|---|---|---|
| 06/23/03 | IKON OFFICE SOLUTIONS---INV #PHI080708, DTD 06/23/03 COPYING DOCUMENTS FROM DA'S OFFICE | 458.91 |
| 09/29/03 | MAILLIE FALCONIERO & COMPANY, LLP---INV #092903, DTD 09/29/03 COPYING | 296.70 |
| 10/07/03 | IKON OFFICE SOLUTIONS---INV #PHI082316, DTD 10/07/03 COPIES OF VAN HORN DOCUMENTS (OLIVER & 5th AMENDMENT) | 3,466.91 |
| 11/24/03 | IKON OFFICE SOLUTIONS---INV #PHI082992, DTD 11/24/03 DOCUMENT PRODUCTION | 186.81 |
| 12/17/03 | IKON OFFICE SOLUTIONS---INV #PHI083310, DTD 12/17/03 DOCUMENT PRODUCTION | 442.50 |
| 02/16/04 | CLERK, U.S. DISTRICT COURT OF NEW JERSEY---INV #3301-001, DTD 02/16/04 COPY OF CASE #98-1664, DOCKET #646 (SET/MAK--CK #45053) | 15.00 |
| 02/19/04 | STAPLES BUSINESS ADVANTAGE---INV #3043146697, DTD 02/19/04 COPYING | 468.05 |
| 07/07/04 | HARLEYSVILLE NATIONAL BANK & TRUST COMPANY---INV #3331-001, DTD 07/07/04 DOCUMENT PRODUCTION | 62.00 |

$5,432.38

Express Mail

| | | |
|---|---|---|
| 08/05/03 | FEDERAL EXPRESS CORP (BB)---INV #4809-25302, DTD 08/05/03 OVERNIGHT PACKAGE DELIVERY TO: RHONDA & MICHAEL MEKSOH, POTTSTOWN, PA FROM MAK ON 07/28/03 | 12.63 |
| 08/05/03 | FEDERAL EXPRESS CORP (BB)---INV #4809-25302, DTD 08/05/03 OVERNIGHT PACKAGE DELIVERY TO: MAK/ERS&E, BLUE BELL, PA FROM MAK ON 07/29/03 | 18.67 |
| 10/08/03 | FEDERAL EXPRESS CORP (BB)---INV #4904-84863, DTD 10/08/03 OVERNIGHT PACKAGE DELIVERY TO: RICHARD LeFEBVRE/AAA AMERICAN CREDIT BUREAU, FLAGSTAFF, AZ FROM TTM ON 09/30/03 | 25.95 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Express Mail

| | | |
|---|---|---|
| 02/03/04 | FEDERAL EXPRESS CORP (BB)---INV #1549-74432, DTD 02/03/04 OVERNIGHT PACKAGE DELIVERY TO: DAVID A. STIVERS/CREDIT EVALUATION CONSULTANT, LOXAHATCHEE, FL FROM MAK ON 01/23/04 | 26.40 |
| 02/10/04 | FEDERAL EXPRESS CORP (BB)---INV #1598-30334, DTD 02/10/04 OVERNIGHT PACKAGE DELIVERY TO:  DAVID A. STIVERS/CREDIT EVALUATION CONSULTANT, LOXAHATCHEE, FL FROM MAK ON 02/02/04 | 17.39 |
| 02/17/04 | FEDERAL EXPRESS CORP (BB)---INV #1598-89950, DTD 02/17/04 OVERNIGHT PACKAGE DELIVERY TO: DAVID STIVERS/CREDIT EVALUATION CONSULTANT, LOXAHATCHEE, FL FROM SET ON 02/12/04 | 28.27 |
| 02/17/04 | FEDERAL EXPRESS CORP (BB)---INV #1598-89950, DTD 02/17/04 OVERNIGHT PACKAGE DELIVERY TO: SET/ER&S, BLUE BELL, PA FROM SET ON 02/11/04 | 6.87 |
| 02/17/04 | FEDERAL EXPRESS CORP (BB)---INV #1598-89950, DTD 02/17/04 OVERNIGHT PACKAGE DELIVERY TO: TNB/ER&S, BLUE BELL, PA FROM MARY HARPE/PNC BANK, PITTSBURGH, PA ON 02/10/04 | 15.39 |
| 03/23/04 | FEDERAL EXPRESS CORP (BB)---INV #1645-82576, DTD 03/23/04 OVERNIGHT PACKAGE DELIVERY TO: THE HONORABLE NORMA L. SHAPIRO/U.S. DISTRICT COURT, PHILA., PA FROM MAK ON 03/17/04 | 11.24 |
| 03/23/04 | FEDERAL EXPRESS CORP (BB)---INV #1645-82576, DTD 03/23/04 OVERNIGHT PACKAGE DELIVERY TO: THE HONORABLE NORMA L. SHAPIRO/U.S. DISTRICT COURT, PHILA., PA FROM MAK ON 03/18/04 | 11.24 |
| 03/31/04 | FEDERAL EXPRESS CORP (BB)---INV #1694-42192, DTD 03/31/04 OVERNIGHT PACKAGE DELIVERY TO: THE HONORABLE NORMA L. SHAPIRO/UNITED STATES DISTRICT COURT, PHILA., PA FROM MAK ON 03/22/04 | 11.24 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Express Mail

