**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MICHAEL M. CICCARONE,** : | |
| **RHONDA MEKOSH** : | |
| **and MICHAEL MEKOSH** : | |
| **Plaintiffs** : | **C.A. No.  03-1660** |
| **v.** : | |
| : | |
| : | |
| **B.J. MARCHESE, INC.,** : | |
| **BENJAMIN MARCHESE, JR. and** : | |
| **BENJAMIN MARCHESE, III** : | |
| **Defendants** : | |

**O R D E R**

**AND NOW,** this ____ day of February 2006, upon consideration of the Class Plaintiffs'

Petition for the Release of the Final Attorneys Fees in Escrow and, in accordance with this Court's

December 22, 2004 Judgment;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Class Plaintiffs'

Petition is **GRANTED** and the seventy-five thousand dollars ($75,000) with accrued interest

presently held in escrow by Class Plaintiffs' Counsel, Elliott Greenleaf & Siedzikowski, P.C.

("EG&S"), is hereby released to EG&S to be paid in full and complete satisfaction of legal services

to the Group C Class Members in accordance with the Court's December 22, 2004 Judgment Order.

_____
**Norma L. Shapiro, S.J.**
**United States District Court**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL M. CICCARONE,** | : | |
| **RHONDA MEKOSH** | : | |
| **and MICHAEL MEKOSH** | : | |
| **Plaintiffs** | : | **C.A. No.  03-1660** |
| **v.** | : | |
| | : | |
| | : | |
| **B.J. MARCHESE, INC.,** | : | |
| **BENJAMIN MARCHESE, JR. and** | : | |
| **BENJAMIN MARCHESE, III** | : | |
| **Defendants** | : | |

**CLASS PLAINTIFFS' PETITION FOR THE RELEASE OF FINAL**
**ATTORNEYS FEES IN ESCROW FOLLOWING REPRESENTATION OF**
**GROUP C CLASS MEMBERS IN ACCORDANCE WITH THIS**
**COURT'S DECEMBER 22, 2004 JUDGMENT**

Class Counsel, pursuant to this Court's December 22, 2004 Judgment awarding attorneys' fees and costs, have now completed their extensive efforts to transfer titles to automobiles which were traded in to the Defendant B. J. Marchese, Inc. car dealership without the pre-existing liens on these vehicles being released.  Accordingly,  Plaintiffs' Class Counsel at Elliott Greenleaf & Siedzikowski, P.C. ("EG&S") respectfully petition this Court for the release of the final $75,000, plus accrued interest of $2,396.57 as of January 31, 2006 to satisfy the over $120,000 in fees and costs incurred in this aspect of the representation:

1.     Class Plaintiffs' June 14, 2004 Plan Of Allocation proposed to distribute $75,000 of the allocation fund for counsel fees for the prosecution and defense of claims relating to obtaining clear vehicular title for Group C class members, who had unpaid loan obligation(s) for vehicles after title was given to Defendants under an agreement that the loan obligation(s) would be paid.  Group C Class members were either:  (1)  those consumers who traded-in vehicles to the Defendants, and for which the Defendants allegedly did not satisfy the vehicle lien(s); or (2)

those customers who purchased a traded-in vehicle without clear title from the Defendants.  *See* Exhibit "A"  hereto, Affidavit of Todd N. Barnes, Esq.

2.      On January 21, 2005, this Court entered the Order Approving Class Plaintiffs' Final Plan of Distribution of Settlement Funds.

3.      The January 21, 2005 Order required Class Counsel "to hold $75,000 of the settlement funds in an interest bearing escrow to satisfy reasonable attorneys' fees and costs in the state court vehicular title actions.  Class Counsel shall not distribute any portion of this $75,000 until court approval of a subsequent fee petition."

4.      In accordance with the Court's approval of the Settlement and the Court's December 22, 2004 Judgment and Order, Class Counsel has held seventy-five thousand dollars ($75,000) of the Class Settlement funds in an interest bearing escrow account to satisfy attorneys' fees and costs incurred in this aspect of the representation of Group  C of the Class.