| | | |
|---|---|---|
| 03/31/04 | FEDERAL EXPRESS CORP (BB)---INV #1694-42192, DTD 03/31/04 OVERNIGHT PACKAGE DELIVERY TO: THE HONORABLE NORMA L. SHAPIRO/UNITED STATES DISTRICT COURT, PHILA., PA FROM MAK ON 03/19/04 | 15.17 |
| 04/17/04 | FEDERAL EXPRESS CORP (BB)---INV #1740-75553, DTD 04/17/04 OVERNIGHT PACKAGE DELIVERY TO: DAVID A. STIVERS, CREDIT EVAL. CONSULTANT, LOXAHATCHEE, FL FROM TTM ON 04/19/04 | 28.39 |
| 05/04/04 | FEDERAL EXPRESS CORP (BB)---INV #1741-32798, DTD 05/04/04 OVERNIGHT PACKAGE DELIVERY TO: MR. JOSEPH VAN HORN, ESQ/BODELL BOVE GRACE & VAN HORN, PHILA., PA FROM TTM ON 04/27/04 | 15.02 |
| 05/12/04 | FEDERAL EXPRESS---INV #1-741-91381 DTD 05/12/04 OVERNIGHT PACKAGE DELIVERY FROM MAK TO ALVARO J. MADRID, ESQ, BODELL, BOVE, GRACE & VAN HORN, PHILADELPHIA, PA ON 05/06/04 | 11.18 |
| 05/18/04 | FEDERAL EXPRESS CORP (BB)---INV #1786-51508, DTD 05/18/04 OVERNIGHT PACKAGE DELIVERY TO: JOSEPH F. VAN HORN, JR., ESQ/BODELL BOVE GRACE & VAN HORN, PHILA., PA FROM MAK ON 05/13/04 | 43.20 |
| 06/01/04 | FEDERAL EXPRESS CORP (BB)---INV #1787-69421, DTD 06/01/04 OVERNIGHT PACKAGE DELIVERY TO: ALVARO MADRID/BODELL BOVE GRACE & VAN HORN, PHILA., PA FROM SET ON 05/25/04 | 11.18 |
| 06/29/04 | FEDERAL EXPRESS CORP (BB)---INV #1888-00017, DTD 06/29/04 OVERNIGHT PACKAGE DELIVERY TO: MAK, WILDWOOD, NJ FROM MAK ON 06/21/04 | 18.59 |
| 07/20/04 | FEDERAL EXPRESS CORP (BB)---INV #1889-69030, DTD 07/20/04 OVERNIGHT PACKAGE DELIVERY TO: HONORABLE NORMA SHAPIRO/U.S. DISTRICT COURT-EDPA, PHILA., PA FROM TTM ON 07/15/04 | 11.34 |