5.      In its December 14, 2004 Order, and December 22, 2004 Order, the Court approved the work authorized to transfer these titles subject to this Petition detailing the work product provided by Counsel.

5.      Class Counsel provided this Court with a Status Report on July 21, 2005 which updated the Court of these efforts at that point.  These efforts have been principally undertaken by Todd N. Barnes, Esquire of EG&S.

6.      After substantial effort and incurring fees and costs well in excess of the seventy-five thousand dollars ($75,000) presently held in escrow, the work on behalf of the Group C Class Members has been completed.  *See* Exhibit "A" hereto, Affidavit of Todd N. Barnes, Esq.

7.      EG&S provided these services at discounted rates, mindful of the limited resources available in the allocation fund after payment of the maximum amount to each Group

B and C Class member for their damages.[1]  *See* Exhibit "B" hereto, Affidavit of Mark A. Kearney, Esq.

8.      Mr. Kearney's normal and approved hourly rate for this matter is $405.00, while the hourly rate charged for these services on the firm time records attached hereto as Exhibit "C" is $320.00 in 2004 and $340.00 in 2005.  *See* Exhibit "B" hereto.

9.      Mr. Barnes' normal and approved hourly rate for this matter is $170.00, while the hourly rate charged for these services on the firm time records attached hereto as Exhibit "C" is $130.00 in 2004; $140.00 in 2005; and, $155.00 in 2006.  *See* Exhibit "B" hereto.

10.     Ms. Timlin's normal and approved hourly rate for this matter is $145.00, while the hourly rate charged for these services on the firm time records attached hereto as Exhibit "C" is $125.00 in 2004 and $135.00 in 2005.  *See* Exhibit "B" hereto.

11.     As detailed in Attorney Barnes' Affidavit attached hereto at Exhibit "A," and EG&S time records attached hereto as Exhibit "C", the work necessary to transfer titles was unduly complicated by unforeseen delays in the Pennsylvania Department of Motor Vehicles and complications created by Class Members who had relocated or otherwise abandoned the vehicles that they obtained without title.

12.     As shown in Exhibits "C" and "D" hereto, EG&S incurred over $120,000 in fees

---

[1] To date, all Class Members, with the exception of five (5), have received their allocated damages under the settlement and the Court's Orders. Class Counsel EG&S continues to hold $21,250.58 in a separate interest bearing escrow account for these five (5) class members who have not been located after several repeated efforts, including: several certified mail letters; personal visits to their last known addresses; computer searches for their locations; Freedom of Information Act requests to the Postmasters seeking forwarding and last known addresses; telephone calls; and, inquiries through the Montgomery County District Attorneys' Office and Detectives who interviewed these Class Members during their investigation of defendants. EG&S will continue to pursue these Class Members and, if not successful in distributing these funds within the next year, will return to the Court to address the appropriate distribution of this final $21,250.58 held in escrow in the event that these class members cannot be located.  EG&S has not, and will not, seek compensation for these services relating to missing class members.

and $4,330 in costs, at  discounted hourly rates in providing these legal services to Group C class members.

13.     As sworn herein, all the work necessary to transfer these titles for all Class Members who sought or agreed to accept such assistance, after repeated efforts, have been completed.  Further, the funds remain in escrow in a separate Elliott Greenleaf & Siedzikowski, P.C. escrow account with interest of $2,396.57 as of January 31, 2006, and are ready for release.

**WHEREFORE**, for all the foregoing reasons, and for reasons more fully detailed in the attached Affidavits and time and cost records detailing Class Counsel's legal services and costs, Class Plaintiffs' Counsel respectfully request the release of the final $75,000 in escrow funds plus accrued interest to Elliott, Greenleaf & Siedzikowski, P.C., in full and complete satisfaction of the legal services provided to the Group C Class.

Respectfully submitted,

OF COUNSEL:
ELLIOTT  GREENLEAF
  & SIEDZIKOWSKI, P.C.