$339.36

Mileage

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Mileage

| | | |
|---|---|---|
| 11/19/03 | TTM---INV DTD 11/19/03 EXPENSE VOUCHER ATTEND HEARING ON 11/19/03 | 12.00 |
| 12/04/03 | AKN---INV #12/04/03 AKN, DTD 12/04/03 EXPENSE VOUCHER - DOCUMENT REVIEW AT CHEVY OF LIMERICK, ROYERSFORD, PA ON 12/04/03 | 13.14 |
| 12/04/03 | SET---INV #12/04/03 SET, DTD 12/04/03 EXPENSE VOUCHER - DOCUMENT REVIEW AT CHEVY OF LIMERICK, ROYERSFORD, PA ON 12/04/03 | 13.14 |
| 12/09/03 | SET---INV #12/08/03 SET, DTD 12/08/03 EXPENSE VOUCHER - ATTEND DOCUMENT REVIEW AT CHEVROLET OF LIMERICK, ROYERSFORD, PA ON 12/08/03 | 13.14 |

$51.42

Parking

| | | |
|---|---|---|
| 06/23/03 | TTM---INV #06/23/03 TTM, DTD 06/23/03 EXPENSE VOUCHER - ATTEND RULE 16 CONFERENCE IN PHILA., PA ON 06/23/03 | 11.00 |
| 10/03/03 | TTM---INV #09/26/03 TTM, DTD 10/03/03 EXPENSE VOUCHER - ATTEND DOCUMENT PRODUCTION IN PHILA., PA ON 09/26/03 | 15.00 |
| 10/08/03 | TTM---INV #10/08/03 TTM, DTD 10/08/03 EXPENSE VOUCHER - ATTEND DISCOVERY HEARING (MOTION TO COMPEL & MOTION FOR CLASS CERTIFICATION) IN PHILA., PA ON 10/08/03 | 12.00 |
| 10/08/03 | MAK---INV #10/08/03 MAK, DTD 10/08/03 EXPENSE VOUCHER - ATTEND ORAL ARGUMENT AT FEDERAL COURT IN PHILA., PA ON 10/08/03 | 12.00 |
| 12/08/03 | TTM---INV #12/03/03 TTM, DTD 12/08/03 EXPENSE VOUCHER - ATTEND SOVEREIGN BANK DOCUMENT PRODUCTION IN PHILA., PA ON 12/03/03 | 13.50 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Parking

| | | |
|---|---|---|
| 03/05/04 | TTM---INV #02/27/04 TTM, DTD 03/05/04 EXPENSE VOUCHER - ATTEND SETTLEMENT CONFERENCE IN PHILA., PA ON 02/27/04 | 12.00 |
| 03/10/04 | TTM---INV #03/10/04 TTM, DTD 03/10/04 EXPENSE VOUCHER - ATTEND MEETING w/ERIE'S COUNSEL MIKE MILLER AT DRINKER BIDDLE IN PHILA., PA ON 03/10/04 | 20.00 |
| 03/11/04 | MAK---INV #03/10/04 MAK, DTD 03/11/04 EXPENSE VOUCHER - ATTEND MEETING w/MILLER IN PHILA., PA ON 03/10/04 | 20.00 |
| 03/30/04 | MAK---INV #03/29/04 MAK, DTD 03/30/04 EXPENSE VOUCHER - ATTEND SETTLEMENT CONFERENCE IN PHILA., PA ON 03/29/04 | 12.00 |
| 05/03/04 | TTM---INV #04/30/04 TTM, DTD 05/03/04 EXPENSE VOUCHER - ATTEND SETTLEMENT CONFERENCE IN PHILA., PA ON 04/30/04 | 12.00 |
| 05/04/04 | MAK---INV #04/30/04 MAK, DTD 05/04/04 EXPENSE VOUCHER - ATTEND MARCHESE HEARING IN PHILA., PA ON 04/30/04 | 12.00 |
| 05/04/04 | MAK---INV #05/03/04 MAK, DTD 05/04/04 EXPENSE VOUCHER - MARCHESE-DAUBERT HEARING IN PHILA., PA ON 05/03/04 | 12.00 |
| 05/04/04 | TTM---INV #05/03/04 TTM, DTD 05/04/04 EXPENSE VOUCHER - ATTEND DAUBERT HEARING IN PHILA., PA ON 05/03/04 (PARKING FEES FOR TTM & EXPERTS) | 52.00 |
| 05/06/04 | MAK---INV #05/05/04 MAK, DTD 05/06/04 EXPENSE VOUCHER - ATTEND MARCHESE HEARING IN PHILA., PA ON 05/05/04 | 10.00 |
| 05/11/04 | TTM---INV #05/05/04 TTM, DTD 05/11/04 EXPENSE VOUCHER - ATTEND SETTLEMENT CONFERENCE IN PHILA., PA ON 05/05/04 | 10.00 |
| 06/29/04 | MAK---INV #06/29/04 MAK, DTD 06/29/04 EXPENSE VOUCHER - ATTEND MARCHESE SETTLEMENT HEARING IN PHILA., PA ON 06/29/04 | 15.00 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Parking