/s/ Mark A. Kearney
TIMOTHY T. MYERS
MARK A. KEARNEY
TODD N. BARNES
Union Meeting Corporate Center V
925 Harvest Drive, Suite 300
Blue Bell, PA   19422
(215) 977-1000

/s/ Cary L. Flitter
LUNDY, FLITTER, BELDECOS &     CARY L. FLITTER
  BERGER, P.C.                 450 North Narberth Ave.
                               Narberth, PA   19072-1898
                               (610) 822-0782

Date: February 8, 2006          Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I, Mark A. Kearney, Esquire, hereby certify that I electronically filed the foregoing with the Clerk of Court, and served a true and correct copy of the foregoing via first class mail upon the following counsel:

Joseph J. Van Horn, Jr., Esquire
Holly McReynolds, Esquire
Bodell, Bove, Grace & Van Horn, P.C.
One Penn Square West, 6th Fl.
30 S. 15th Street
Philadelphia, PA   19102

John W. Ashley, Esquire
Fonzone and Ashley
33 South Seventh Street
P.O. Box 4180
Allentown, PA   18105-4180

DATED:  February 8, 2006                         /s/ Mark A. Kearney
                                                 MARK A. KEARNEY

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL M. CICCARONE, <br> RHONDA MEKOSH <br> and MICHAEL MEKOSH <br>                   Plaintiffs <br>     v. <br><br><br> B.J. MARCHESE, INC., <br> BENJAMIN MARCHESE, JR. and <br> BENJAMIN MARCHESE, III <br>                   Defendants | : <br> : <br> : <br> :     C.A. No.  03-1660 <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

**AFFIDAVIT OF CLASS PLAINTIFFS' COUNSEL  REGARDING**
**EQUITABLE RELIEF FOR GROUP C CLASS MEMBERS**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : |
| | :     ss |
| COUNTY OF MONTGOMERY | : |

      I, Todd N. Barnes, Esquire, hereby affirm, depose and state as follows:

      1.     I am an associate with Elliott Greenleaf & Siedzikowski, which is co-counsel for the Class Plaintiffs, along with Cary L. Flitter of Lundy Flitter Beldecos & Berger.  We represent over 3700 Class Members, including the  members of Group C of the Class (as defined in this Court's October 9, 2003 Class Certification Order) who traded in vehicles without the Defendants effectuating transfer of record title, and/or who were *bona fide* purchasers of the traded-in vehicles who did not receive clear title to their vehicles.  This Affidavit addresses the completed efforts to clear the title records of members of Group C who traded in vehicles, as well as the completed efforts to transfer record title to the *bona fide* purchasers.  We have thus completed all requisite services in obtaining the equitable relief to which the Class Plaintiffs were entitled.

## A.    BACKGROUND

2.     In the July 26, 2004, Class Notice and Plan of Allocation, the Class was advised, *inter alia*, that Group C Members would receive equitable relief through efforts to correct consumer reports, and petitions filed on their behalf in state court to transfer title of traded in vehicles to the bona fide purchasers thereof.  The Class was specifically advised that, inter alia, $75,000 of the $2.45 Million in monetary relief was being allocated to pay legal fees and costs arising from the necessary petitions to transfer title to the bona fide purchasers of the trade-in vehicles.

3.     Following the Court's July 16, 2004, preliminary approval of the settlement, this law firm began to: (1) file petitions in state court to transfer title of the trade-in vehicles to *bona fide* purchasers for value; and, (2) negotiate and resolve claims by lien holders on traded-in automobiles because the Defendant car dealership did not pay off the pre-existing liens.

4.     After obtaining the respective verifications of multiple Class Members, we filed and pursued several petitions in state court.  In many cases, the lien holders initially objected to the transfer of title to the *bona fide* purchaser without payment in full on their lien.