| | | |
|---|---|---|
| 06/29/04 | TTM---INV #06/29/04 TTM, DTD 06/29/04 EXPENSE VOUCHER - ATTEND SETTLEMENT CONFERENCE IN PHILA., PA ON 06/29/04 | 12.00 |

$262.50

Subpoena Fee

| | | |
|---|---|---|
| 07/01/03 | JAMES J. OLIVER---INV #3301-001, DTD 07/01/03 SUBPOENA WITNESS FEE (MAK--CK #43563) | 35.00 |
| 08/21/03 | CUSTODIAN OF RECORDS - PNC BANK---INV #3301-001, DTD 08/21/03 SUBPOENA FEE FOR DOCUMENTS (TTM--CK #3301-001) | 20.00 |
| 08/29/03 | MULLANEY MULLANEY & NIKOLAOU---INV #3301-001, DTD 08/29/03 SUBPOENA FEE FOR DOCUMENTS (MAK--CK #43910) | 45.00 |
| 10/01/03 | CUSTODIAN OF RECORDS - SOVEREIGN BANK---INV #3301-001, DTD 10/01/03 SUBPOENA FEE (TTM--CK #44125) | 25.00 |
| 10/10/03 | CUSTODIAN OF RECORDS - CITADEL FINANCIAL SERVICES, INC.---INV #3301-001, DTD 10/10/03 SUBPOENA FEE (TTM--CK #44177) | 25.00 |
| 10/10/03 | CUSTODIAN OF RECORDS - INTERIM FUNDING, LLC.---INV #3301-001, DTD 10/10/03 SUBPOENA FEE (TTM--CK #44184) | 25.00 |
| 10/10/03 | CUSTODIAN OF RECORDS - LONG BEACH ACCEPTANCE CORP.---INV #3301-001, DTD 10/10/03 SUBPOENA FEE (TTM--CK #44193) | 25.00 |
| 10/10/03 | CUSTODIAN OF RECORDS - CITIZEN BANK---INV #3301-001, DTD 10/10/03 SUBPOENA FEE (TTM--CK #44195) | 25.00 |
| 10/10/03 | CUSTODIAN OF RECORDS - WILMINGTON TRUST CORPORATION---INV #3301-001, DTD 10/10/03 SUBPOENA FEE (TTM--CK #44196) | 25.00 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Subpoena Fee

| | | | |
|---|---|---|---|
| 12/02/03 | CUSTODIAN OF RECORDS - CITIZENS AUTOMOBILE FINANCE, INC---INV #3301-001, DTD 12/02/03 SUBPOENA FEES | 20.00 | |
| 03/10/04 | DET. MARY J. ANDERS, MONTGOMERY COUNTY DETECTIVE BUREAU---INV #3301-001, DTD 03/10/04 SUBPOENA FEE (TTM--CK #45294) | 25.00 | |
| | | | $295.00 |

Supplies

| | | | |
|---|---|---|---|
| 12/24/03 | STAPLES BUSINESS ADVANTAGE---INV #3041756821, DTD 12/24/03 LABELS FOR MASS MAILING | 89.37 | |
| 02/19/04 | ALL-STATE INTL---INV #402138, DTD 02/19/04 EXHIBIT DIVIDERS | 228.96 | |
| | | | $318.33 |