5.     Accordingly, simultaneous with our filing of petitions in state court, our law firm, began negotiations with each lien holder in an effort to obtain a lien release in exchange for a compromise payment. In some cases, these lenders had valid liens

against the vehicles and were pursuing the innocent Class Members in litigations throughout the Commonwealth of Pennsylvania.

6. As a result of these substantial efforts, we provided the required equitable relief, and were able to compromise each claim made by a lender to fifty percent (50%) of its payoff number as of May 2004, as more fully described in the Court's January 20, 2005, Order Approving Class Plaintiffs' Final Plan of Distribution of Settlement Funds.

7. After paying off the pre-existing liens, where appropriate, we made substantial efforts to clear title for, and to effectuate the transfer of record titles to, all class members who responded to correspondence offering assistance in these matters.

## B. EFFORTS ON BEHALF OF GROUP C MEMBERS WHO TRADED-IN CARS

8. While we paid-off liens for fifty-two (52) Group C members who traded in cars ("Group C traders") pertaining to a total of fifty-five (55) vehicles[1], thirty-six (36) of those vehicles <u>did not have</u> title issues.

9. With respect to the remaining nineteen (19) vehicles (for which there are fourteen (14) Group C traders), the title issues are now resolved as to sixteen (16) vehicles, as we submitted title clearing letters to Pennsylvania's Bureau of Motor Vehicles pertaining to eight (8) of the nineteen (19), five (5) of the remaining eleven (11) have been resolved by petition to the Court of Common Pleas of the Commonwealth of Pennsylvania in Montgomery County, and of the remaining six (6), three (3) were resolved by the class members.

10. The remaining three (3) Group C traders with apparent title issues were generally unresponsive to correspondence offering such title clearing services.

---

[1] Two (2) liens were paid-off on behalf of Laura Barron, and three (3) on behalf of Colleen Whitehawk. Each has a title issue with respect to only one (1) vehicle.

C.    **EFFORTS ON BEHALF OF PERSONS WHO PURCHASED CARS**

11.    In addition to the fourteen (14) Group C traders with title issues, we pursued certificates of title for <u>sixteen (16) individuals</u> who purchased cars with pre-existing liens during the Class Period ("Group C purchasers") through petitions filed in the Court of Common Pleas in Montgomery County.  This group includes two (2) of the aforementioned fourteen (14) Group C traders and fourteen (14) others.

12.    Moreover, of the fourteen (14) Group C *traders* for whom we pursued clearance of record title, five (5) of these individuals were named petitioners for whom we were able to have title records cleared by virtue of transfer to the Group C purchasers who were named as joint petitioners[2] on their respective petitions.[3]

D.    **SUMMARY OF TITLE EFFORTS**

13.    In toto, we provided title related services to twenty-eight (28) Class members who purchased or traded-in vehicles without record title transfer due to the misconduct of the Defendants.

14.    The final status of our title related efforts for each of the above referenced twenty-eight (28) class members is detailed below.

---

[2] Also named as joint petitioners are previous owners Joyce Moyer and Christine Stephen on one petition, and Michael Beaver on another.  Each is on record as owner of a vehicle purchased from Marchese Autoworld without title transfer during the class period.

[3] With respect to the remaining nine (9) traders, we are not aware of any purchasers, and were, therefore, unable to *transfer* record title as there were no known transferees.  Pursuant to direction from Pennsylvania's Bureau of Motor Vehicles, however, clearance of title was (or is being) obtained via separate letters to the Bureau as noted above.  The Bureau has assured us that these letters will remain on file such that anyone performing a title search regarding the vehicles referenced therein will be notified accordingly.