Witness Fees

| | | | |
|---|---|---|---|
| 09/18/03 | JAMES BALDASSARI---INV #3301-001, DTD 09/18/03 WITNESS FEES (TTM--CK #44042) | 25.00 | |
| 09/18/03 | MAILLIE FALCONIERO---INV #3301-001, DTD 09/18/03 WITNESS FEES (TTM--CK #44036) | 25.00 | |
| 10/20/03 | AMERICREDIT FINANCIAL---INV #3301-001, DTD 10/20/03 WITNESS FEES FOR SUBPOENA (TTM--CK #44271) | 20.00 | |
| 10/20/03 | ALLFIRST BANK---INV #3301-001, DTD 10/20/03 WITNESS FEES FOR SUBPOENA (TTM--CK #44286) | 20.00 | |
| 10/20/03 | CHEVROLET OF LIMERICK---INV #3301-001, DTD 10/20/03 WITNESS FEES FOR SUBPOENA (TTM--CK #44287) | 25.00 | |
| 10/20/03 | HARLEYSVILLE NATIONAL BANK---INV #3301-001, DTD 10/20/03 WITNESS FEES FOR SUBPOENA (TTM--CK #44285) | 20.00 | |

Michael Ciccarone

Re: Marchese/Class Action

## Reimbursement for out of pocket expenses

January 1, 2003 through July 31, 2004

Witness Fees

| | | |
|---|---|---|
| 10/21/03 | BENEFICIAL SAVINGS BANK---INV #3301-001, DTD 10/21/03 WITNESS FEES FOR SUBPOENA (TTM--CK #44291) | 20.00 |
| 10/21/03 | FLEET BANK---INV #3301-001, DTD 10/21/03 WITNESS FEES FOR SUBPOENA (TTM--CK #44292) | 20.00 |
| 10/23/03 | AMERICAN HONDA---INV #3301-001, DTD 10/23/03 WITNESS FEES (SUBPOENA) | 20.00 |
| 10/23/03 | BMW FINANCIAL SERVICES, NA, LLC---INV #3301-001, DTD 10/23/03 WITNESS FEES (SUBPOENA) | 20.00 |
| 10/23/03 | CHASE AUTOMOTIVE FINANCE---INV #3301-001, DTD 10/23/03 WITNESS FEES (SUBPOENA) | 20.00 |
| 10/23/03 | CHRYSLER FINANCIAL SERVICES---INV #3301-001, DTD 10/23/03 WITNESS FEES (SUBPOENA) | 20.00 |
| 10/23/03 | FORD MOTOR CREDIT COMPANY---INV #3301-001, DTD 10/23/03 WITNESS FEES (SUBPOENA) | 20.00 |
| 10/23/03 | G.E. CAPITAL---INV #---INV #3301-001, DTD 10/23/03 WITNESS FEES (SUBPOENA) | 20.00 |
| 10/23/03 | HOUSEHOLD AUTO FINANCE---INV #3301-001, DTD 10/23/03 WITNESS FEES (SUBPOENA) | 20.00 |
| 10/23/03 | KEY BANK---INV #3301-001, DTD 10/23/03 WITNESS FEES (SUBPOENA) | 20.00 |
| 10/23/03 | ONYX ACCEPTANCE CORPORATION---INV #3301-001, DTD 10/23/03 WITNESS FEES (SUBPOENA) | 20.00 |
| 10/23/03 | TRIAD FINANCIAL---INV #3301-001, DTD 10/23/03 WITNESS FEES (SUBPOENA) | 20.00 |
| 10/23/03 | UNION STATE BANK LEASING---INV #3301-001, DTD 10/23/03 WITNESS FEES (SUBPOENA) | 20.00 |
| 10/23/03 | WELLS FARGO AUTO FINANCE---INV #3301-001, DTD 10/23/03 WITNESS FEES (SUBPOENA) | 20.00 |
| 10/23/03 | WORLD OMNI FINANCIAL CORPORATION---INV #3301-001, DTD 10/23/03 WITNESS FEES (SUBPOENA) | 20.00 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Witness Fees

| 02/11/04 | CUSTODIAN OF RECORDS - US BANK---INV #3301-001, DTD 02/11/04 WITNESS FEES FOR SUBPOENA (TTM--CK #45118) | 25.00 | |
|---|---|---|---|
| | | | $460.00 |