| **Name** | **Status as of 1/04/05** |
|---|---|
| 1.  Bailey, William (Trader) | Done - Title cleared via letter. |
| 2.  Barron, Laura (Trader) | Non-responsive to correspondence dated 7/13/05 and 10/26/05. |
| 3.  Buckwalter, Viktoria (Purchaser) | Done - Certificate of Title issued in class member's name. |
| 4.  Campbell, Susan (Purchaser) | Done - Certificate of Title issued in class member's name. |
| 5.  Clark, Darrin (Purchaser) | Done  - Certificate of Title issued in class member's name. |
| 6.  Conyer, Joan (Purchaser) | Done - Certificate of Title issued in class member's name. |
| 7.  Crognale, James (Purchaser) | Unable to satisfy lien. |
| 8.  Davenport, Carolyn (Trader) | Done - Title cleared via letter. |
| 9.  Fazio, Sr., Francis (Trader) | Done - Title cleared via letter. |
| 10. Giambrone, Loretta (Purchaser) | Done - Certificate of Title issued in class member's name. |
| 11. Godri, Joseph (Trader) | Done - Title cleared via letter. |
| 12. Johnson, Patricia (Purchaser) | Done - Certificate of Title issued in class member's name. |
| 13. Killian, Richard (Purchaser) | Done - Certificate of Title issued in class member's name. |
| 14. Klick, Scott (Trader) | Done - Certificate of Title issued in Campbell's name. |

| | |
|---|---|
| 15. Koerbel, Richard (Purchaser) | Done - Certificate of Title issued in Koerbel's name. |
| 16. Korkie, James (Purchaser) | Done - Certificate of Title issued in class member's name. |
| 17. LaBombard, Jeffrey (Purchaser) | Non-responsive to correspondence of 1/12/05, after class member's oral indication that vehicle would be traded. |
| 18. McDaniel, Allen & Kelly (Traders) | Done - Title cleared via letter. |
| 19. Mekosh, Michael & Rhonda (Purchasers) | Done - Certificate of Title issued in class member's name. |
| 20.  Mitchell (Nardi), Lauren (Trader) | Done - Certificate of Title issued in class member's name. |
| 21. Mowrey, D. Jay (Purchaser) | Done - Certificate of Title issued in class member's name. |
| 22. Reed, Ashley (Purchaser) | Done - Certificate of Title issued in class member's name. |
| 23. Snyder, Linda (Trader & Purchaser) | Done - Title cleared via letter regarding vehicle traded.<br><br>Done - Certificate of Title issued in class member's name. |
| 24. Springman, James (Trader & Purchaser) | Done - Title cleared via letter regarding vehicle traded.<br><br>Done - Certificate of Title issued in class member's name. |
| 25. Tammaro, Vanessa (Trader) | Done - Title cleared via letter. |
| 26. Turner, Lawrence (Trader) | Done - Certificate of Title issued in class member's name. |
| 27. Ullman, Mary Ann (Trader) | Done - Certificate of Title issued in Korkie's name. |

| 28. Whitehawk, Colleen (Trader) | Done - Certificate of Title issued in Koerbel's name. |
|---|---|

15.    Having successfully obtained all appropriate title modifications, Class counsel submits this affidavit as a final report in support of the Fee Petition for the release of the $75,000 held in escrow.

Dated:  February 7, 2006

_____
TODD N. BARNES

Sworn to and subscribed before me
this ____ day of February 2006

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
LISA A. BURNS  Notary Public
Whitpain Twp  Montgomery County
My Commission Expires April 5, 2008

EXHIBIT B

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL M. CICCARONE,** | : | |
| **RHONDA MEKOSH** | : | |
| **and MICHAEL MEKOSH** | : | |
| **Plaintiffs** | : | **C.A. No.  03-1660** |
| **v.** | : | |
| | : | |
| | : | |
| **B.J. MARCHESE, INC.,** | : | |
| **BENJAMIN MARCHESE, JR. and** | : | |
| **BENJAMIN MARCHESE, III** | : | |
| **Defendants** | : | |

## <u>AFFIDAVIT OF MARK A. KEARNEY, ESQUIRE</u>

| | | |
|---|---|---|
| **COMMONWEALTH OF PENNSYLVANIA** | : | |
| | : | **ss** |
| **COUNTY OF MONTGOMERY** | : | |

I, Mark A. Kearney, Esquire, hereby swear, depose and state as follows:

1.      I am a shareholder in the law firm of Elliott Greenleaf & Siedzikowski, P.C. ("EG&S"), the Court appointed co-lead counsel for the Plaintiffs and Class Members in this identify theft and credit defamation action.