Transcripts

| 09/11/03 | ESQUIRE DEPOSITION SERVICES, LLC---INV #125649EPA, DTD 09/11/03 TRANSCRIPTS OF RHONDA McKOSH, MICHAEL McKOSH & MICHAEL CICCARONE TAKEN ON 08/18/03 | 1,020.20 | |
|---|---|---|---|
| 09/11/03 | ESQUIRE DEPOSITION SERVICES---INV #125659 DTD 09/11/03 TRANSCRIPT | 1,020.20 | |
| 09/19/03 | ZANARAS REPORTING---INV #7277, DTD 09/19/03 TRANSCRIPT OF BENJAMIN J. MARCHESE, JR TAKEN ON 09/16/03 | 1,496.65 | |
| 11/04/03 | ZANARAS COURT REPORTING---INV #7624, DTD 11/04/03 TRANSCRIPT OF BENJAMIN J. MARCHESE, III/MONTGOMERY COUNTY PRISON TAKEN ON 10/17/03 | 426.14 | |
| 05/05/04 | GAIL DRUMMOND---INV #3301-001, DTD 05/05/04 TRANSCRIPT OF 05/03/04 HEARING BEFORE JUDGE SHAPIRO (AKN--CK #45719) | 440.00 | |
| | | | $4,403.19 |

Dockets

| 07/09/03 | PACER SERVICE CENTER---INV #04/01-06/30/03, DTD 07/09/03 DOCKET RESEARCH IN PENNSYLVANIA EASTERN BANKRUPTCY COURT BY RJH ON 06/12/03 | 0.49 |
|---|---|---|
| 10/08/03 | PACER SERVICE CENTER---INV #07/01-09/30/03, DTD 10/08/03 DOCKET RESEARCH - UNITED STATES COURT OF APPEALS, FIFTH CIRCUIT BY TTM ON 09/22/03 | 0.07 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Dockets

| | | |
|---|---|---|
| 10/08/03 | PACER SERVICE CENTER---INV #07/01-09/30/03, DTD 10/08/03 DOCKET RESEARCH - LOUISIANA EASTERN DISTRICT COURT  BY TTM ON 09/22/03 | 1.47 |
| 10/08/03 | PACER SERVICE CENTER---INV #07/01-09/30/03, DTD 10/08/03 DOCKET RESEARCH - ILLINOIS NORTHERN DISTRICT COURT  BY TTM ON 09/19/03 | 4.69 |
| 10/08/03 | PACER SERVICE CENTER---INV #07/01-09/30/03, DTD 10/08/03 DOCKET RESEARCH - PENNSYLVANIA EASTERN DISTRICT COURT BY TTM ON 09/15/03 | 0.28 |
| 10/08/03 | PACER SERVICE CENTER---INV #07/01-09/30/03, DTD 10/08/03 DOCKET RESEARCH - PENNSYLVANIA EASTERN DISTRICT COURT BY TTM ON 07/10/03 | 1.82 |
| 10/08/03 | PACER SERVICE CENTER---INV #07/01-09/30/03, DTD 10/08/03 DOCKET RESEARCH - PENNSYLVANIA EASTERN BANKRUPTCY COURT  BY TTM ON 07/14/03 | 0.14 |
| 10/08/03 | PACER SERVICE CENTER---INV #07/01-09/30/03, DTD 10/08/03 DOCKET RESEARCH - PENNSYLVANIA EASTERN DISTRICT COURT BY TTM ON 09/17/03 | 0.56 |
| 01/12/04 | PACER SERVICE CENTER---INV #10/01-12/31/03, DTD 01/12/04 DOCKET RESEARCH BY TTM 10/07/03 | 0.35 |
| 04/07/04 | PACER SERVICE CENTER (BB/HA/SC)---INV #01/01-03/31/04, DTD 04/07/04 DOCKET RESEARCH RE: PENNSYLVANIA EASTERN DISTRICT COURT BY TTM ON 03/12/04 | 4.62 |
| 04/07/04 | PACER SERVICE CENTER (BB/HA/SC)---INV #01/01-03/31/04, DTD 04/07/04 DOCKET RESEARCH RE: PENNSYLVANIA EASTERN DISTRICT COURT BY TTM ON 02/27/04 | 1.89 |
| 04/07/04 | PACER SERVICE CENTER (BB/HA/SC)---INV #01/01-03/31/04, DTD 04/07/04 DOCKET RESEARCH RE: DISTRICT OF COLUMBIA DISTRICT COURT BY TTM ON 02/09/04 | 2.10 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Dockets