2.      This sworn statement is made in support of the Petition for the Release of the Final Escrow Funds, after completion of Class Counsel's representation of Group C Members of the Class.

3.      I make this Affidavit upon personal knowledge, as I co-managed this Class Action litigation since its inception to the present and am familiar with the work performed by the persons who provided services for the Group C Class Members.

4.      All time expended or referred to is accurate and consistent with the efforts exerted.   All of the work performed by Class Counsel was reasonable and

necessary on behalf of the Group C persons to accurately prosecute and recover the titles for Group C Class Members.

5.     I incorporate my detailed Affidavit dated August 16, 2004 attached to the Joint Petition of Plaintiff's Counsel for the Award of Attorneys Fees and Reimbursement of Costs, as approved by this Court in December 2004.

6.     In addition, I incorporate the attached Affidavit of Todd N. Barnes of this law firm, describing the services provided by him, as he was the principal counsel in all matters relating to the representation of the Group C Class Members in this phase of the litigation.

7.     As detailed in the Invoice attached hereto as Exhibit "C" and contemporaneously prepared from daily time sheets,  from May 20, 2004 through January 4, 2006, this law firm expended 831.80 hours in the representation of the Group C Class Members, relating solely to the recovery and transfer of title(s) to vehicles. EG&S has never sought reimbursement for these efforts previously. As shown on Exhibit "C", EG&S did not charge for many of the services provided, which supplemented the efforts of Attorney Barnes, paralegal Sherri Timlin and me.  EG&S also discounted its approved and normal hourly rates for this aspect of representation as follows:

| Attorney | Normal Approved Rate | Discounted Rate |
| --- | --- | --- |
| Mark A. Kearney | $450.00 | $320.00 (2004)<br>$340.00 (2005) |
| Todd N. Barnes | $170.00 | $130.00 (2004)<br>$140.00 (2005)<br>$155.00 (2006) |

| Paralegal | | |
|---|---|---|
| Sherri E. Timlin | $145.00 | $125.00 (2004)<br>$135.00 (2005) |

8.      As detailed in Exhibit "C," the total loadstar for Elliott Greenleaf & Siedzikowski based upon its discounted hourly rates for the services of Attorney Barnes, paralegal Timlin and me is $120,049.50. The hours worked by the responsible attorneys and paralegal are as follows:

| ATTORNEY | HOURS AND RATE |
|---|---|
| Mark A. Kearney | 40 hours at $320 per/hr. (2004) = $12,800.00<br>12.5 hours at $340 per/hr. (2005) = $4,250.00 |
| Todd N. Barnes | 282 hours at $130 per/hr. (2004) =$36,660.00<br>260.60 hours at $140 per/hr. (2005) = $36,484.00<br>1.70 hours at $155 per/hr. (2006) = $263.50 |
| **PARALEGAL** | |
| Sherri E. Timlin | 175.50 hours at $125 per/hr. (2004)  = $21,937.50<br>2.8   hours at $125 per/hr. (2004)  = No Charge<br>56.70 hours at $135 per/hr. (2005)  = $7,654.50 |
| **Total** | 831.80 hours                 = $120,049.50 |

9.      The chart above provides the names of attorneys and other individuals, the hourly billing rates applicable and the hours expended.  The chart was compiled from contemporaneously maintained, daily time records, as recorded on computerized bookkeeping records regularly prepared and maintained by Petitioners.  The invoice, attached hereto as Exhibit "C", details each time entry, and the hourly charge provided at a discount.