| | | |
|---|---|---|
| 04/07/04 | PACER SERVICE CENTER (BB/HA/SC)---INV #01/01-03/31/04, DTD 04/07/04 DOCKET RESEARCH RE: PENNSYLVANIA EASTERN DISTRICT COURT BY TTM ON 03/09-03/10/04 | 3.15 |
| 04/07/04 | PACER SERVICE CENTER (BB/HA/SC)---INV #01/01-03/31/04, DTD 04/07/04 DOCKET RESEARCH RE: COLORADO DISTRICT COURT BY TTM ON 02/09/04 | 2.31 |
| 04/07/04 | PACER SERVICE CENTER (BB/HA/SC)---INV #01/01-03/31/04, DTD 04/07/04 DOCKET RESEARCH RE: PENNSYLVANIA EASTERN DISTRICT COURT BY TTM ON 03/18/04 | 0.63 |
| 04/07/04 | PACER SERVICE CENTER (BB/HA/SC)---INV #01/01-03/31/04, DTD 04/07/04 DOCKET RESEARCH RE: CALIFORNIA NORTHERN DISTRICT COURT BY TTM ON 02/09/04 | 4.20 |
| 04/07/04 | PACER SERVICE CENTER (BB/HA/SC)---INV #01/01-03/31/04, DTD 04/07/04 DOCKET RESEARCH RE: PENNSYLVANIA EASTERN DISTRICT COURT BY TTM ON 03/15/04 | 3.36 |
| 04/07/04 | PACER SERVICE CENTER (BB/HA/SC)---INV #01/01-03/31/04, DTD 04/07/04 DOCKET RESEARCH RE: UNITED STATES COURT OF APPEALS, THIRD CIRCUIT BY TTM ON 03/15 & 03/17/04 | 0.14 |
| 07/09/04 | PACER SERVICE CENTER---INV#04/01-06/30/04 DTD 07/09/04 DOCKET RETRIEVAL FROM PENNSYLVANIA EASTERN DISTRICT COURT BY TTM ON 04/08/04 | 0.70 |

$32.97

Miscellaneous

| | | |
|---|---|---|
| 11/26/03 | JFL---INV #3301-001, DTD 11/26/03 SAFETY DEPOSIT BOX FOR CLASS NOTICES | 46.00 |

Michael Ciccarone

Re: Marchese/Class Action

**Reimbursement for out of pocket expenses**

January 1, 2003 through July 31, 2004

Miscellaneous

| | | |
|---|---|---|
| 01/11/04 | THE MERCURY---INV #200522, DTD 01/11/04 PUBLICATION OF CLASS ACTION NOTICE | 1,675.26 |
| 01/14/04 | THE TIMES HERALD PUBLISHING CO., INC.---INV #AD #630750, DTD 01/14/04 FEE FOR PUBLICATION OF CLASS ACTION NOTICE | 1,667.22 |
| 06/29/04 | POSTMASTER---INV #3301-001, DTD 06/29/04 FEE FOR RENTAL OF P. O. BOX NO 53407  -  CLASS ACTION | 45.00 |

$3,433.48

Total Reimbursement for out of pocket expenses     $64,550.31

Amounts outstanding over 30 days are subject to 1 1/4% interest per month