10.      At all times, the roles of each member of the Plaintiffs' counsel's team were clearly defined and are detailed in the invoices provided to the Court:

a.      Mark A. Kearney, a shareholder, was principally responsible for: the supervision of all efforts necessary to correct and transfer titles, as principally performed by Todd N. Barnes, Esquire; numerous discussions and meetings with Group C Class Members concerning issues relative to the transfer of their titles;  discussions with counsel for B. J. Marchese, Inc. relating to its willingness to sign titles to the extent that they had such paperwork available to them; and, negotiations with one Lender, Sovereign Bank, concerning the release of the lien on two (2) automobiles that had been traded in with Sovereign Bank liens.  My discounted hourly rate for this aspect of the case in 2004 was $320 and in 2005 was $340 per hour.

b.      Todd N. Barnes, an associate, was principally responsible for all aspects of the representation of the Group C Class Members through Petitions filed in the Court of Common Pleas in Montgomery, Berks and Philadelphia Counties to transfer title, and to negotiate the transfer of those titles through the Department of Motor Vehicles, lenders, and with each affected Class Member.  Mr. Barnes had extensive appearances before the Courts of Common Pleas in obtaining orders for transferring titles and obtaining directions from the Department of Motor Vehicles concerning the ability to correctly transfer title, processes involving state inspections of automobiles, odometer confirmations and discussions with many garage repairmen to identify correct vehicle identification numbers for each automobile.  Mr. Barnes' discounted hourly rate for matters of this nature was $130 per hour in 2004, $140 per hour in 2005 and $155 per hour in 2006.

c.      Paralegal Sherri E. Timlin in 2004 and part of 2005 was principally responsible for the management and completion of the paperwork with the Department

of Motor Vehicles and in communications with each of the Class Members to arrange for the transfer of their vehicles in an expedited pace. Ms. Timlin was responsible for persons who traded in a car or purchased a car without clean title, including identification and verification of liens to transfer title. Paralegal Timlin's discounted hourly rate for these matters in 2004 was $125 per hour and in 2005 was $135 per hour.

11.    I attach the Petitioner's Invoice at Exhibit "D" for all costs incurred in this phase of the litigation, which have been prepared from primary documents, expense vouchers, receipts, checks and contemporaneous recorded computer information.

12.    As shown on the attached invoice at Exhibit "D", Elliott Greenleaf & Siedzikowski, P.C. expended $4,331.83 in costs in this phase of the litigation. This Court's December 22, 2004 Order approved these <u>categories</u> of expenses in accordance with Class Counsel's earlier representation of the entire class.

| | |
|---|---|
| Long Distance Telephone | $17.77 |
| Messenger | $645.00 |
| Outside Services for Title Verification | $364.50 |
| Filing Fees in Harrisburg and Court of Common Pleas | $3,066.00 |
| Computerized Legal Research | $178.48 |
| Copying Service (Outside) | $18.00 |
| Express Mail | $22.95 |
| Parking | $15.00 |
| Dockets | $4.13 |
| **Total** | $4,331.83 |

13.     As shown above, and in the attached itemized expenses, Plaintiffs' counsels' fees at their discounted hourly rates and costs exceed $124,000. As of December 31, 2006, these funds have received interest of $2,396.57.   In accordance with this Court's Approval of the Settlement, Plaintiffs' counsel accepts $75,000 plus interest as full and complete satisfaction of any claims for reimbursement in excess of $75,000.

14.     Class Counsel, Elliott Greenleaf & Siedzikowski, P.C., in accordance with this Court's December 22, 2004 Judgment, continues to hold the $75,000 in escrow in a separate escrow account maintained at Sovereign Bank.  These funds, along with the interest, are presently available for disbursement to reimburse and in payment for the attorneys' fees and costs incurred by Elliott Greenleaf & Siedzikowski, P.C.'s representation of the Class Members concerning the transfer of titles.

15.     Class Plaintiffs have not sought reimbursement for these fees or costs at any point earlier in this case.

I declare under the penalty of perjury that the foregoing is true and correct.

_____
MARK A. KEARNEY

Dated:  February 8, 2006

Sworn to and subscribed before me
this _____ day of February 2006

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
LISA A. BURNS  Notary Public
Whitpain Twp  Montgomery County
My Commission Expires April 5, 2008

6